**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                      :  Chapter 11
                             :

NORTH STAR HEALTH ALLIANCE, INC., *et al*,[1]  :  Case No. 26-60099
                             :  Main Case
                Debtors.   :  Jointly Administered
                             :  Case No. 26-30788
                             :  Case No. 26-30799
                             :  Case No. 26-60100
------------------------------------------------------------------x

### APPLICATION FOR ORDER APPOINTING VERRILL DANA LLP
### AS DEBTORS' SPECIAL CONFLICTS COUNSEL

North Star Health Alliance, Inc. ("North Star"), Carthage Area Hospital, Inc. ("Carthage"),

Claxton-Hepburn Medical Center, Inc. ("Claxton"), and Meadowbrook Terrace, Inc.

("Meadowbrook"), the above-captioned debtors and debtors-in-possession (collectively, the

"Debtors"), hereby submit this application ("Application") and respectfully submit to the Court as

follows:

1.      The Debtors submit this Application seeking entry of an Order from the Court,

substantially in the form of the proposed Order attached as Exhibit A, authorizing the Debtors to

retain the firm of Verrill Dana LLP ("Verrill Dana") pursuant to 11 U.S.C § 327(e) and Rule 2014-

1 of the Local Bankruptcy Rules for the Northern District of New York ("Local Rules"), to act as

the Debtors' special conflicts counsel in these chapter 11 cases.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).

## JURISDICTION

2.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      The bases for the relief requested herein are Section 327(e) of the Bankruptcy Code and Rule 2014-1 of the Local Rules.

## BACKGROUND

### A.      The Chapter 11 Cases

4.      On February 10, 2026 (the "Petition Date"), the Debtors commenced these chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are continuing in possession of their properties and are operating and managing their businesses, as debtors-in-possession, pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5.      No request for the appointment of a trustee, examiner or patient care ombudsman has been made in these Chapter 11 Cases and no statutory committees have been appointed or designated.

### B.      The Debtors' Corporate Structure and Operations

6.      North Star Health Alliance, Inc. was established in September 1993 and incorporated in the State of New York as a not-for-profit corporation.  North Star is the umbrella organization within which Carthage, Claxton, Meadowbrook and related affiliates coordinate governance, strategy, and shared services under what is referred to as the Transformation Plan.[2]

---

[2] Beginning in or about August 2022, North Star pursued a complex transition (the "Transformation Plan") designed to preserve access to acute care and behavioral health services in the North Country while addressing Claxton's unsustainable legacy cost and reimbursement structure as a Sole Community Hospital. The Transformation Plan involved coordinated planning among North Star member organizations, engagement with the New York State

2

Docusign Envelope ID: 23760B2C-F58C-45DA-BAC8-E21A7ED8E6C4

North Star is a passive parent entity that does not itself exercise financial control over each member organization; rather, it serves as a platform for alignment and operational integration, including shared leadership and centralized administrative functions (*e.g.,* finance, human resources, information technology, compliance, revenue cycle coordination, and cash planning) that are critical to sustaining rural healthcare delivery across multiple campuses. The North Star system as a whole employs approximately 1,600 employees.

7.    Carthage was established in November 1921 and incorporated in the state of New York as a not-for-profit corporation.  Carthage operates a 25-bed Critical Access Hospital in Carthage, New York, serving a large, rural tri-county area. Carthage holds a New York State Department of Health operating certificate (No. 2238700C; Facility ID/PFI 379) for primary care hospital-critical access hospital services located at 1001 West Street, Carthage, New York 13619, and it also operates a second 25 bed acute-care campus located at 214 King Street, Suite A, Ogdensburg, New York 13669 (the "Claxton Campus") under the same operating certificate (Facility ID/PFI 15684).  The Claxton Campus is the designated "9.39" hospital for the area and is the former acute-care component of Claxton that is now operated by Carthage under a shared operating certificate as part of the Transformation Plan.  While the DOH issued the operating certificate reflecting this configuration, Centers for Medicare & Medicaid Services ("CMS") processes to recognize and operationalize the Claxton Campus as a critical access hospital (including surveys, enrollment steps, and related notifications) have involved additional steps and timing considerations.

---

Department of Health ("DOH") and the New York State Office of Mental Health ("OMH"), and stepwise regulatory actions. On October 23, 2024, DOH and OMH issued operating certificates that reorganized Claxton into two distinct hospital entities: (i) a standalone inpatient psychiatric hospital (Claxon-Hepburn Medical Center) and (ii) a separate acute-care campus operated by Carthage under a shared operating certificate (as defined below, the Claxton Campus).

