UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NORTH STAR HEALTH ALLIANCE, | ) | Case No. 26-60099 (WAK) |
| INC., *et al*., | ) | Main Case |
|  | ) | Joint Administration |
| Debtors. | ) | Case No. 26-30078 |
|  | ) | Case No. 26-30079 |
|  | ) | Case No. 26-60100 |
|  | ) |  |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF NORTHERN CREDIT
UNION TO MOTION OF DEBTORS AND DEBTORS IN POSSESSION PURSUANT
TO 11 U.S.C. SECTIONS 105, 507(A)(4), AND 507(A)(5) AND THE "DOCTRINE OF
NECESSITY" FOR AN ORDER AUTHORIZING THEM TO PAY: (A) PREPETITION
EMPLOYEE WAGES, SALARIES, AND RELATED ITEMS; (B) PREPETITION
EMPLOYEE BUSINESS EXPENSES; (C) PREPETITION CONTRIBUTIONS TO AND
BENEFITS UNDER EMPLOYEE BENEFIT PLANS; (D) PREPETITION EMPLOYEE
PAYROLL DEDUCTIONS AND WITHHOLDINGS; AND (E) ALL COSTS AND
EXPENSES INCIDENT TO THE FOREGOING PAYMENTS AND CONTRIBUTIONS**

Northern Credit Union ("NCU") by and through its undersigned counsel, hereby files this

Limited Objection (this "Objection") to *Motion of Debtors and Debtors In Possession Pursuant to*

*11 U.S.C. Sections 105, 507(a)(4), and 507(a)(5) and the "Doctrine of Necessity" for an Order*

*Authorizing them to Pay: (A) Prepetition Employee Wages, Salaries, and Related Items; (B)*

*Prepetition Employee Business Expenses; (C) Prepetition Contributions to and Benefits Under*

*Employee Benefit Plans; (D) Prepetition Employee Payroll Deductions and Withholdings; and (E)*

*All Costs and Expenses Incident to the Foregoing Payments and Contributions* [Docket No. 30]

(the "Wages Motion"), filed by the above captioned debtors and debtors in possession (the

"Debtors").  In support of this Objection, NCU respectfully states as follows:

**BACKGROUND**

1.     On February 10, 2026 (the "Petition Date"), the Debtors filed separate voluntary

petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"),

23175489.v2

with the United States Bankruptcy Court for the Northern District of New York (the "Court"),

commencing the Debtors' chapter 11 cases (these "Chapter 11 Cases").

2.      On February 11, 2026, the Debtors filed its *Motion for Interim and Final Orders Authorizing Use of Cash Collateral* [Docket No. 13] (the "Cash Collateral Motion").

3.      On February 11, 2026, NCU filed its *Objection and Reservation of Rights to Motion for Interim and Final Orders Authorizing Use of Cash Collateral* [Docket No. 23] (the "NCU Cash Collateral Objection"), raising certain objections to the Debtors' use of NCU's cash collateral.

4.      Following the filing of the NCU Cash Collateral Objection, this Court has entered a series of interim cash collateral orders with the consent of NCU: (a) the First Interim Order Authorizing Use of Cash Collateral on February 13, 2026 [Docket No. 31]; (b) the Second Interim Order Authorizing Use of Cash Collateral on February 18, 2026 [Docket No. 57]; (c) the Third Interim Order Authorizing Use of Cash Collateral on February 26, 2026 [Docket No. 84]; (d) the Fourth Interim Order Authorizing Use of Cash Collateral on March 5, 2026 [Docket No. 124]; and (e) the Fifth Interim Order Authorizing Use of Cash Collateral on March 16, 2026 [Docket No. 159] (collectively, the "Cash Collateral Orders").

## LIMITED OBJECTION

5.      NCU does not object to the underlying relief requested in the Wages Motion to the extent the Wages Motion seeks authorization to pay ordinary prepetition wages, salaries, and related employee obligations that are entitled to priority under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code in accordance with an approved cash collateral budget.  However, NCU understands that the Debtors are seeking to pay an unknown amount of prepetition obligations arising from a collective bargaining agreement with the New York State Nurses Association ("NYSNA") for so-called "gap" payments arising between an expired collective bargaining

-2-

23175489.v2

agreement and a current or successor collective bargaining agreement. NCU has requested information regarding the nature, amount, and legal basis for these gap payments on several occasions but has received no substantive information from the Debtors to assess the propriety of these payments. Moreover, NCU notes that the Debtors appear to have insufficient funding to meet current payroll obligations, let alone the alleged "gap" payments.

6. Accordingly, NCU objects to payment of the gap payments to the extent that: (a) such payments do not constitute wages, salaries, or other employee compensation entitled to priority under sections 507(a)(4) or 507(a)(5) of the Bankruptcy Code; and (b) such payments would be made outside the scope of the budgets attached to the Cash Collateral Orders and would constitute unauthorized use of NCU's cash collateral.

**WHEREFORE**, NCU respectfully requests entry of an order (i) denying the Wages Motion to the extent it seeks authorization (a) to pay amounts not entitled to priority under sections 507(a)(4) or 507(a)(5), and (b) to pay amounts outside the scope of the Cash Collateral Orders, and budgets attached thereto; and (ii) granting such other relief as the Court deems just and proper

Dated: March 17, 2026

**BOND, SCHOENECK & KING, PLLC**

By:  /s/ *Andrew S. Rivera*

Charles J. Sullivan (Bar Roll #507717)
Grayson T. Walter (Bar Roll #518237)
Andrew S. Rivera (Bar Roll # 700712)
Office and Post Office Address
One Lincoln Center, 18th Floor
Syracuse, New York 13202-1355
Telephone: (315) 218-8000
Facsimile: (315) 218-8100
Emails: sullivc@bsk.com
            walterg@bsk.com
            arivera@bsk.com

*Attorneys for Northern Credit Union*

-3-

23175489.v2