**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| NORTH STAR HEALTH ALLIANCE, INC., *et al*,[1] | : Case No. 26-60099-5-wak |
| | : Main Case |
| Debtors. | : Jointly Administered |
| | : Case No. 26-30078 |
| | Case No. 26-30079 |
| | Case No. 26-60100 |

------------------------------------------------------------------x

### THE OFFICIAL COMMITTEE OF UNSECURED
### CREDITORS' RESPONSE AND RESERVATION OF RIGHTS WITH RESPECT TO
### THE DEBTORS' PENDING WAGE MOTION AND CRITICAL VENDOR MOTION

The Official Committee of Unsecured Creditors of North Star Health Alliance, Inc., *et al.*

(the "Committee") files this response and reservation of rights limited (the "ROR") to the pending

*Motion of Debtors and Debtors in Possession Pursuant to 11 U.S.C. §§ 105, 507(a)(4) and*

*507(a)(5) and the "Doctrine of Necessity" for an Order Authorizing it to Pay: (A) Prepetition*

*Employee Wages, Salaries, and Related Items; (B) Prepetition Employee Business Expenses; (C)*

*Prepetition Contributions to and Benefits Under Employee Benefit Plans; (D) Prepetition*

*Employee Payroll Deductions and Withholdings; and (E) All Costs and Expenses Incident to the*

*Foregoing Payments and Contributions* [Dkt. No. 30] (the "Wage Motion") and the *Motion of*

*Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 363(b) (I) Authorizing, But Not*

*Directing, the Debtors to Pay Pre-Petition Obligations of Critical Vendors, (II) Authorizing and*

*Directing Financial Institutions to Honor and Process Related Checks and Transfers, and (III)*

*Granting Related Relief* [Dkt. No. 34] (the "Critical Vendor Motion" and, together with the Wage

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).

Motion, the "Motions").

## RESPONSE AND RESERVATION OF RIGHTS

1.     The Committee does not object to the payment of wages or, if appropriate, critical vendors.  However, the Committee has been laser focused on preserving use of cash collateral and on obtaining a funding commitment from the State of New York's Department of Health (the "DOH").  The Committee has worked closely with the Debtors on these critical issues over the past week, which are dominating discussions among professionals, and requires additional time to complete the necessary diligence with respect to the Motions.

2.     The Committee does not object to any payments pursuant to the Wage Motion that do not exceed the applicable priority cap.  The Committee reserves all rights to review any proposed payment that would otherwise exceed the priority cap.

3.     It does not appear that the Debtors have adequate liquidity to fund certain aspects of the relief requested in the Motions at this time.  Thus, the Committee believes that an adjournment of the Motions to a subsequent hearing would be appropriate as this would permit time for further diligence while delaying adjudication until it is clear that granting the Motions would lead to relief that can be implemented.

4.     In the interim, the Committee remains actively engaged in collaborative work with the Debtors, the DOH, and other parties to address the Debtors' liquidity issues. Based on its engagement with various parties over the last week, the Committee remains cautiously optimistic that the parties can find a path towards preserving access to healthcare in the North Country . .

**CONCLUSION**

Based on the foregoing, the Committee respectfully requests that the Court (A) enter a further interim order with respect to or adjourn hearings on the Motions to provide the Committee an opportunity to complete its diligence and communicate with other parties, and (B) provide such further and additional relief as the Court deems proper under law and equity.

Dated: March 17, 2026

Respectfully submitted,

*/s/ Lauren M. Macksoud*
Lauren M. Macksoud
Henry Thomas (admitted *pro hac vice*)
**DENTONS US LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768-5347
Facsimile:  (212) 768-6800
E-mail: lauren.macksoud@dentons.com
           henry.thomas@dentons.com

Andrew C. Helman (admitted *pro hac vice*)
Kyle D. Smith (admitted *pro hac vice*)
**DENTONS BINGHAM GREENEBAUM, LLP**
One City Center
Suite 11100
Portland, ME 04101-6420
Telephone: (207) 810-4955
Email: andrew.helman@dentons.com
           kyle.d.smith@dentons.com

David K. Boydstun, Jr. (admitted *pro hac vice*)
**DENTONS BINGHAM GREENEBAUM, LLP**
3500 PNC Tower
101 South Fifth Street
Louisville, KY 40202
Telephone: (502) 589-4200
Email: david.boydstun@dentons.com

*Proposed Counsel for The Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I, Lauren Macksoud, an individual eighteen years of age or older, hereby certify that on the date set forth below, I caused the foregoing document to be served on all parties receiving notice and service in this case through the Court's CM/ECF electronic filing service, which served the same on the parties receiving notice via the CM/ECF system.

Dated: March 17, 2026                    */s/ Lauren Macksoud*