8.    Claxton-Hepburn Medical Center, Inc. was established in December 1916 and incorporated in January 1917 in the state of New York as a not-for-profit corporation. Following the implementation of the Transformation Plan, Claxton now operates exclusively as a standalone Article 31 Inpatient Psychiatric Hospital licensed by the New York State Office of Mental Health under Operating Certificate No. 8231002, located at 214 King Street, Suite B, Ogdensburg, New York 13669. Claxton provides acute inpatient behavioral health services for adults (28 beds) and children/adolescents (12 beds), including the region's only acute inpatient unit dedicated to children and adolescents. Claxton also leads the Pathways to Recovery Peer Coaching program and has been planning to establish the region's first Comprehensive Psychiatric Emergency Program.

9.    Meadowbrook Terrace, Inc. was established in December 2011 and incorporated in the state of New York as a not-for-profit corporation. Meadowbrook is a 60-bed assisted living facility (58 ALP beds and 2 Adult Home) that provides assisted living services for seniors in the North Country region. Meadowbrook is a key part of the Debtors' care continuum for elderly and medically fragile patients, supporting safe discharge planning and community-based care.

10.    Through this bankruptcy proceeding, the Debtors intend to continue to fulfill their mission by operating their facilities to deliver quality health care in their communities.

**RELIEF REQUESTED**

11.    The Debtors believe Verrill Dana represents no interest adverse to the Debtors in accordance with 11 U.S.C. § 327(e). A more detailed description relating to the proposed retention of Verrill Dana is set forth in the *Declaration of Roger A. Clement, Jr., Esq., in Support of Application for Order Appointing Verrill Dana LLP as Debtors' Special Conflicts Counsel* (the "Clement Declaration") attached hereto as Exhibit B.

4

12.      Prepetition, Carthage and Claxton were among a group of hospitals that engaged Verrill Dana to represent them in connection with certain Medicare reimbursement matters. That engagement is ongoing.

13.      Verrill Dana has indicated its willingness to act on the Debtors' behalf as special conflicts counsel and to be compensated in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the applicable orders of this Court entered in these Chapter 11 Cases.

14.      The Debtors and Verrill Dana have executed an engagement letter in connection with the Chapter 11 Cases (the "Engagement Letter"). A copy of the Engagement Letter is attached hereto as Exhibit C.

15.      The Debtors desire to employ Verrill Dana to serve as special conflicts counsel in accordance with the Engagement Letter and the Order of the Court.

16.      Verrill Dana has agreed to a 10% reduction of hourly fees charged to the Debtors in these Chapter 11 Cases. The Debtors understand that they will be responsible to Verrill Dana for all disbursements incurred by Verrill Dana in representing the Debtors as their special conflicts counsel.

17.      Other than as set forth above and disclosed in the Clement Declaration submitted herewith, the Debtors believe that Verrill Dana has no connection with the Debtors, their creditors, or any other party in interest, their respective attorneys and accountants, the Office of the United States Trustee with supervision over the Northern District of New York, or any person employed in the Office of the United States Trustee for the Northern District of New York and neither holds nor represents any interest adverse to the Debtors or their estates with respect to the matters on which Verrill Dana is to be employed.

18.    During the course of representing the Debtors as their special conflicts counsel, the services of Verrill Dana may be necessary for other duties not enumerated herein and not known at this time.  In the event the services of Verrill Dana are required for unusual or extraordinary matters beyond the scope or intent of this Application, the Debtors will make an additional application for such authorization.

**WHEREFORE**, the Debtors respectfully request that this Court enter an Order permitting and authorizing the law firm of Verrill Dana LLP to act as special conflicts counsel to the Debtors herein upon qualification.

Dated:  March  4 , 2026

Signed by:
*Chester Truskowski*
11302BC2D45249B

North Star Health Alliance, Inc.
By:  Chet Truskowski, Board Chairperson

Signed by:
920D7CG4BA0844D

Carthage Area Hospital, Inc.
By: Gary Rowe

Signed by:
*Zvi Szafran*
6F300E3124B4407

Claxton-Hepburn Medical Center, Inc.
By:  Zvi Szafran

Signed by:
*Dale Klock*
C02B94CBFC01438

Meadowbrook Terrace, Inc.
By:  Dale Klock

Docusign Envelope ID: 23760B2C-EF3C-45DA-BAC8-F21A7ED6E6C4

## **Exhibit A**

## **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

In re                                              :    Chapter 11
                                                   :
NORTH STAR HEALTH ALLIANCE, INC., *et al*,[3]      :    Case No. 26-60099
                                                   :    Main Case
                         Debtors.                  :    Jointly Administered
                                                   :    Case No. 26-30788
                                                   :    Case No. 26-30799
                                                   :    Case No. 26-60100

------------------------------------------------------------------x

**ORDER APPOINTING VERRILL DANA LLP AS**
**SPECIAL CONFLICTS COUNSEL FOR DEBTORS**

Upon consideration of the application (the "Application")[4] of North Star Health Alliance,

Inc. ("North Star"), Carthage Area Hospital, Inc. ("Carthage"), Claxton-Hepburn Medical Center,

Inc. ("Claxton"), and Meadowbrook Terrace, Inc. ("Meadowbrook"), the above-captioned debtors

and debtors-in-possession (collectively, the "Debtors"), for entry of an order pursuant to 11 U.S.C.

§ 327(e) and Rule 2014-1 of the Local Rules, authorizing the appointment of Verrill Dana LLP.

("Verrill Dana") as special conflicts counsel for the Debtors in these chapter 11 cases; and upon

---

[3] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).
[4] Each capitalized term used but not otherwise defined herein shall have the meaning given to it in the Application.

the *Declaration of Roger A. Clement, Jr. in Support of the Application for an Order Appointing Verrill Dana LLP as Debtors' Special Conflicts Counsel*; and the Court finding that: (A) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334; (B) this is a core proceeding pursuant to 28 U.S.C. §157(b)(2); and (C) the relief requested in the Application is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation and cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Application is granted in its entirety.

2.      Verrill Dana LLP is hereby appointed, effective *nunc pro tunc* to the Petition Date, as special conflicts counsel for the Debtors in the Chapter 11 Cases, its compensation to be fixed and paid upon application based on contemporaneous time records and as set forth in the Application for order appointing Verrill Dana LLP as Debtors' special conflicts counsel.

3.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

### #

2

**<u>Exhibit B</u>**

**Clement Declaration**

Docusign Envelope ID: 23760B2C-E58C-45DA-BAC8-E21A7ED8E6C4

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| NORTH STAR HEALTH ALLIANCE, INC., *et al*,[5] | : | Case No. 26-60099 |
| | : | Main Case |
| Debtors. | : | Jointly Administered |
| | : | Case No. 26-30788 |
| | : | Case No. 26-30799 |
| | : | Case No. 26-60100 |

-------------------------------------------------------------------x

### DECLARATION OF ROGER A. CLEMENT, JR. IN SUPPORT
### OF APPLICATION FOR ORDER APPOINTING VERRILL DANA LLP
### AS DEBTORS' SPECIAL CONFLICTS COUNSEL

**ROGER A. CLEMENT, JR.**, being duly sworn, deposes and says:

1.      I am a partner of the law firm of Verrill Dana LLP ("Verrill Dana"), with offices at One Portland Square, 10th Floor, Portland, Maine 04101-4054.  I am admitted *pro hac vice* to practice before this Court.  Verrill Dana is a firm of approximately 180 attorneys with offices in five (5) locations in New England.

2.      I submit this Declaration in accordance with the *Application for Order Appointing Verrill Dana LLP as Debtors' Special Conflicts Counsel* (the "Application") filed by North Star Health Alliance, Inc. ("North Star"), Carthage Area Hospital, Inc. ("Carthage"), Claxton-Hepburn Medical Center, Inc. ("Claxton"), and Meadowbrook Terrace, Inc. ("Meadowbrook"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") seeking to retain Verrill Dana as their special conflicts counsel in their Chapter 11 Cases.[6]

---

[5] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).
[6] Each capitalized term used but not otherwise defined herein shall have the meaning given to it in the Application.

3.      Prepetition, Carthage and Claxton were among a group of hospitals that engaged Verrill Dana to represent them in connection with certain Medicare reimbursement matters.  That engagement is ongoing.

4.      In addition, the Debtors have retained Verrill Dana to act as their special conflicts counsel for any issues that may arise in which Debtors' proposed counsel, Barclay Damon LLP, has a conflict of interest.

5.      Because of Verrill Dana's proposed role as special conflicts counsel governed by Section 327(e), the Firm did not perform a search of the *entire* creditor list.  Before undertaking any representation of the Debtors, however, Verrill Dana will perform an appropriate conflict check and make appropriate disclosures to identify and disclose any relationships with parties adverse to the Debtors on matters we are asked to undertake.

6.      Verrill Dana has searched its computer database for any connections to parties or entities on the interested party and creditor list attached as <u>Schedule 1</u>, which consists of (a) the Debtors, (b) affiliated parties, (c) the Court and the U.S. Trustee's office for the Northern District of New York, (c) secured creditors, (d) the 20 largest creditors, and (e) utilities serving the Debtors (the "<u>Searched List</u>").  That search did not reveal any connections that were adverse to the Debtors or their estates with respect to the matters on which Verrill Dana is to be employed.  However, out of an excess of caution, Verrill Dana discloses the following relationships, none of which shall have any effect on Verrill Dana's ability to represent the Debtors in matters adverse to any of these entities.

- Prepetition, Carthage and Claxton were among a group of hospitals that engaged Verrill Dana to represent them in connection with certain Medicare reimbursement matters.  That engagement is ongoing.

- Verrill Dana has been asked to represent the Debtors in negotiating an adequate assurance of payment arrangement with National Grid under Section 366 of the

2

Bankruptcy Code. National Grid is the electricity supplier to the Debtors. Verrill Dana does not represent National Grid, but does represent an entity called "National Grid Ventures" ("NGV"), which is an affiliate of National Grid, in a non-litigation matter in Maine unrelated to the Debtors.

- Verrill Dana currently represents the following entities that are creditors of the Debtors in the approximate amounts shown: Waste Management, Inc. ($26,428), Verizon ($11,000), on matters entirely unrelated to this matter. Verizon is a major client of the Firm, accounting for approximately 1% of the Firm's revenue. The Firm formerly represented Spectrum Communications/ Charter Communications ($14,500) in matters unrelated to this case.

- NRG energy is a creditor of the Debtors (approximately $39,000) and shows up in Verrill Dana's conflict system *not* as a client, but as a "client related party" on closed matter.

- Verrill Dana formerly represented Wintergreen, Inc. ("Wintergreen") regarding the terms of its engagement as financial advisor and provision of a Chief Restructuring Agreement to the Debtors. Verrill Dana assisted Wintergreen in drafting its engagement letter, which has been approved by North Star's board, leading to Wintergreen's engagement by the Debtors. Verrill Dana's representation of Wintergreen as it relates to the Debtors has terminated. Verrill Dana continues to represent Wintergreen on matters unrelated to the Debtors. Verrill Dana would not be able to represent the Debtors on any matter adverse to Wintergreen without Wintergreen's consent, which Wintergreen would be unlikely to grant.

- The New York Department of Health ("DoH") is a creditor. Verrill Dana formerly represented a consultant to the New York Department of Health (but not the DoH itself) in a matter entirely unrelated to this matter.

7.     In addition to the foregoing, Verrill Dana has provided in the past, and may provide in the future, legal services unrelated to the Debtors' Chapter 11 Cases to certain creditors in these cases. With the exception of Verizon, none of those clients who are creditors account for more than 1% of Verrill Dana's annual revenues and Verrill Dana has not represented any of them in respect of the Debtors. Verrill Dana also notes that not all of these matters are currently active within the firm and many represent matters that have been completed and closed.

8.     Other than as disclosed herein and in the Engagement Letter, none of the persons on the Searched List is a client of Verrill Dana. The Firm, however, may have in the past, may currently represent certain creditors of the Debtors not on the Searched List with respect to matters

unrelated to the Debtors. Moreover, the Firm may in the future represent creditors, whether or not on the Searched List, in matters unrelated to the matters for which the Firm is being retained.

9.      To the best of my knowledge, other than as disclosed herein or in the Engagement Letter, Verrill Dana has no adverse connection with any of the persons on the Searched List.

10.     There has been no agreement for the sharing or division of compensation earned or to be earned in this proceeding, which is prohibited by 18 U.S.C. § 155 or 11 U.S.C. § 504.

11.     It is my understanding that Verrill Dana fees and expenses incurred in connection with its representation of the Debtors as special conflicts counsel will be paid by the Debtors, subject to Bankruptcy Court approval.

12.     The terms of Verrill Dana's retention will be governed by the terms set forth in the Application, this Declaration, the Engagement Letter, and the Order of the Court. Verrill Dana will undertake the representation of the Debtors relative to all proceedings herein based upon an hourly fee and daily and contemporaneous time records as customarily required by the Court. Verrill Dana customarily charges hourly rates ranging from $270 to $1,140 for attorneys' time and $200 to $465 for paralegals' time. The undersigned's current standard hourly rate is $760, but has been reduced to $684 for this matter reflecting a discount for the non-profit status of these Debtors.

13.     Verrill Dana has agreed to be retained under a General Retainer in the sum of $75,000, the full amount of which has been paid by the Claxton-Hepburn Medical Center Foundation.

14.     Verrill Dana shall also charge the Debtors for all disbursements incurred in representing the Debtors as special conflicts counsel as part of the Firm's standard practice, as set forth in the standard terms attached to the Engagement Letter.

15.    Verrill Dana respectfully requests that the Court enter an Order approving the retention of Verrill Dana as special conflicts counsel to the Debtors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Dated: March 3, 2026                          **VERRILL DANA LLP**

By: _____
        Roger A. Clement, Jr., Partner

## <u>Exhibit C</u>

### Engagement Letter

**Schedule 1**
**Parties in Interest List**
**North Star Health Alliance, Inc.** *et al.*

**Debtors**

Carthage Area Hospital, Inc.

North Star Health Alliance, Inc.

Claxton-Hepburn Medical Center, Inc.

Meadowbrook Terrace, Inc.

**DBAs**

Claxton-Hepburn Medical Campus

Claxton-Hepburn Health System

Claxton-Hepburn Medical Center Auxiliary

Claxton-Hepburn Medical Center

Hepburn Medical Center

Claxton-Hepburn Medical Center Foundation

North Star Pediatrics

Claxton Hepburn Convenient Care

North Country Surgical Specialists

**Affilated Parties**

Chet Truskowski

Jim Thew

Zvi Saffran

Gary Rowe

Larry Hasseler

Julie Ward

Tim Sturick

Mauree Missert

Robert Bloom of WinterGreen

Jerian O'Dell

Brandon Bowline

Rachel Zysk

Jennifer Meagher

Richard Duvall, Former CEO

Claxton-Hepburn Medical Center Foundation, Inc.

Claxton Medical, P.C.

North Country Orthopaedic Group, P.C.

North Country Orthopaedic Ambulatory Surgery Center, LLC

North Country Realty, LLC

Carthage Area Hospital Foundation, Inc.

Comprehensive Women's Health Services, PLLC

**Court and U.S. Trustee**

Hon. Wendy A. Kinsella

Kelly Griffith

Howard Poon

Rachel Sugrue

Hon. Patrick G. Radel

Brenda Robie

Paige Irvine

Colleen Johnson

William K. Harrington

Erin Champion

Neidy Fuentes

**Creditors and Interested Parties (Including Secured Creditors, 20 Largest Creditors, and Utilities)**

About Arnesha, LLC (owned by sole shareholder Sanjoy Banik, M.D.)

ADMANAGE LTD.

Alcon Vision LLC

Alliance Recruiting Resources, Inc.

Angela Gray, as Trustee of The Irrevocable Spousal Lifetime Access Trust fbo Carol L. Maginn

Anthrex

ASD Specialty Healthcare LLC

Barton Associates

Bruce L. Baird, M.D.

Canon Financial Services, Inc.

Canon Financial Services, Inc.

Casella

CCA Financial, LLC to Huntington Technology Finance

Center for Medicare & Medicaid Services

Charter Communications

CHG Medical Staffing Inc.d/b/a CompHealth Medical Staffing

CIChecked

Citizens Telecommunications Company of New York, Inc.

City Comptroller

Corporation Services Company, as Representative

CT Corporation System, as Representative

**Schedule 1**
**Parties in Interest List**
**North Star Health Alliance, Inc.** *et al.*

**Creditors and Interested Parties cont'd**

DANC (Development Authority of the North Country)

D. Peter Van Eenenaam. M.D

Direct Supply

East Westelcom

Empire Natural Gas

Energo

Evoqua Water Technologies LLC by Xylem

First American

First Financial Holdings, LLC

Flex Financial, A Division of Stryker Sales Corporation

Fresenius Medical Care North America

GE HFS, LLC

Grasse River Asphalt & Paving, Inc.

Hayes Locums, LLC

Healogics, Inc.

Heller Gas

Howard H. Huang, M.D.

Huntington Technology Finance

Huntington Technology Finance

Jayme M. & Frank J. Mono

Kome Oseghale, M.D.

LabCorp

LC Real Estate Properties, LLC

Liberty Utilities

M&T Bank

MASLIS Interpreting Services, LLC

McKesson Corporation

Med One Capital Funding, LLC

MedHost

Mimedx Group Inc.

Mirion Technologies (Capintec), Inc.

National Grid

National Research Corporation d/b/a NRC Health Solutions

National Research Corporation d/b/a NRC Health Solutions

New York Power Authority

New York State Department of Health

NFS Leasing, Inc.

NRG Energy

Northern Credit Union (NCU)

Olympus America, Inc.

OsteoMed

OsteoRemedies, LLC

Pension Benefit Guaranty Corporation (PBGC)

PharmaLogic Holdings Corp.

Philips Healthcare

Pipeline Health Holdings LLC

Precision Doors & Hardware, LLC d/b/a BR Johnson

Radiographic Testing Services, Inc.

Richard E. Maginn, Trustee of the Irrevocable Spousal Lifetime Access Trust fbo Richard E. Maginn

Seth Bettinger, as administrator of the Estate of Graham Bettinger

Shred-It a Stericycle Solution

Siemens Financial Services, Inc.

Spectrum

Spinra

Steven B. Fish, M.D.

TIAA, FSB

TNI Staffing, Inc. d/b/a Travel Nurses, Inc.

Town of Champion

Town of Madrid

Tri-Delta Resources Corp.

U.S. Small Business Administration

Verizon

Village of Canton

Village of Carthage

Village of Hammond

Village of Heuvelton

Village of Waddington

Village of West Carthage

Vital Dynamix, a United Helpers' affiliate

Waste Management

Watertown Savings Bank

Weatherby Locums, Inc.

Wellsky

Williamson Services LLC

Wintrust Asset Finance, Inc.

Xerox Financial Services

Xerox Financial Services

Zoho Corporation

**<u>Exhibit C</u>**

**Engagement Letter**



ME | MA | RI | CT | NY | DC | **verrill-law.com**

ROGER A. CLEMENT, JR.                                Verrill Dana LLP
PARTNER                                          One Portland Square
rclement@verrill-law.com                  Portland, Maine 04101-4054
207-253-4412                                     Main 207-774-4000

February 9, 2026

By e-mail:

North Star Health Alliance, Inc.
Carthage Area Hospital, Inc.
Claxton-Hepburn Medical Center, Inc.
Meadowbrook Terrace, Inc.

Re:      **Legal Representation**

Dear Ladies and/or Gentlemen:

      Thank you for asking Verrill Dana, LLP ("Verrill", the "Firm" or "us") to represent **North Star Health Alliance, Inc.; Carthage Area Hospital, Inc.; Claxton-Hepburn Medical Center, Inc.; and Meadowbrook Terrace, Inc.** (collectively, the "Companies" or "you").  This letter sets forth the terms of our engagement.

      1.    Scope of Services. The purpose of this engagement is to serve as conflicts and /or special counsel for the Companies in their respective bankruptcy cases to be filed in the U.S. Bankruptcy Court for the Northern District of New York. We anticipate providing representation when the Companies' lead bankruptcy firm, Barclay Damon, has a potential or actual conflict or otherwise requests our assistance.  Verrill's engagement is limited to the matter identified in this letter.  Upon completion of this matter, or upon earlier termination of this engagement, our attorney-client relationship will end unless you and Verrill have expressly agreed to a continuation with respect to other matters.  You are not relying on us for business, investment, accounting, or personal tax advice, or to investigate the character or credit of persons with whom you may be dealing, unless we expressly agree to do so in writing.

      2.    Issues Regarding Multiple Clients. Although the respective interests of the four entities within the scope of this representation appear to be aligned and not in conflict, the possibility of conflicts of interest always exists when we are retained by multiple clients.  If such a conflict does arise, we may be required to withdraw from representing one or more of the entities.

      3.    General Terms of Engagement.  By engaging Verrill Dana as counsel, you agree to the terms set forth in the *Statement of Representation and Billing Policies* (the "Statement of Representation") that is set forth on Exhibit A to this letter. You agree to be jointly and severally responsible for our fees and expenses. The range of rates charged by our different categories of

Docusign Envelope ID: 23760B2C-EF8C-45DA-BAC8-E21A7ED5E6C4

North Star Health Alliance, Inc., et al.
February 9, 2026
Page 2

professionals is generally described on <u>Exhibit A</u>.  The current hourly billing rates for the attorneys and paralegals who I anticipate will be working on your case are:

| Attorney | Standard Billing Rate | Discounted Rate for This Matter |
|---|---|---|
| Roger Clement | $760 | $684 |
| Nate Hull | $700 | $630 |
| Lindsay Milne | $800 | $720 |
| Robert Keach | $1,100 | $990 |
| Shawn Doil | $515 | $463.50 |
| Letson Boots | $550 | $495 |
| Michael Fee | $1,140 | $1,026 |
| Jay McCormack | $700 | $630 |
| Jennifer Novo | $425 | $382.50 |
| Nimra Tariq | $340 | $306 |
| Nima Ghaedi | $340 | $306 |
| **Paralegals** | | |
| Carissa Rubin | $275 | $247.50 |
| Angela Stewart | $375 | $337.50 |
| Lisa Waddell | $225 | $202.50 |

In addition, those attorneys may be assisted by one of our other attorneys or paralegals.  If we use the services of those other attorneys or paraprofessionals you will be billed at their prevailing rates. Professional rates for the Firm are generally adjusted annually on January 1 of each year, and our attorneys may have different hourly rates for different types of matters reflecting market factors or their level of expertise.  Our fees are set in consideration of such factors as the complexity of the work, the skill and experience of the personnel involved, and the time it will take to complete the work.

4.    <u>Retainer.</u>  We are requesting a retainer in the amount of $75,000 as security for payment of our fees. In addition to this retainer, and any retainer we may further request, you agree to pay our bills each month.  Upon completion of our work, we will promptly refund any unapplied balance of the retainer.  If you fail to timely pay any of our bills, we may apply the retainer against amounts owed.  If that occurs, then you must replenish the retainer as a condition to our performance of future services.  We reserve the right to require a larger retainer balance in an amount that we judge to be reasonable under the circumstances. You hereby grant Verrill a first-priority security interest in any retainer.  We shall not be required to perform services unless we receive adequate assurance that we will be paid regularly and timely, whether from the retainer, from a carveout from the collateral of a secured creditor, or from inclusion in an order authorizing debtors in possession to pay us in installments. We expect to be included within the scope of any order providing for interim fee payments to professionals retained by the bankruptcy estates.

Docusign Envelope ID: 23760B3C-EF8C-45DA-BAC8-521A7ED5E6C4

North Star Health Alliance, Inc., et al.
February 9, 2026
Page 3

5.    <u>Bankruptcy Court</u>.  We understand that our engagement and payment of our fees will be subject to approval by the Bankruptcy Court.

6.    <u>Attorney-Client Relationship.</u>  As a matter of professional responsibility, we are required to preserve the confidences and secrets of our clients.  This professional obligation and the legal privilege for attorney-client communications exist to encourage candid and complete communication between a client and lawyer.  Please understand that if you discuss (orally or in writing) the advice we give you with a person outside your ownership and management teams and your other professional advisors, then you risk causing a waiver of the attorney-client privilege, which means that an adversary of yours in litigation may be entitled to compel you and Verrill Dana to disclose the content of our communications.  Accordingly, I strongly advise that you keep our communications confidential.

7.    <u>Agreement Applicable Until Changed in Writing.</u>  This agreement will apply to any additional matters we agree to undertake on your behalf unless we enter into an express written agreement reflecting an alternate arrangement.

8.    <u>Disclosure of Relationship with Former Clients.</u>

I have not done a comprehensive search of Verrill Dana's records to search for relationships we might have with creditors or other persons with interests adverse to the Companies.  I will perform searches in the future as appropriate based on the matters we are asked to handle for the Companies. Attached as **Schedule A** is a list of the entities for which we conducted a "conflicts" search.

**Current Clients**
Verrill Dana (William Stiles, Esq.) is currently representing Carthage Area Hospital and Claxton-Hepburn Medical Center in reimbursement matters.  This of course is not a conflict; I point it out for informational purposes only.

**Former Clients**
One or more of the Companies may have interests that are or may be adverse to the following *former* clients of the Verrill Dana (collectively, the "<u>Former Clients</u>") on matters unrelated to this engagement:

-Wintergreen, Inc.  Over the last month, Verrill represented Wintergreen, Inc. regarding the terms of its engagement as financial advisor and provision of a Chief Restructuring Agreement (Rob Bloom) to the Companies. I assisted Wintergreen in drafting its engagement letter, which has been approved by the NSHA board and I believe executed by NSHA's board chair on behalf of the Companies. Verrill's representation of Wintergreen as it relates to the Companies has terminated.  Verrill continues to represent Wintergreen on matters unrelated to the Companies.  Verrill would not be able to represent the Companies on any matter adverse to Wintergreen without Wintergreen's consent, which Wintergreen be unlikely to grant.

- New York Department of Health. Verrill previously represented a consultant to the NYDoH in a matter entirely unrelated to this matter.  Our work on that matter concluded in 2019.

North Star Health Alliance, Inc., et al.
February 9, 2026
Page 4

Our representation of Former Clients will not affect our ability to competently represent you in this matter. If you have questions or concerns about these other representations, then please let us know immediately.

Please review this letter carefully and raise and discuss with me any questions you may have. Please indicate your agreement to the terms and provisions described in this letter by dating and signing a copy of this letter and returning it to me.

Very truly yours,

Roger A. Clement, Jr., Esq.

cc: Janice Grubin, Esq.
    Ilan Markus, Esq.
    Vanessa Fernandes

**SEEN AND AGREED TO:**

**NORTH STAR HEALTH ALLIANCE, INC.**

Dated: 2/9/2026

By: Chester (Chet) Truskowski
Its: Board Chairperson

**CARTHAGE AREA HOSPITAL, INC.**

Dated: 2/9/2026

By: Gary Rowe
Its: Board Chairperson

**CLAXTON-HEPBURN MEDICAL CENTER, INC.**

Dated: 2/9/2026

By: Zvi Szafran
Its: Board Chairperson

**MEADOWBROOK TERRACE, INC.**

Dated: 2/9/2026

By: Dale Klock
Its: Board President

Docusign Envelope ID: 23760B2C-EF8C-45DA-BAC8-521A7ED6E6C4

North Star Health Alliance, Inc., et al.
February 9, 2026
Page 5

## Schedule A: List of Entities Searched

| | |
|---|---|
| Claxton-Hepburn, P.C. | Client |
| North Country Ambulatory Surgery Center | Client |
| Meadowbrook Terrace Assisted Living Facility | Client |
| Comprehensive Women's Health Services, PLLC | Client |
| Claxton Hepburn Medical Center Foundation, Inc. | Client |
| Carthage Area Hospital Foundation, Inc. | Client |
| Claxton-Hepburn Medical Center, Inc. | Client |
| North Country Orthopaedic Group | Client |
| Dormitory Authority of State of New York | Adverse |
| Fidelis Care | Adverse |
| North Star Health Alliance, Inc. | Client |
| Carthage Area Hospital | Client |
| North Country Realty, LLC | Client |
| New York Department of Health | Adverse |
| Excellus Blue Cross Blue Shield | Adverse |

## Exhibit A

### VERRILL DANA, LLP
### Statement of Billing Policies

Set forth below is a summary of Verrill Dana's standard policies regarding legal fees and expenses.

**Legal Fees**. Consistent with ethical standards applicable to our lawyers, it is our policy to charge reasonable fees for legal services. Our fee for a given matter is normally computed as a function of our customary hourly rates for work of that type and the aggregate time expended, estimated in one-tenth hour increments. Our customary rates vary according to the experience and expertise of the attorney or paraprofessional, and the nature of the matter being handled. Our present rates, with certain exceptions, fall within the following ranges:

| | | | |
|---|---|---|---|
| Partners/Counsel $365- $1140 per hour | | Specialists $200 - $610 per hour | |
| Associates | $270 - $485 per hour | Paralegals $200 - $465 per hour | |

We normally revise our hourly rates annually, effective as of January 1. Where our legal fees are subject to court approval, we reserve the right to petition the court for an increased or supplemental fee to reflect such factors as the difficulty of a particular project and the expertise required, the result obtained, the efficiency with which the result is obtained, and the extent to which a project requires special or expedited attention or precludes other legal work. On the basis of similar factors, we may on occasion seek our client's approval of reasonable fees over and above our customary hourly charges.

**Expenses**. Verrill Dana also imposes reasonable charges for costs incurred in connection with a particular matter. These include without limitation: copying and printing, courier services, special mailing costs, travel expenses and mileage, research services, court costs and court reporter charges incurred in connection with litigation, corporate filing and real estate recording fees, secretarial overtime, and charges for e-discovery support services including data hosting and storage. If the client authorizes us to hire an outside expert or other third party, such person's fees also constitute an expense payable by the client. We generally require clients to pay all third-party invoices directly, and ask that they do so promptly.

**Frequency of Billing**. We normally bill our clients monthly for services rendered. In addition to showing the total legal fees and expenses incurred, our invoices typically describe the services performed and the hourly rate charged for each relevant Verrill Dana timekeeper during the applicable period. If a client's special needs require a particular form of statement, we will make reasonable efforts to accommodate those requirements. To avoid misunderstandings, it is the client's responsibility to contact the relevant billing attorney right away with any questions about the amount or computation of fees and other charges.

**Payment**. Unless otherwise agreed in writing, our invoices are due on receipt and must be promptly paid. We impose a late charge of 1.5% per month on any amounts that remain unpaid more than 30 days after the invoice date. We also reserve the right to suspend work, in whole or in part, whenever a client is not meeting its payment obligations to us. If amounts remain unpaid for more than 60 days past the invoice date, we may decide to terminate our representation of the client. Termination of our engagement by either party does not absolve the former client of liability for full payment of fees and expenses previously incurred.

**Retainers**. We often require a retainer as a deposit against fees and expenses to be incurred. We will either keep the retainer in escrow until applied against charges incurred, or will treat the retainer as earned upon receipt. As part of the terms of engagement, the client grants Verrill Dana a first-priority security interest in each retainer paid to us. Although we reserve the right at any time to apply any retainer against charges incurred, we may elect to hold the retainer until completion of our work and payment in full. We also may condition future work on receipt of an additional retainer, either to replenish funds previously expended or to adjust the retainer balance to a new amount that we judge to be reasonable under the circumstances. Upon completion of our work, we will promptly refund to the client any unapplied balance of the retainer.

**Fee Disputes**. If a dispute arises over legal fees, you may have a right to invoke arbitration under applicable Bar Rules. Unless you exercise your right to invoke arbitration within 30 days after receiving written notice from us of any such right, we have the right to file suit to recover unpaid fees. As a matter of policy, Verrill Dana encourages mediation of such disputes. Specifically, Verrill Dana agrees that before instituting legal action we will first offer to engage in a mediation session with the client, and will offer to pay a specified reasonable amount toward the cost of hiring an independent, experienced mediator to assist in seeking a voluntary agreement between the parties over legal fees.

Rev. 01/26

29364841_5