# **Exhibit B**

**Helman Declaration**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| NORTH STAR HEALTH ALLIANCE, Inc., *et al.*,[1] | Case No.: 26-60099 |
| Debtors. | (Jointly Administered) |

**DECLARATION OF ANDREW C. HELMAN IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING THE EMPLOYMENT OF DENTONS AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF MARCH 5, 2026**

I, Andrew C. Helman, declare (this "Declaration"), pursuant to section 1746 of title 28 of the United States Code, as follows:

1. I am a partner with the law firm Dentons Bingham Greenebaum LLP ("DBG").[2] In Maine, Dentons' address is One City Center, Suite 11100, Portland, ME 04101, with a phone number of (207) 810-4955, and my personal telephone number is (207) 619-0919. My email address is andrew.helman@dentons.com.

2. I submit this Declaration in the above-captioned Chapter 11 Cases pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and in support of the *Application of the Official Committee of Unsecured Creditors for an Order Authorizing the Employment of Dentons as Counsel to the Official Committee of Unsecured Creditors Effective as of March 5, 2026* (the "Application").

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Carthage Area Hospital, Inc. ("Carthage") (2079); North Star Health Alliance, Inc. ("North Star") (9491); Claxton-Hepburn Medical Center, Inc. ("Claxton") (9686); and Meadowbrook Terrace, Inc. (2458) ("Meadowbrook" and, together with Carthage, North Star, and Claxton, the "Debtors").

[2] Capitalized terms not defined herein but defined in the Application shall have the meanings ascribed to them in the Application.

3. Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth. If any information disclosed requires amendment or modification upon Dentons' completion of further analysis or as additional creditor information becomes available to Dentons, a supplemental declaration will be submitted to this Court.

4. I am admitted to practice law in: (i) the Commonwealth of Massachusetts; (ii) the State of Maine; (iii) the United States District Court for the District of Massachusetts; (iv) the United States District Court for the District of Maine; (v) the United States District Court for the District of Vermont; (vi) the United States Bankruptcy Appellate Panel for the First Circuit; (vii) the United States Court of Appeals for the First Circuit; and (viii) the United States Court of Appeals for the Second Circuit.

5. I am authorized to make this Declaration on behalf of Dentons.

6. Dentons is a full-service law firm with attorneys who regularly advise debtors, creditors' committees, and other parties in interest in chapter 11 cases. The firm's professionals have substantial experience in virtually all aspects of the law that may arise in these Chapter 11 Cases. In particular, Dentons' professionals have experience in the areas of bankruptcy and restructuring; health care; litigation and dispute resolution; and corporate and tax law matters.

7. As used in this Declaration, "Dentons" refers to the Dentons Group, a Swiss verein structure comprised of member firms. The partners of DBG and, among others, Dentons US LLP ("DUS"), are partners in Dentons United States LLP, which is the U.S. Region member of the Dentons Group, whose members and their respective subsidiaries, affiliates, and related entities provide legal services in different locations.

8. Dentons' restructuring attorneys within the United States work together as part of a national Restructuring, Insolvency, and Bankruptcy Group. Dentons' standard terms in the U.S.

Region do not require separate engagement by clients of any member firm within Dentons. For these reasons, Dentons is making disclosures under Bankruptcy Rule 2014(a) with respect to all of Dentons Group, which includes international organizations, in accordance with the firms' practices. However, Dentons currently anticipates that only attorneys and professionals within DBG and DUS will initially work on this matter, though attorneys from other business units may provide services if needed or appropriate based on facts and circumstances.

9. Based on this information, Dentons makes disclosures as set forth on the attached **Exhibit 1**. This document was prepared based on a search in Dentons' global conflict check system using the names of parties appearing on **Exhibit 1**. The search for connections is limited to the preceding three-year period. To the best of my knowledge, except as disclosed, any representations or connections disclosed in the attached **Exhibit 1** are wholly unrelated to the Debtors or the Chapter 11 Cases.

10. Dentons has, and will continue to, examine its conflict check system to determine whether it has any connections with other parties in interest. Dentons will supplement the disclosures in this Declaration as needed.

11. Dentons has checked its conflict check system and, to the best of my knowledge as of the date hereof, does not represent any interest adverse to the Debtors with respect to these Chapter 11 Cases. Moreover, Dentons will not represent any interest adverse to the estate.

12. I am not related, and to the best of my knowledge, no attorney with Dentons is related, to any U.S. Bankruptcy Judge in this District or to the U.S. Trustee for this District.

13. Based on the conflict search conducted to date by Dentons and described in this Declaration, to the best of my knowledge, neither I nor Dentons, nor any attorney or employee associated with Dentons, insofar as I have been able to ascertain, holds an interest adverse to the

Debtors. Any connections with creditors or other parties in interest are disclosed herein based on conflict checks to date and will be supplemented as necessary during this case. Dentons does not believe that any such connections are disqualifying under applicable statutes and rules. Dentons will obtain informed consent or use conflicts counsel if any conflicts develop during these Chapter 11 Cases.

14. While Dentons has taken reasonable steps to ascertain whether current clients are creditors of the Debtors, affiliated with the Debtors, or other parties in interest, Dentons' analysis is continuing. Dentons will supplement this Declaration as necessary.

15. I further disclose that attorneys with Dentons are active in many different restructuring matters in the United States as well as with restructuring trade groups. As a result, attorneys with Dentons may have personal or professional relationships with other professionals in this case. I further disclose that attorneys or other employees with Dentons may have personal relationships with parties in this case.

16. Accordingly, based on information available to date, I believe that Dentons is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, to the extent applicable to this case in that Dentons and its lawyers:

a. Are not creditors (except to the extent permitted under the Bankruptcy Code and established precedent), equity security holders, or insiders of the Debtors;

b. Are not and were not, within two (2) years before the Petition Date directors, officers, or employees of the Debtors; and

c. Do not have any interest materially adverse to the interest of the Debtors' estates or creditors by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason.

17. The professional services that Dentons has rendered and may render to the Committee include, without limitation, and as further described in Dentons' engagement letter

with the Committee attached hereto as **<u>Exhibit 2</u>** (the "<u>Engagement Letter</u>"), the following legal services:

A. Advise the Committee with respect to its rights, duties, and powers in this case;

B. Assist and advise the Committee in its consultations with the Debtors relating to the administration of this case;

C. Assist the Committee in analyzing the claims of the Debtors' creditors, the Debtors' capital structure, and in negotiating with the holders of claims and, if appropriate, equity interests;

D. Assist the Committee's investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors and other parties involved with the Debtors and of the operation of the Debtors' business;

E. Assist the Committee in its analysis of, and negotiations with the Debtors or any other third party concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and executory contracts, asset dispositions, financing transactions, and the terms of a plan of reorganization or liquidation for the Debtors;

F. Assist and advise the Committee as to its communications, if any, to the general creditor body regarding significant matters in this case;

G. Represent the Committee at all hearings and other proceedings;

H. Review, analyze, and advise the Committee with respect to applications, orders, statements of operations, and schedules filed with the Court;

I. Assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives; and

J. Perform such other services as may be required and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

18. Dentons anticipates that attorneys may render services to the Committee in connection with these Chapter 11 Cases at the rates set forth below:

| Professional | Role | Rate |
|---|---|---|
| Lauren Macksoud | Partner | $995 |
| Andrew C. Helman | Partner | $925 |
| Kyle D. Smith | Managing Associate | $595 |
| Henry Thomas | Associate | $650 |
| David Boydstun | Associate | $495 |
| Paraprofessionals | | $250 – $475 |

19. The range of rates provided includes discounts in this matter, including an agreement to cap the hourly rates of partners on our core team at $1,000.00 per hour, based on the facts and circumstances of these Chapter 11 Cases. Dentons' rates will likely increase on or about January 1, 2027, in accordance with the firm's ordinary policies and practices. The professionals involved do not vary their rate based on the geographic location of a bankruptcy case.

20. Attached as **Exhibit 3** are biographies of attorneys who are anticipated to work on this matter. From time to time, other attorneys or paraprofessionals within Dentons' United States Region may provide services to the Committee, though Dentons anticipates that only attorneys and professionals within DBG and DUS will work on this matter.

21. No agreement or understanding exists between Dentons and any other person (other than members of the Dentons Group firms) to share compensation received for services to be rendered in connection with representation of the Committee. No representations have been received or made by Dentons, nor any member or associate thereof, with respect to compensation in connection with the Chapter 11 Cases other than in accordance with the Bankruptcy Code.

22. Dentons has not received any retainer in this matter.

23. I shall amend this statement immediately upon my learning that (A) any of the representations in this Declaration are incorrect or (B) there is any change of circumstances relating to these representations.

24. Dentons also respectfully requests that any order entered by the court approving the retention of Dentons as counsel to the Committee be effective as of March 5, 2026.

25. By reason of the foregoing, I believe Dentons is eligible for employment and retention by the Committee pursuant to section 1103 of the Bankruptcy Code, the applicable Bankruptcy Rules, and this Court's Local Rules.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 20, 2026

Andrew C. Helman
DENTONS BINGHAM GREENEBAUM LLP
One City Center, Suite 11100
Portland, ME 04101
Phone: (207) 810-4955
Email: andrew.helman@dentons.com

**Exhibit 1**

**Parties in Interest**

| Party Name | Connections |
|---|---|
| About Arnesha, Llc (Owned By Sole Shareholder Sanjoy Banik, Mc) | No known connections |
| Admanage Ltd. | No known connections |
| Alcon Vision LLC | Connections |
| Alliance Recruiting Resources, Inc. | No known connections |
| AMN Healthcare | Connections |
| Angela Gray, As Trustee Of The Irrevocable Spousal Lifetime Access Trust FBO Carol L. Maginn | No known connections |
| Anthrx | No known connections (assuming party is "Anthrex") |
| ASD Specialty Healthcare LLC | No known connections |
| Barton Associates | No known connections |
| Brandon Bowline | No known connections |
| Bruce L. Baird Md | No known connections |
| Cannon Financial Services, Inc. | Connections (to affiliate) |
| Carthage Area Hospital, Inc. | No known connections |
| Carthage Area Hospital Foundation, Inc. | No known connections |
| Cary Rowe | No known connections |
| Casella | Likely connections (connections to Casella Waste Systems) |
| CCA Financial, LLC to Huntington Technology Finance | Connections (to affiliate) |
| Center for Medicare & Medicaid Services | No known connections |
| Change Healthcare | Connections |
| Charter Communications | Connections |
| Chet Truskowski | No known connections |
| CHG Medical Staffing Inc. D/B/A Comphealth Medical Staffing | No known connections |
| Cichecked | No known connections |
| Citizens Telecommunications Company Of New York, Inc. | Connections (to affiliate) |
| Claxton Medical, P.C. | No known connections |
| Claxton-Hepburn Convenient Care | No known connections |
| Claxton-Hepburn Medical Campus | No known connections |
| Claxton-Hepburn Medical Center Foundation, Inc. | No known connections |

| | |
|---|---|
| Claxton-Hepburn Medical Center, Inc. | Connections[1] |
| Claxton-Hepburn Medical Center Auxiliary | No known connections |
| Comprehensive Women's Health PLLC | No known connections |
| Corporation Sercvices Company, As Representative | No known connections |
| Ct Corporation System, As Representative | Connections (to affiliate) |
| D. Peter Van Enenaam, M.D. | No known connections |
| DANC (Development Authority of the North Country) | No known connections |
| Direct Supply | No known connections |
| Dormitory Authority of the State of New York | Connections |
| East Westelcom | No known connections |
| Empire Natural Gas | No known connections |
| Energo | No known connections |
| Evoqua Water Technologies Llc By Xylem | No known connections |
| First American | Connections to parties named First American Title and First American Financial |
| First Financial Holdings, LLC | No known connections |
| Flex Financial, A Division of Stryker Sales Corporation | No known connections |
| Fresenius Medical Care North America | Connections |
| GE HFS, LLC | Connections (to affiliate) |
| Grasse River Asphalt & Paving, Inc. | No known connections |
| Hayes Locums, LLC | No known connections |
| Healogics, Inc. | No known connections |
| Heller Gas | No known connections |
| Howard H. Huang, M.D. | No known connections |
| Huntington Technology Finance | Connections (to affiliate) |
| Jaume M. & Frank J. Mono | No known connections |
| Jennifer Meagher | No known connections |
| Jerian O'Dell | No known connections |
| Jim Thew | No known connections |
| Julie Ward | No known connections |
| Kassouf Healthcare Solutions | Connections |
| Kome Oseghale, M.D. | No known connections |
| Labcorp | Connections |
| Lary Hasseler | No known connections |
| Lc Real Estate Properties, LLC | No known connections |

1 Former client in limited engagement from three years ago.

| | |
|---|---|
| Liberty Utilities | No known connections |
| M&T Bank | Connections |
| Maslis Interpreting Services, LLC | No known connections |
| Mauree Missert | No known connections |
| McKesson Corporation | No known connections |
| Meadowbrook Terrace, Inc. | No known connections |
| Medline Industries, LP | Connections |
| Med One Capital Funding, LLC | No known connections |
| Medhost | No known connections |
| Mimedx Group Inc. | No known connections |
| Mirion Technologies (Capintec), Inc. | No known connections |
| National Grid | Connections |
| National Research Corporation D/B/A Nrc Health Solutions | No known connections |
| NBT Bank | No known connections |
| New York State Department of Health | No known connections |
| NFS Leasing, Inc. | No known connections |
| North Country Orthopaedic Ambulatory Surgery Center LLC | No known connections |
| North Country Orthopaedic Group, P.C. | No known connections |
| North Country Realty, LLC | No known connections |
| North Country Surgical Specialists | No known connections |
| North Star Health Alliance | No known connections |
| North Star Pediatrics | No known connections |
| Northern Federal Credit Union | No known connections |
| NRG Energy | No known connections |
| Olympus America, Inc. | No known connections |
| Osteomed | Connections (to affiliate) |
| Osteoremedies, LLC | No known connections |
| Pension Benefit Guaranty Corporation (PBGC) | Connections |
| Pharmalogic Holdings, Corp. | No known connections |
| Philips Healthcare | No known connections |
| Pipeline Health Holdings LLC | No known connections |
| Precision Doors & Hardware, Llc D/B/A Br Johnson | No known connections |
| Rachel Zysk | No known connections |
| Radiographic Testing Services, Inc. | No known connections |
| Richard Duvall, Former CEO | No known connections |
| Richard E. Maginn, Trustee Of The Irrevocable Spousal Lifetime Access Trust FBO Richard E. Maginn | No known connections |

| | |
|---|---|
| Robert Bloom Of Winter Green | No known connections |
| Seth Bettinger, As Administrator Of The Estate Of Graham Bettinger | No known connections |
| Shred-It A Stericyle Solution | Connections |
| Siemens Financial Services, Inc. | Connections |
| Spectrum | Connections |
| Spinra | Requesting additional information |
| Steven B. Fish, M.D. | No known connections |
| Tiaa, Fsb | No known connections |
| Tim Sturick | No known connections |
| Tni Staffing, Inc. D/B/A Travel Nurses, Inc. | No known connections |
| Town of Champion | No known connections |
| Town of Madrid | No known connections |
| Tri-Delta Resources Corp. | No known connections |
| U.S. Small Business Administration | No known connections |
| Verizon | Connections |
| Village of Canton | No known connections |
| Village of Carthage | No known connections |
| Village of Hammond | No known connections |
| Village of Huevelton | No known connections |
| Village of Waddington | No known connections |
| Village of West Carthage | No known connections |
| Vital Dynamix, A United Helpers' Affiliate | No known connections |
| Waste Management | Connections |
| Watertown Savings Bank | No known connections |
| Weatherby Locums, Inc. | No known connections |
| Wellsky | No known connections |
| Williamson Services LLC | No known connections |
| Wintrust Asset Finance, Inc. | Connections (to affiliate) |
| Xerox Financial Services | Connections |
| Zoho Corporation | No known connections |
| Zvi Saffran | No known connections |

# **Exhibit 2**

**Engagement Letter**

DENTONS BINGHAM GREENEBAUM

Andrew C. Helman
Partner

andrew.helman @dentons.com
D +1 207619-0919

Dentons Bingham Greenebaum LLP
One City Center
Suite 11100
Portland, ME 04101
United States

dentons.com

March 5, 2026

**SENT VIA E-MAIL ONLY (jpeak@ovationhc.com)**

Mr. W. Judd Peak
Committee Chairman
Official Committee of Unsecured Creditors of North Star Health Alliance et al.
c/o Ovation Healthcare
1573 Mallory Lane, Suite 200
Brentwood, TN 37027

Re: Legal Representation

Dear Judd:

Thank you for choosing our firm (the "Firm" or "Dentons") to represent the Official Committee of Unsecured Creditors (the "Committee") in the pending chapter 11 cases of North Star Health Alliance, Inc. and affiliates (the "Debtors"). This representation, while subject to approval of the presiding bankruptcy court (the "Court"), is effective as of March 5, 2026.

**Our Client.** The purpose of this Engagement Letter, as well as the associated Terms of Business, is to set forth the Engagement Agreement by which Dentons will represent the Committee with respect to the Debtors' chapter 11 cases (the "Cases"). Dentons will represent the Committee and does not represent any member of the Committee individually. The Committee, in turn, represents the interests of general unsecured creditors of the Debtors in the Cases.

**Scope of Representation.** We have agreed to provide legal services to the Committee in connection with the Case in order to assist the Committee in the fulfillment of its statutory obligations under the Bankruptcy Code. This includes:

A. Advise the Committee with respect to its rights, duties, and powers in this case;

B. Assist and advise the Committee in its consultations with the Debtors relating to the administration of this case;

C. Assist the Committee in analyzing the claims of the Debtors' creditors, the Debtors' capital structure, and in negotiating with the holders of claims and, if appropriate, equity interests;

D. Assist the Committee's investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors and other parties involved with the Debtors and of the operation of the Debtors' business;

E. Assist the Committee in its analysis of, and negotiations with the Debtors or any other third party concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and executory contracts, asset dispositions, financing transactions, and the terms of a plan of reorganization or liquidation for the Debtors;

F. Assist and advise the Committee as to its communications, if any, to the general creditor body regarding significant matters in this case;

G. Represent the Committee at all hearings and other proceedings;

H. Review, analyze, and advise the Committee with respect to applications, orders, statements of operations, and schedules filed with the Court;

I. Assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives; and

J. Perform such other services as may be required and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

**Bankruptcy Court Approval.** Under the Bankruptcy Code, our representation of the Committee and payment of fees are subject to approval of the presiding bankruptcy court.

**Terms of Business.** Attached is a copy of our standard Terms of Business (the "Terms"). You are agreeing, on behalf of the Committee and not on behalf of any individual member of the Committee, to be bound by the Terms in addition to the contents of this letter.

**Our Team and Charges.** We will staff this matter with attorneys from different offices within the Firm in the most efficient and cost-effective manner possible while also ensuring that the appropriate members of our team work on this matter. Our fees and compensation will be based on the time devoted to the representation and the billing rates charged by each timekeeper. Currently, our standard rates for attorneys range from $300 per hour to $2,450 per hour, and we expect the core team of attorneys who will work on this matter to have rates that range from $425 to $995 per hour and have agreed to cap the rate of partners on our core team at $1,000 per hour, based on the facts and circumstances of these Cases. As appropriate, we will delegate work to other attorneys whose rates may vary and be higher or lower than the range for our core team. Our representation of you also will involve costs, which are reviewed in the Terms and subject to bankruptcy court approval for payment.

**Conflicts.** Our Terms include provisions regarding conflicts. We are not aware of any disqualifying conflicts. However, Dentons is a large firm, and we may currently represent or have in the past represented certain creditors and parties in interest in unrelated matters. In addition we disclose the Dormitory Authority of the State of New York is a current or former client, M&T Bank is a current client, and that Claxton-Hepburn Medical Center, Inc. is a former client of the firm and that we had a limited engagement prior to its affiliation with the other Debtors. To the extent any such representation constitutes a conflict, by singing this Letter, you waive it. If we learn of a conflict in the future, then we will seek to resolve it with consent of any affected client or obtain conflicts counsel as needed. We are continuing to check the names of parties-in-interest in the case for the purpose of disclosures of any relationships to parties-in-interest with the application to employ that must be filed in the Cases and will inform you of the results. At any time during the Case, should we learn any information that changes or alters our understanding of the existence of any conflict of interest, we will promptly let you know and undertake all steps necessary to resolve any conflict of interest, which could include obtaining waivers from all affected clients or using conflicts counsel. Under no circumstances will we represent any entity with an adverse interest in connection with the Case and the scope of services we will provide.

**Disclosure of Material Risk.** Bankruptcy proceedings involve significant risks, uncertainties, and expenses, and no particular outcome can be guaranteed. The results of chapter 11 cases depend on numerous factors beyond our control, including creditor actions, court rulings, market conditions, and the Debtors' financial performance. By engaging the Firm, the Companies acknowledge and accept these risks.

* * *

Please indicate your agreement to the Letter and Terms by executing a copy of this Letter in the space provided below and returning it. A facsimile or scanned copy delivered via email are as acceptable as an original. We appreciate prompt receipt of an executed copy but will commence work based on the understandings contained in this letter prior to our receipt of your signature. Of course, please contact me if you have any questions about anything in this Letter or the Terms, or with respect to any aspect of our representation of you.

Again, we are very pleased to have this opportunity to be of service and to work with you.

Sincerely,

Andrew Helman, Partner

AH/

Enclosure Terms of Business

**AGREEMENT AND ACCEPTANCE**

The undersigned hereby acknowledge and agree that they have reviewed and understands the terms and conditions of this Letter and the Terms. The undersigned further agree and accept these provisions, including, but not limited to, all disclosures regarding conflicts of interest, and hereby waives any conflict or potential conflict of interest as set forth therein.

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
NORTH STAR HEALTH ALLIANCE, INC.

By: W. Judd Peak
Its: Chairman

DENTONS

# Terms of Business

# Dentons Bingham Greenebaum LLP

January 2024

## Welcome to Dentons.

Thank you for choosing Dentons to represent you. These Terms of Business and the Engagement Letter form our Engagement Agreement.

### Dentons and You

1. The Letter sets out the scope of our representation and identifies you as our sole client. We do not represent any other persons or entities, including your parent, subsidiaries, and affiliates, unless named in the Letter. Our advice and work is provided solely for your benefit and relates only to the matters set out in the Letter. The Terms apply as soon as we start acting on your instructions, regardless of whether or not you have signed the Letter.

2. The partners of Dentons Bingham Greenebaum LLP also are partners of Dentons United States LLP, which is the US Region member of Dentons Group (a Swiss Verein), whose members and their respective subsidiaries, affiliates and related entities provide legal services in different locations, each of which is its own Legal Practice. For a list of each Legal Practice by location, see dentons.com/legalnotices.

3. This Engagement Agreement is between you and Dentons Bingham Greenebaum LLP only and not any other Dentons Legal Practice within or outside the US Region, or any entity or individual. We will conduct ourselves in accordance with the professional responsibility rules applicable in the jurisdictions in which we render services.

4. Other Dentons Legal Practices outside the US Region represent many clients in different geographies, including entities and individuals that may enter into transactions or have disputes with you. Unless such other Dentons Legal Practice is specifically engaged by you or on your behalf outside the US Region, you agree that those representations by other Dentons Legal Practices do not conflict with our representation of you, and that you will not assert that other Dentons Legal Practices outside the US Region are precluded from representing those entities and individuals.

5. While Dentons Bingham Greenebaum LLP remains solely responsible to you for this engagement, we may involve other lawyers and professionals from other Dentons Legal Practices, within or outside the US Region, to provide services. Unless we state otherwise, we will do so by subcontract. You agree that we may pay or apportion part of our fees and costs for the work in a manner that may be considered a referral fee in some jurisdictions.

### Our Working Relationship

6. Effective representation requires open and honest communication. We need you to provide us with clear and timely instructions, relevant information and documents, and make yourself available for consultation.

7. You should carefully check for any insurance policies that might relate to the work we do for you and notify your insurers promptly to protect your rights. Unless you disclose these policies and we agree to advise on them in the Letter, we are not responsible for advising you on the existence or applicability of any insurance coverage.

8. We may communicate with you using any reasonable method, including electronic communications, like email, which may not be absolutely secure and present risk of interception or copying.

9. Generally, communications between a lawyer and client regarding legal advice are privileged and confidential. You may jeopardize these protections by disclosing communications to others. You agree we are under no duty to disclose to you any information that is confidential to another client or any other person.

### Advance Clearance of Conflicts of Interest

10. Each Dentons Legal Practice represents a wide variety of entities and individuals, some of whom may be, for instance, your borrowers, investors, shareholders, creditors, or other parties with conflicting interests in a litigation, arbitration, bankruptcy, insolvency or other matter. As a condition of our representation of you, you agree that, without further notice, we may represent other clients in matters, even if they are directly adverse to you, as long as: (1) those matters are not substantially related to our representation of you; or (2) we screen our lawyers and professionals who have such information from any involvement in the adverse representation. Of course, we will not use any confidential information received from you in any way

inconsistent with our professional responsibilities.

## Fees and Costs

11. Our fees are set out in the Letter. Hourly rates may be adjusted from time to time.

12. We may charge and you agree to pay for costs including travel, delivery services, imaging, printing, court fees, auditing and assurance services, and other expenses. For items we purchase in bulk or through fixed fee arrangements, such as computerized legal research, technology, and support services, we will charge you a rate reasonably apportioned to you. You agree to pay for third-party costs, such as experts, consultants, local counsel, retained by us on your behalf. In some circumstances, we may advance costs on your behalf and you agree to reimburse us promptly.

13. Unless expressly stated otherwise, estimates we provide are solely for planning purposes, subject to change, and reflect an assessment of fees or costs if a matter proceeds in accordance with our assumptions. This is neither a floor nor a ceiling on your obligation to pay, as actual fees and costs may deviate significantly from the estimate, either favorably or adversely. We will be happy to periodically update an estimate if requested. However, in the absence of such a request, we undertake no obligation to update or revise any estimate as a matter progresses or as actual fees and costs are realized.

14. All fees and costs of any Dentons Legal Practice, experts or third parties that we state or estimate exclude any sales, use, excise, transfer, value-added or similar taxes; any such taxes will be included in our invoices to you and are payable by you. If you or another payer of those fees, costs and taxes is required, on account of any taxes, to make any deduction when paying our invoices, you must increase the overall payment so that we receive a net sum equal to our full invoiced amount.

15. Our policy is to bill monthly, except that we reserve the right to issue an interim bill and to change the frequency of billing and the time for payment. If you disagree with any invoice, please contact us immediately, otherwise we will understand that the invoice is agreeable to you. Our invoices are payable when delivered on the terms set forth therein, and you remain responsible for paying them even if you have an arrangement with a third party payor for payment. If full payment is not received when due, we reserve the right to suspend services, terminate and/or seek withdrawal, charge reasonable interest, and hold you responsible for any collection costs, including reasonable attorneys' fees.

16. In adversarial proceedings, you agree that as of 90 days before any scheduled trial or arbitration date (or a later time that we may make such request), all fees and costs incurred up to that point will be paid and you will either provide us with a deposit (or augment any existing deposit) or make another satisfactory arrangement to ensure payment of all fees and costs estimated to be incurred from that point through the end of trial or arbitration.

## Privacy, Data Protection and Other Regulation

17. We are often asked for information about our experience. You consent to our public disclosure that you are a client and a general description of our work for you.

18. Anti-money laundering, anti-bribery, anti-terrorist and similar laws require compliance with client identification, verification, and other rules. We may not be able to represent you until we have all the information we need for these purposes.

19. Dentons is committed to ensuring the privacy and confidentiality of personal data disclosed to us in the course of our work for you. We will handle personal data you send to us about you, your employees, agents, contractors or other individuals in accordance with data protection and privacy standards equivalent to or higher than those required by law. We may transfer such data between locations in order to provide legal services to you.

20. Where we process personal data as provided above we do so as a data controller and we ultimately take responsibility for carrying out the data in compliance with applicable data protection and privacy laws. An overview of the categories of personal data we collect and how we use it is provided in the Privacy Policy that you may find at www.dentons.com. You confirm to us that, to the extent reasonable, you will communicate this Privacy Policy to any individuals whose personal data you provide to us. Any personal data supplied by us to you about our employees and/or any other individuals may only be used for the expressed purposes for which that information is provided to you.

21. We do not tolerate bribery or corruption.

## Your File and Our Records Retention

22. Absent professional obligations or written direction from you to the contrary, we may dispose of all records relating to the representation seven years after we last performed work on the matter, without further notice to you. We need not keep documents containing our lawyer work product, mental impressions, notes, drafts, and emails and those documents will not be considered to be part of your client file.

## Termination

23. You may terminate the engagement at any time for any reason. We may terminate the engagement at any time, consistent with our ethical obligations. We expressly reserve the right to stop acting for you, and you expressly consent to our right to terminate, if you fail to pay for amounts invoiced or requested. You remain responsible for paying fees and costs related to work performed before the end of the engagement, and we will not be liable for any resulting loss.

## Completion of Engagement

24. Our representation of you will end when we have completed the services described in the Letter, send our final invoice, or, unless otherwise agreed, after six months of furnishing no billable services to you, whichever occurs sooner, without the need for further written confirmation. Any new relationship will require a new Engagement Letter, notwithstanding any communications or administrative action after that period.

## Translations

25. If we use or prepare a translation, you should be aware that words and legal concepts used in one language may not have equivalents in another. You should not assume that any translation exactly replicates the original text.

## Entire Agreement

26. The Engagement Agreement cannot be modified by any policies, procedures, guidelines, correspondence, or other document from you unless agreed to in writing by a partner of Dentons Bingham Greenebaum LLP. If there is a conflict between the Terms and the Letter, the provisions of the Letter control. If any part of the Engagement Agreement is held to be illegal, invalid or unenforceable, it shall not form part of the agreement and the balance shall remain enforceable and shall not be affected.

# Exhibit 3

## Biographies



**Andrew C. Helman**
Partner, Portland
Telephone: +1 207 619 0919
Boston
Email: andrew.helman@dentons.com
Website bio: https://www.dentons.com/en/andrew-helman

Andrew Helman is a partner in the Restructuring, Insolvency and Bankruptcy practice group at Dentons and the Portland Office Managing Partner. He focuses his practice on bankruptcy and insolvency matters and works with all types of businesses, including those in the health care and cannabis sectors, to help them restructure and protect their assets.

Andrew has served as lead counsel to debtors, trustees, secured parties and others in chapter 11 cases, including having served as independent counsel to a state attorney general in several chapter 11 cases in New England and Delaware. He has particular experience as lead counsel representing rural hospitals in chapter 11 cases and has successfully confirmed chapter 11 plans that have allowed rural hospitals to continue operating with restructured balance sheets.

Andrew frequently writes articles for national insolvency publications and teaches seminars on bankruptcy and fraudulent transfer law. In addition, he is co-chair of the American Bankruptcy Institute's Health Care Committee and was a recipient of the American Bankruptcy Institute's 40 Under 40 Award in 2019. He was also selected as one of 40 attorneys nationally to participate in the National Conference of Bankruptcy Judges' 2016 NextGen Program. He is ranked by Chambers for bankruptcy and restructuring, and has been included in *The Best Lawyers in America* for Bankruptcy and Creditor Debtor Rights / Insolvency and Reorganization Law since 2021.

## Experience

## Recent Debtor Representations

- **Marianas Properties, LLC:** Lead counsel representing the debtor, the owner of Pacific Star Resort & Spa, in a chapter 11 case. The debtor and two non-debtor affiliates are co-obligors on a significant loan to Bank of Guam, and the case was filed to resolve these issues for the debtor. *In re Marianas Properties, LLC*, Case No. 24-13 (Guam).
- **Asia Pacific Financial Management Group Inc.:** Lead counsel representing the debtor, a broker-dealer and registered representative advisor, in its reorganization under subchapter V of chapter 11. The debtor as resolved significant disputes with its largest creditor in advance of plan confirmation. *In re Asia Pacific Financial Management Group, Inc.*, Case No. 23-5 (Guam).
- **Curitec LLC:** Represented the debtor, a direct medical equipment provider, in a successful reorganization case under chapter 11. This case was a true reorganization, which paid all creditors in full at confirmation and allowed equity to retain control. The case was commenced in response to a complete cessation of payments by Medicare. In less than a month after the filing, Dentons negotiated a resolution that restored the majority of

payments, advancing important arguments about bankruptcy court jurisdiction, the automatic stay, and Medicare jurisdiction. Medicare asserted a claim for more than $32 million, but the parties reached a favorable settlement paying less than $10 million. Bankruptcy Judge Christopher Lopez, in confirming the plan, said that he was "honored" to be the bankruptcy judge on such a case, that the result was "incredible" and a "testament to hard work." *In re Curitec LLC*, Case No. 23-90108 (Bankr. S.D.Tex.).

- **Green Roads Inc:** Lead counsel negotiating and obtaining approval of debtor-in-possession financing to assist the debtor in the start of its chapter 11 case. *In re Green Roads, Inc*., Case No. 23-11738 (Bankr. S.D. Fla.).
- **Red Properties LLC:** Lead counsel representing a real estate development company in its successful case under subchapter v of chapter 11. The case resulted in a confirmed plan selling assets to a buyer and permitting the debtor to reorganize around remaining assets. *In re Red Properties LLC*, Case No. 22-20014 (Bankr. D. Me.).
- **First Guaranty Mortgage Corporation:** Represented First Guaranty Mortgage Corporation in the preparation and filing of its chapter 11 case. *In First Guaranty Mortgage Corporation*, Case No. 22-10584 (Bankr. D. Del.).
- **The ROTM Lofts, LLC:** Lead counsel in the successful reorganization of a company that owns and operates a historic tax credit project in a case under subchapter V of chapter 11. The case permitted the debtor to retain its primary asset with restructured debt and a reduced balance sheet. *In re The ROTM Lofts, LLC*, Case No. 20-20469 (Bankr. D. Me.).
- **Springfield Hospital Inc.:** Lead counsel representing Springfield Hospital, Inc., in its successful chapter 11 case. The company confirmed a chapter 11 plan reorganizing its debts and is continuing to provide health care services today. *In re Springfield Hospital, Inc*., Case No. 19-10283 (Bankr. D. Vt.).
- **Penobscot Valley Hospital:** Lead counsel for Penobscot Valley Hospital, which confirmed a chapter 11 plan that has restructured the company's balance sheet, after operational improvements, which together has positioned the company to continue to provide health care services for years to come. *In re Penobscot Valley Hospital,* Case No. 19-10034 (Bankr. D. Me.).
- **Calais Regional Hospital:** Lead counsel to Calais Regional Hospital, a rural hospital on the Canadian border, in a successful case resulting in continued hospital services through a sale of assets to another local hospital that is able to consolidate management functions and reduce cost. *In re Calais Regional Hospital,* Case No. 19-10491 (Bankr. D. Me.).

## Recent Creditor Committee Representations

- **Official Committee of American Unagi, Inc.:** Lead counsel representing the committee in this Maine-based matter. Dentons has advocated for the rights of general unsecured creditors during a sale process and lien investigation. The case is presently pending in the United States Bankruptcy Court for the District of Maine. *In re American Unagi, Inc*., Case No. 1:25-bk-10180.
- **Official Committee of Cozy Harbor Seafood, Inc. et al.:** Lead counsel representing the committee in this multi-debtor Maine-based matter. Dentons closely monitored a sale process that is expected to result in a significant return to unsecured creditors with priority claim and may provide further distributions pending litigation outcomes. The cases are pending in the United States Bankruptcy Court for the District of Maine. *In re Cozy Harbor Seafood,* Inc., Case No. 2:25-bk-20160; *In re Casco Bay Lobster Co. Inc*., Case No. 2:25-bk-20161; *In re Art's Lobster Co. Inc.*, Case No. 2:25-bk-20162.
- **Official Committee of Unsecured Creditors of Pottsville Operations, LLC:** Lead counsel representing the Official Committee of Unsecured Creditors of Pottsville Operations, LLC, in 19 jointly administered cases of



DENTONS

skilled nursing facilities with more than 3,000 beds in Pennsylvania. To date, Dentons work has ensured general unsecured creditors are protected through more favorable marketing processes for two different groups of assets. Additional work is underway. *In re Pottsville Operations, LLC*, Case No. 24-70418 (Bankr. W.D. P.A.).

- **Official Committee of Unsecured Creditors of Heywood Healthcare, Inc.:** Lead counsel representing the Official Committee of Unsecured Creditors of Heywood Healthcare, Inc., in the jointly administered chapter 11 cases of Heywood Healthcare, Inc., and its affiliates, including two community hospitals in Massachusetts. Dentons played a pivotal role in helping the parties reach a global settlement that is expected to provide general unsecured creditors recoveries of between 20% and 30%. *In re Heywood Healthcare, Inc.*, Case No. 23-40817 (Bankr. D. Mass.).
- **Official Committee of Unsecured Creditors of U.S. Credit, Inc.:** Lead counsel representing the Official Committee of Unsecured Creditors of U.S. Credit, Inc. in the chapter 11 case of U.S. Credit, Inc., a financial services company. *In re U.S. Credit, Inc.*, Case No. 24-10058 (Bankr. D. Mass.).
- **Official Committee of Unsecured Creditors of Vantage Travel Service, Inc:** Lead counsel representing the Official Committee of Unsecured Creditors of Vantage Travel Service, Inc., in the chapter 11 case of a travel company. The case involves more than $108 million claims of customers who paid for trips that were not provided. *In re Vantage Travel Service, Inc.,* Case No. 23-11060 (Bankr. D. Mass.).
- **Official Committee of Unsecured Creditors of Fairport Baptist Homes, et al.:** Lead counsel representing the Official Committee of Unsecured Creditors of Fairport Baptist Homes et al. The debtor companies own and operate a 142-bed skilled nursing facility, independent living, and other businesses related to senior care. *In re Fairport Baptist Homes, et al*., Case No. 22-20220 (Bankr. W.D. N.Y.).
- **Official Committee of Unsecured Creditors of Community Eco Power, LLC, et al.:** Lead counsel representing the Official Committee of Unsecured Creditors of Community Eco Power, LLC, et al. The Committee successfully reopened an auction, which led to a sale for significantly more than originally proposed. Official Committee of Unsecured Creditors of Community Eco Power, LLC, et al. *In re Community Eco Power, LLC, et al.,* Case No. 21-30234 (Bankr. D. Mass.).
- **Official Committee of Unsecured Creditors of Alto Maipo SpA:** Represent the Official Committee of Unsecured Creditors of Alto Maipo SpA in a case resulting in full recovery for unsecured creditors under a confirmed chapter 11 plan. *In re Alto Maipo SpA*, Case No. 21-11508 (Bankr. D. Del.).

## Other Recent Representations

- **Community Memorial Hospital:** Represent a court-appointed receiver in the liquidation and wind-down of the hospital, which is owned and operated by the Mark-Milford-Hicksville Joint Township Hospital District in a case pending in Ohio state court.
- **Former owner/lender:** Represent the former owner and lender of the debtor in enforcement of a claim based on seller financing. *In Island Employee Cooperative, Inc*., Case No. 21-10253 (Bankr. D. Me.).
- **State of New Hampshire, et al:** Independent counsel representing the State of New Hampshire and various agencies, including the Attorney General's Office, Department of Health and Human Services, and Department of Revenue, in chapter 11 cases in health care and other cases. *In re Stored Solar Enterprises, Series LLC,* Case No. 22-10191 (Bankr. D. Me.); *In re LRGHealthcare,* Case No. 20-10892 (Bankr. D.N.H.); *The Prospect-Woodward Home*, Case No. 21-10523 (Bankr. D. N.H.); *In re Gorham Paper and Tissue, LLC*, Case No. 20-12814 (Bankr. D. Del.).

## Recognition

- **Chambers USA Guide Recognizes Dentons With Excellent 2025 Rankings**
- **Dentons recognized by Best Lawyers in America® in 2025 rankings**
- **Chambers USA recognizes Dentons with significant new lawyer, practice rankings**
- **Dentons recognized by Best Lawyers in America® in 2024 rankings**

## Honors and Awards

- *Turnaround Management Association's* 2025 Non-Profit Company Turnaround/Transaction of the Year Award on behalf of Heywood Healthcare
- Listed as a Recognized Lawyer in Restructuring (including Bankruptcy): Corporate by *The Legal 500 US,* 2025
- Named*, Best Lawyers in America,* Bankruptcy and Creditor Debtor Rights / Insolvency and Reorganization Law, 2021-2025; Litigation - Bankruptcy, 2024, 2025
- Ranked, Maine, *Chambers USA*, Bankruptcy and Restructuring, 2019-2025
- Honoree, 40 Under 40, American Bankruptcy Institute, 2019
- National Conference of Bankruptcy Judges' Next Generation Program, 2016
- Selected for inclusion in the 2015-2020 issues of *Super Lawyers Rising Stars (*Maine)

## In the Media

- Quoted in "**Maine law firms are looking to a new generation of managing partners**," Mainebiz, November 18, 2024
- "**Flexibility, client connections are common themes in law office build-outs**," Mainebiz, November 18, 2024
- **"New Restaurant Relief Fund Threatens to Stiff Bankrupt Companies,"** *Bloomberg Law,* May 18, 2021
- "**Other possible bidders emerge in LRGHealthcare bankruptcy**," *New Hampshire Business Review*, November 18, 2020
- "**Judges expect 'tsunami' of bankruptcies**," The Guam Daily Post, October 30, 2020
- "**Federal court, attorneys collaborate for a bankruptcy seminar**", *The Guam Daily Post*, October 20, 2020
- "**Where are all the bankruptcies experts predicted?**" *Portland Press Herald*, September 8, 2020
- "**Virus bill leaves bankruptcy firms in limbo without SBA directions**," *Bloomberg Law*, August 3, 2020
- "**Calais Regional Hospital wants out of bankruptcy long enough to get PPP loan**," Channel 8WAGM/Channel 16 WWPI, July 29, 2020
- "**Calais hospital wants to temporarily exit bankruptcy so it can qualify for PPP loan**," *Bangor Daily News*, July 29, 2020
- "**Calais hospital struggles to find bank to help it apply for emergency stimulus loan**," *Bangor Daily News*, May 13, 2020
- "**Judge rules Springfield Hospital can apply for SBA loan**," *VTDigger*, May 7, 2020

- "**Springfield Hospital sues government for access to Paycheck Protection Program**," *Valley News*, May 5, 2020
- "**Courts grapple with bankruptcy companies' loan access**," *Bloomberg Law*, May 4, 2020
- "**2 bankruptcy Maine hospitals warn they could close if they don't receive stimulus funds**," Channel 13 WGME, April 29, 2020
- "**Small hospitals stumble over rules for federal coronavirus loans**," *Wall Street Journal*, April 22, 2020
- "**Rural hospitals unsure coronavirus aid is coming**," *Wall Street Journal*, April 9, 2020
- "**Coronavirus crisis puts bankruptcy hospitals back in demand**," *Wall Street Journal*, April 6, 2020
- "**Rural hospitals: the challenges Maine's hospitals face in delivering care to rural communities**," Maine Public Radio, December 18, 2019
- "**Court grants Lincoln hospital right to pay wages and bills during Ch. 11 proceedings**," *Mainebiz* January 31, 2019
- "**Lincoln hospital will keep operating despite $10m in debts**," *Bangor Daily News*, January 31, 2019

## Insights

- Co-author, "**Crisis in Rural, Community Hospitals Requires Shifts in Strategy,**" *Bloomberglaw.com*, March 5, 2021.
- "**How to navigate Congress's changes to the bankruptcy code**," Mainebiz, April 15, 2020.
- "**How to prepare for short-term business disruption**," Mainebiz, March 20, 2020.
- Co-author, "**When Blockchain Meets Article 9 And Bankruptcy,**" *Law360.com*, February 9, 2018.
- Co-author, "**Binding The Government In Healthcare Restructurings: What Notice Is Required?**," American Bankruptcy Institute, Bankruptcy Litigation Committee Newsletter (Jan. 2018).
- Co-author, "**Life After Jevic: And End To Priority-Skipping Distributions?**," Vol. XXXVI American Bankruptcy Institute Journal No. 9 (Sept. 2017).
- Co-author, "**Psst, Can You Keep a Secret? Unperfected "Secret" Liens as a Preference Defense**," Vol. XXXVI American Bankruptcy Institute Journal No. 6 (June 2017).
- Co-author, "**Trademarks and Bankruptcy: Mission to Harmonize Continues**," Vol. XXXVI American Bankruptcy Institute Journal No. 4 (April 2017).
- "**An Emerging Split of Authority: Does Actual Notice of a Security Interest Still Cut Off An Account Debtor's Setoff Rights Under UCC § 9-404(a)(2)?**," Fall 2016 ABA Commercial Law Newsletter (Nov. 15, 2016).
- "**Dueling Bankruptcies Prove that Rejection Beats Assumption**," Vol. XXXV American Bankruptcy Institute Journal No. 9 (Sept. 2016).
- Co-author, "**The Missing Page of the Playbook: "Blocking Directors" Cannot Be Relieved of Fiduciary Duty**," Vol. XXXV American Bankruptcy Institute Journal No. 8 (Aug. 2016).
- Co-author, "**You Take It: Force-Vesting under a Chapter 13 Plan**," Vol. XXXV American Bankruptcy Institute Journal No. 4 (April 2016).

- Co-author, "**Tools-of-the-Trade Exemption Includes Digital Files as Documents**," XXXV American Bankruptcy Institute Journal No. 3 (Mar. 2016).
- Co-author, "**Bankruptcy Court: Religious Court's Edict Violated the Automatic Stay**," XXXV American Bankruptcy Institute Journal No. 1 (Jan. 2016).
- "**Debtor Owns Social Media Accounts Created by Its Former Principal**," XXXIV American Bankruptcy Institute Journal No. 7 (July 2015).
- Chapter author, "Protecting Against Insolvency," The Health Plans Contracting Handbook: A Guide for Payers and Providers, American Health Law Association (8th ed. 2021).
- "**Racism, Juries, and Justice: Addressing Post-Verdict Juror Testimony of Racial Prejudice During Deliberations,**" 62 Me. L. Rev. 327 (2010).
- "**Putting Equity Back in Reverse Mortgages: Helping Seniors Retire With Dignity,**" 19:2 Me. Pol. Rev. 56 (2010).
- "**Putting Equity Back in Reverse Mortgages: How State Legislatures Can Bring Fairness to Home Equity Conversion Mortgages**," 12 Elder's Advisor 415 (2011).
- "**Judicial Performance and Policy Implications in Moore v. Abbott,**" 61 Me. L. Rev. 587 (2009).

## Presentations

- Presenter, "**Doing Business Overseas: Key Trends and Common Pitfalls,**" Association of Corporate Counsel Webinar, October 26, 2023
- Roundtable Panelist on Expert Webcast: Future of US Healthcare, October 20, 2022
- *From Green to Red: What Insolvency Professionals Need to Know About Cannabis,* American Bankruptcy Institute's Northeast Bankruptcy Conference & Northeast Consumer Forum, July 16, 2022 (discussed issues that arise when the growing state-sanctioned cannabis trade intersects with the insolvency world, in both commercial and consumer settings).
- *Debt Finance and Lender Enforcement Issues for Cannabis Borrowers,* 2022 New England Cannabis Convention, March 18, 2022 (financing opportunities for cannabis business owners in light of federal and state cannabis regulations).
- *Plenary Session* | *Industry Spotlight & 2022 Economic Outlook: Will Your Next Case Be Feasible?* American Bankruptcy Institute (December 10, 2021) (presented banking and insurance industry outlook for 2022).
- *Post-Pandemic Performance And Margin Strategies,* New England Society For Healthcare Strategy (November 18, 2021) (panel discussion regarding performance improvement and strategies for financially distressed organization).
- *Trends And Transactions In Healthcare And Physician Group M&A,* Expert Webcast (fall 2021) (panel discussion on health care and physician group M&A as impacted by Covid-19).
- *Reactor Panel: Where Have The Restructurings Gone?* American Bankruptcy Institute (October 25, 2021) (moderated a panel discussion on the status of health care restructurings during Covid-19 at ABI's dedicated program for distressed health care).
- *Navigating Change: Driving With One Flickering Headlight On A Dark Road In Maine,* Maine Health Care Association (October 20, 2021) (presentation to owners and operators of long-term care and senior living facilities regarding debt restructuring)

- *Health Care Restructuring And Insolvency In The Age Of Covid-19,* American Health Law Association (July 7, 2021) (panel discussion on restructuring options for health care providers in the age of Covid-19).
- *Great Debates: Resolve, Arbitration Of Disputes In Bankruptcy Should Be Allowed (And Encouraged)?* American Bankruptcy Institute (April 22, 2021) (debate at ABI's Annual Spring Meeting on enforceability of arbitration provisions in bankruptcy cases).
- *Restructuring Options for Rural Hospitals and Nursing Care Facilities,* Expert Webcast (April 15, 2021) (panel discussion on restructuring, financing, M&A and strategic options available to rural hospitals and nursing care facilities to pivot and continue operations in the "New Normal").
- *Healthcare Insolvency in the Age of COVID-19*, presented by the Boston Bar Association (March 4, 2021) (panel discussion on of key issues in health care insolvency cases and new developments from emerging case law).
- *Pitfalls of the PPP: The Impact of COVID-19 on the World of Financial Workouts,* 2021 South Carolina Bar Convention, Corporate, Banking, and Securities Law Seminar (January 22, 2021).
- *Economic Impacts of Covid-19*, sponsored by the Guam Bar Association (October 30, 2020).
- *ABI Talks*, 2020 Midwestern Virtual Bankruptcy Institute, American Bankruptcy Institute (October 29, 2020) (presented a talk on health care restructuring).
- *Bankruptcy Issues Related to PPP Loans and Other Pandemic Governmental Lending Programs*, insolvency2020, presented by the American Bankruptcy Institute (October 13, 2020) (panel discussion on bankruptcy matters pertaining to the Paycheck Protection Program and related matters).
- *Business Survival Strategies For The Now And The Future*, Maine Society of CPAs (April 23, 2020) (webinar presenting an educational program for CPAs who are likely to have clients in need of business advice in light of Covid-19).
- *A Roadmap To Tough Choices: Financial Advice During Covid-19*, presentation in partnership with the City of Sommerville, Mass. (forthcoming April 22) (webinar presentation for businesses on survival techniques during periods of financial distress).
- *Protect Your Cash And Explore Government Financing Opportunities*, (March 26, 2020) (webinar presentation with local financial advisor to clients of both firms on survival techniques during a period of economic instability).
- *The Gotchas That Getcha: Selected Loan Documentation Issues Part III*, Association of Commercial Finance Attorneys (May 19, 2019) (presented on potential insolvency impacts from climate change).
- *Stayin' Alive . . . Debt Restructuring for Critical Access Hospitals*, American Bankruptcy Institute, abiLIVE webinar series (May 2, 2019).
- *Recreational Marijuana Business Law in Maine*, National Business Institute (Dec. 11 & 13, 2018) (presented on insolvency issues for cannabis businesses).
- *Litigating New Financial Industry Issues in Bankruptcy: Cryptocurrency, Blockchain, and Other Breaking News*, American Bankruptcy Institute, Winter Leadership Conference (Dec. 6-8, 2018).
- *Bitcoin: Tax And Commercial Law Implications*, Maine Society of CPAs (Sept. 6, 2018).
- *Beyond the Surface of Venue: Real World Bankruptcy Practice in 2018*, National Conference of Bankruptcy Judges (Oct. 30, 2018) (recorded program for webcast).
- *Bitcoin Financing: UCC, Regulatory and Hedging Concerns*, Strafford (April 10, 2018 and rebroadcast with live Q&A June 6, 2018).

- *The Uniform Voidable Transaction Act (UVTA): An Overview Of Changes*, National Business Institute (Mar. 5, 2018).
- *Debt Restructuring And Asset Sales For Health Care Businesses*, Maine Health Care Association (Oct. 2017).

## Memberships

- Member, American Bankruptcy Institute
- Co-Chair, American Bankruptcy Institute Health Care Insolvency Committee (2018-2022)
- Member, Maine State Bar Association
- Member, Jewish Community Relations Council of Southern Maine (2017-2021)
- Member, Boston Bar Association
  - Bankruptcy Section Finance Co-Chair (August 2022-2023)

## Areas of Focus

### Practices

- Restructuring, Insolvency and Bankruptcy
- Commercial Litigation
- Out-of-Court Restructurings and Work-outs
- Debtor Representation
- Creditor and Equity Committee Representation

### Industry Sectors

- Distressed Health Care
- Private Equity
- Cannabis

### Region

- United States

## Education

- University of Maine, JD, *summa cum laude*
- University of Massachusetts, BA, *cum laude*

## Admissions and Qualifications

- Maine
- Massachusetts
- US Bankruptcy Appellate Panel for the First Circuit
- US Court of Appeals for the First Circuit
- US Court of Appeals for the Second Circuit
- US District Court for the District of Maine
- US District Court for the District of Vermont

## Languages

- English



**Lauren Macksoud**
Partner, New York
Telephone: +1 212 768 5347
Email: lauren.macksoud@dentons.com
Website bio: https://www.dentons.com/en/lauren-macksoud

Lauren is a partner in the **Restructuring, Insolvency and Bankruptcy** practice group at Dentons. Lauren focuses her practice on bankruptcy and insolvency matters and works with all types of businesses. She has a broad range of experience in representing debtors, secured parties and unsecured creditors. Lauren's experience in and out of the courtroom gives her an upper hand when it comes to maximizing recoveries and minimizing risks for clients in and out of bankruptcy.

In addition to her work on restructuring matters, Lauren also advises financial institutions on the structuring of financing transactions such as real estate financings, securitizations, repurchase agreements, secured lending arrangements, and other derivative agreements, with a focus on insolvency risks, enforcement rights and remedies. Lauren serves as a member of the capital markets opinion committee for bankruptcy matters. Lauren also has experience representing lenders in various types of energy-efficiency project finance transactions including PACE transactions.

Lauren served as a law clerk to the Honorable Novalyn L. Winfield, United States Bankruptcy Judge for the District of New Jersey. She is a graduate of Rutgers School of Law and Boston University.

## Experience

### Debtor Representations

- **First Guaranty Mortgage Corporation**: Served as counsel to debtor, a mortgage originator, which filed for Chapter 11 in the United States Bankruptcy Court for the District of Delaware. As part of the Dentons restructuring and capital markets team handling the case, Lauren negotiated and obtained approval of two DIP facilities; one providing operational financing and one providing financing to fund the loans in the pipeline.
- **Verity Health System:** Served as counsel to the debtors, a large California-based health care system, in the second largest Chapter 11 hospital bankruptcy in American history, filed in the US Bankruptcy Court for the Central District of California. Issues include the marketing and sale of 6 hospitals and related assets, debtor in possession financing of $185 million, resolving labor issues and collective bargaining agreements, and the treatment of hundreds of millions of dollars of claims arising in connection with pension plans.
- Represented individual debtor in contentious involuntary chapter 11 proceeding in the Southern District of New York.
- **The Saint Vincent's Catholic Medical Center:** Represented the debtor in a chapter 11 liquidation.

## Creditor Committee Representations

- **Official Committee of Unsecured Creditors of Heywood Healthcare, Inc. et al. (Chapter 11 – District of Massachusetts):** The debtor companies own and operate two community hospitals in Massachusetts.
- **In re Fairport Baptist Homes et al. (Chapter 11 – Western District of New York):** The debtor companies own and operate a 142-bed skilled nursing facility, independent living, and other businesses related to senior care.
- In re Motors Liquidation Co. (Chapter 11 – Southern District of New York)
- In re Chrysler LLC (Chapter 11 bankruptcy – Southern District of New York)

## Lender Representations

- Represented real estate investment firm in purchase of a New York area boutique hotel and apartment building. Lauren assisted in drafting and confirming a creditor plan following a credit bid. Lauren also took a lead role in successfully defending an appeal of the confirmation order to the District Court.
- Represented syndicate of lenders in work out of rail car credit facility.
- Represented a DIP lender in the bankruptcy of a New York-based construction project.
- Represented a lender with respect to a battery storage development loan transaction.
- Represented a lender with respect to cogeneration system development project.
- Represented lender in connection with approval as authorized lender to NYC PACE program.

## Investor Representations

- Represented bondholders in take-private transaction through a debt for equity swap under a prepackaged plan in bankruptcy.
- Represented bidders for various hotels in the Eagle Hospitality portfolio under section 363 of the Bankruptcy Code.
- Represented mezzanine lender in connection with the foreclosure of a premier NY hotel.
- Represented a Chapter 11 plan sponsor in the acquisition of a mining company.
- Represented the purchaser of a used auto parts company.
- Represented the purchaser of a mining company through a Chapter 11, Section 363, sale process.
- Represented the purchaser of a business consulting firm through a Chapter 11, Section 363, sale process.

## Cross Border Matters

- Represented foreign representatives in various proceedings under Chapter 15 of the Bankruptcy Code.

## Indenture Trustee Representations

- Represented a DIP indenture trustee in a US$375 million issuance as foreign counsel across multiple European countries and Australia.

- Represented indenture trustee as global counsel in the US and multiple Asian countries in the issuance of US$650 million of notes upon the consummation of a prepackaged plan of reorganization.

## Insurance and Mass Tort

- Represents insurance companies in numerous bankruptcy cases of religious organizations including the Roman Catholic Diocese of Syracuse, the Roman Catholic Bishop of Oakland and the Franciscan Friars of California Inc.
- Represents insurer in Purdue Pharma bankruptcy case in connection with matters related to insurance coverage of Purdue and its affiliates.
- Represented an insurer in the USA Gymnastics chapter 11 case in connection with insurance coverage provided to USA Gymnastics.

## Honors and Awards

- *Turnaround Management Association's* 2025 Non-Profit Company Turnaround/Transaction of the Year Award on behalf of Heywood Healthcare
- Named one of 2021 *Crain's New York Business'* fourth annual Notable Women in Law list
- Recognized Lawyer, *The Legal 500*, Restructuring (including Bankruptcy): Corporate, 2022, 2025

## In the Media

- "First Guaranty Mortgage Gets Court OK To Tap $11M," *Law360*, July 1, 2022

## Insights

- Co-author, "GME @ Dentons: Hahnemann bankruptcy to leave residents without malpractice insurance," *Dentons Insights*, December 5, 2019
- Co-author, "Material Adverse Effect Clauses are Enforceable in Delaware," American Bankruptcy Institue Journal, March 2019
- Co-author, "Does the Second Circuit in Sabine Have the Final Word on Texas Law?," *American Bankruptcy Institute Journal*, August 2018
- Co-author, "Merit: Safe-Harbored No More?," *American Bankruptcy Institute Journal*, April 2018
- Co-author, "A Momentive Performance: Second Circuit Sets Interest Rate Standard and Denies Make Whole in Momentive Cramdown Plan," *American Bankruptcy Institute Journal*, January 2018

## Activities and Affiliations

Lauren is a board member for the Animation Project, a nonprofit that uses digital art technology as a therapeutic medium and workforce development tool to nurture the social, emotional and cognitive growth of at-risk youth.

## Presentations

- Panelist, "Trends in the Leveraged Loan Sector: The Rise of Chapter 11 Filings in the High Yield and Leveraged Loan Market," IMN's ABS East Virtual 2020, December 1, 2020

## Memberships

- International Association of Restructuring, Insolvency and Bankruptcy Professionals (INSOL)
  - Fellow, INSOL International

## Prior and Present Employment

- New York City Energy Efficiency Corporation - Lauren spent five years as in-house counsel at NYCEEC, the nation’s first municipal green bank. Lauren worked with local governments, community leaders, clean energy non-profits, as well as building owners, managers and contractors to finance all manner of clean energy projects.
- Kramer Levin Naftalis & Frankel LLP
- Thacher Proffitt & Wood
- Law Clerk, Hon. Novalyn L. Winfield, US Bankruptcy Court for the District of New Jersey

## Areas of Focus

### Practices

- Restructuring, Insolvency and Bankruptcy
- Creditor and Equity Committee Representation
- Debtor Representation
- Distressed M&A, Investing and Debt Trading
- Out-of-Court Restructurings and Work-outs
- Commercial Litigation
- Capital Markets

### Industry Sectors

- Distressed Asset Investors

## Education

- Rutgers University School of Law-Newark, 2003, JD
- Boston University, 2000, BS, Communications/Public Relations

## Admissions and Qualifications

- New Jersey
- New York
- US Court of Appeals for the Second Circuit
- US Bankruptcy Court for the District of New Jersey
- US Bankruptcy Court for the Eastern District of New York
- US Bankruptcy Court for the Southern District of New York



**Kyle D. Smith**
Managing Associate, Portland
Telephone: +1 207 553 8368
Email: kyle.d.smith@dentons.com
Website bio: https://www.dentons.com/en/kyle-d-smith

Kyle D. Smith is a managing associate in the Restructuring, Insolvency and Bankruptcy practice group in Dentons' Portland office. Kyle has experience representing debtors, committees, secured creditors and other parties-in-interest in chapter 11 and chapter 7 cases. His work with clients includes a focus on bankruptcy-related litigation and dispute resolution, with experience in chapter 11 reorganizations, asset sales and acquisitions, and debt restructuring outside of court and via state law proceedings.

Prior to joining Dentons, Kyle was a bankruptcy associate at a large Maine law firm, and was an associate at a New York City law firm that focuses on representing creditors' committees in large chapter 11 reorganizations. While at the University of Michigan Law School, Kyle served as a judicial intern in the United States District Court for the District of Massachusetts.

## Experience

- **Official Committee of American Unagi, Inc.:** Lead counsel representing the committee in this Maine-based matter. Dentons has advocated for the rights of general unsecured creditors during a sale process and lien investigation. The case is presently pending in the United States Bankruptcy Court for the District of Maine. *In re American Unagi, Inc*., Case no. 1:25-bk-10180.
- **Official Committee of Cozy Harbor Seafood, Inc. et al.:** Lead counsel representing the committee in this multi-debtor Maine-based matter. Dentons closely monitored a sale process that is expected to result in a significant return to unsecured creditors with priority claim and may provide further distributions pending litigation outcomes. The cases are pending in the United States Bankruptcy Court for the District of Maine. *In re Cozy Harbor Seafood, Inc*., 2:25-bk-20160; *In re Casco Bay Lobster Co. Inc*., Case no. 2:25-bk-20161; *In re Art's Lobster Co. Inc*., Case no. 2:25-bk-20162.
- **Marianas Properties, LLC:** Lead counsel representing the debtor, the owner of Pacific Star Resort & Spa, in a chapter 11 case. The debtor and two non-debtor affiliates are co-obligors on a significant loan to Bank of Guam, and the case was filed to resolve these issues for the debtor. *In re Marianas Properties, LLC,* Case No. 24-13 (Guam).
- **Official Committee of Unsecured Creditors of Pottsville Operations, LLC:** Lead counsel representing the Official Committee of Unsecured Creditors of Pottsville Operations, LLC, in 19 jointly administered cases of skilled nursing facilities with more than 3,000 beds in Pennsylvania. To date, Dentons work has ensured general unsecured creditors are protected through more favorable marketing processes for two different groups of assets. Additional work is underway. *In re Pottsville Operations, LLC*, Case No. 24-70418 (Bankr. W.D. P.A.).
- **Asia Pacific Financial Management Group Inc.:** Lead counsel representing the debtor, a broker-dealer and registered representative advisor, in its reorganization under subchapter V of chapter 11. The debtor as resolved

significant disputes with its largest creditor in advance of plan confirmation. *In re Asia Pacific Financial Management Group, Inc*., Case No. 23-5 (Guam).

- **Curitec LLC:** Represented the debtor, a direct medical equipment provider, in a successful reorganization case under chapter 11. This case was a true reorganization, which paid all creditors in full at confirmation and allowed equity to retain control. The case was commenced in response to a complete cessation of payments by Medicare. In less than a month after the filing, Dentons negotiated a resolution that restored the majority of payments, advancing important arguments about bankruptcy court jurisdiction, the automatic stay, and Medicare jurisdiction. Medicare asserted a claim for more than $32 million, but the parties reached a favorable settlement paying less than $10 million. Bankruptcy Judge Christopher Lopez, in confirming the plan, said that he was "honored" to be the bankruptcy judge on such a case, that the result was "incredible" and a "testament to hard work." *In re Curitec LLC,* Case No. 23-90108 (Bankr. S.D.Tex.).
- **Official Committee of Unsecured Creditors of Heywood Healthcare, Inc.:** Lead counsel representing the Official Committee of Unsecured Creditors of Heywood Healthcare, Inc., in the jointly administered chapter 11 cases of Heywood Healthcare, Inc., and its affiliates, including two community hospitals in Massachusetts. *In re Heywood Healthcare, Inc*., Case No. 23-40817 (Bankr. D. Mass.).
- **Official Committee of Unsecured Creditors of Fairport Baptist Homes, et al.:** Lead counsel representing the Official Committee of Unsecured Creditors of Fairport Baptist Homes et al. The debtor companies own and operate a 142-bed skilled nursing facility, independent living, and other businesses related to senior care. *In re Fairport Baptist Homes, et al.,* Case No. 22-20220 (Bankr. W.D. N.Y.).
- **State of New Hampshire, et al:** Independent counsel representing the State of New Hampshire and various agencies including the Department of Revenue in chapter 11 cases. *In re Stored Solar Enterprises, Series LLC*, Case No. 22-10191 (Bankr. D. Me.).
- ***In re Inmet Mining, LLC:*** Represented the Official Committee of Unsecured Creditors. The Debtor was a coal mining company with locations in Kentucky and Virginia with over $100 million in debt. The Committee negotiated resolution of a challenge to the Debtor's secured lender which guaranteed a recovery to unsecured creditors, then the Committee worked with the Debtor on two asset sales under section 363 of the Bankruptcy Code, and drafted a joint plan of liquidation with the Debtor which was confirmed with the support of unsecured creditors. Chapter 11 Case No. 23-70113-grs, (Bankr. E.D. K.Y.)
- ***In re Green Roads, Inc*.:** Currently represent the Debtor, a CBD company, which recently closed on an expedited sale process for substantially all of the Debtor's assets as a going-concern under section 363 of the Bankruptcy Code. Chapter 11 Case No. 23-11738-SMG, (Bankr. S.D. F.L)

## Honors and Awards

- Selected to *New England Super Lawyers* Rising Stars list, 2023

## Activities and Affiliations

- American Bankruptcy Institute
  - Practice Co-Chair, Emerging Leaders Program for the American Bankruptcy Institute 2024 Northeast Bankruptcy Conference
- Maine State Bar Association

## Community Involvement and Pro Bono

- Successfully represented a Maine family in an eviction action, and won a preliminary injunction and secured a monetary settlement based on warranty of habitability claims.
- Assisted in the representation of a Chinese political refugee in connection with filing an affirmative asylum application in the United States.

## Presentations

- Moderator, “Suring Lessons: How to Prepare for the Next Restructuring Wave,” American Bankruptcy Northeast Conference Emerging Leaders Luncheon and Program, July 9, 2024

## Areas of Focus

**Practices**

- Restructuring, Insolvency and Bankruptcy
- Debtor Representation

## Education

- University of Michigan Law School, 2019, JD
- Connecticut College, 2014, BA, Government, cum laude

## Admissions and Qualifications

- Maine
- New York
- US Bankruptcy Court for the District of Maine
- US District Court for the District of Maine



**David K. (D.K.) Boydstun, Jr.**
Associate, Louisville
Telephone: 1 502 587 3619
Email: david.boydstun@dentons.com
Website bio: https://www.dentons.com/en/david-boydstun

David K. (D.K.) Boydstun, Jr. is a member of Dentons' Restructuring, Insolvency and Bankruptcy group in the Louisville office. D.K. represents debtors, creditors' committees, trustees, secured creditors, and other parties-in-interest in chapter 11 and chapter 7 bankruptcy cases.

Prior to joining Dentons, D.K. served as a judicial law clerk for Judge Jamie A. Wilson of the United States Bankruptcy Court for the Southern District of Mississippi and as a judicial law clerk for Justice Josiah D. Coleman of the Supreme Court of Mississippi. While in law school, D.K. was a member of the Mississippi Law Journal, serving as Associate Articles Editor and Staff Editor.

## Experience

## Debtor Representations

- **In re Davis Auto Group, LLC, Chapter 11 Case No. 24-40815-crm, United States Bankruptcy Court for the Western District of Kentucky:** Currently representing the Debtor, a Chrysler-Dodge-Jeep-Ram dealership in an involuntary chapter 11 bankruptcy case commenced against it. In the first four months of the case, the Debtor obtained approval of debtor-in-possession financing over the objection of various parties and closed on the sale of its dealership assets over the objection of various parties – satisfying all secured claims against the estate.
- **In re Marianas Properties, LLC, Chapter 11 Case No. 24-00013, United States Bankruptcy Court for the District of Guam:** Currently representing the debtor, the owner of Pacific Star Resort & Spa, in a chapter 11 case. The debtor and two non-debtor affiliates were co-obligors on a significant loan to Bank of Guam, and the case was filed to resolve these issues for the debtor. The Debtor succeeded in selling substantially all of its assets and achieving a successful resolution of the Bank of Guam's claim.

## Committee Representations

- **In re Pottsville Operations, LLC, et al., Chapter 11 Case No. 24-70418, United States Bankruptcy Court for the Western District of Pennsylvania:** Currently representing the Official Committee of Unsecured Creditors of Pottsville Operations, LLC, in 19 jointly administered cases of skilled nursing facilities with more than 3,000 beds in Pennsylvania. To date, Dentons work has ensured general unsecured creditors are protected through more favorable marketing processes for two different groups of assets. Additional work is underway.

## Chapter 7 Trustee and Liquidating Trust Representations

- **In re Inmet Mining, LLC, Chapter 11 Case No. 23-70113-grs, United States Bankruptcy Court for the Eastern District of Kentucky:** Currently representing the Liquidating Trust of Inmet Mining, LLC. The Debtor was a coal mining company with locations in Kentucky and Virginia with over $100 million in debt. The Liquidating Trust negotiated a sale of its secured claim in a related bankruptcy proceeding, ensuring a recovery to creditors.
- **In re Heywood Healthcare, Inc., Chapter 11 Case No. 23-40817, United States Bankruptcy Court for the District of Massachusetts:** Currently representing the Liquidating Trust of Heywood Healthcare, Inc., et. al. during the claims reconciliation process in the jointly administered chapter 11 cases of Heywood Healthcare, Inc., and its affiliates, including two community hospitals in Massachusetts.
- **In re Charles Deweese Construction, Inc., Chapter 7 Case No. 22-10355-jal, United States Bankruptcy Court for the Western District of Kentucky:** Represented the chapter 7 Trustee in pursuing estate causes of action by filing and negotiating the resolution of numerous adversary proceedings before the United States Bankruptcy Court for the Western District of Kentucky.

## Creditor Representations

- **In re Integrity Carbon Solutions, LLC, et. al., Chapter 11 Case No. 24-70259-grs, United States Bankruptcy Court for the Eastern District of Kentucky:** Represented the insider debtor-in-possession financing lender in providing financing to two affiliated coal mining companies, including the successful roll-up of prepetition debt.
- **In re Sarria, Chapter 7 Case No. 24-24511, United States Bankruptcy Court for the Western District of Tennessee:** Represented the lessor in negotiating the successful lease assignment for multiple fast-food locations in the Midwest.

## Memberships

- Member, Kentucky Bar Association
- Member, Louisville Bar Association
- Member, Mississippi Bar Association

## Areas of Focus

### Practices

- Restructuring, Insolvency and Bankruptcy
- Debtor Representation
- Creditor and Equity Committee Representation

## Education

- University of Mississippi School of Law, 2021, JD, cum laude
- Mississippi State University, 2018, Bachelor of Business Administration, magna cum laude
- East Central Community College, 2016, AA

## Admissions and Qualifications

- Kentucky
- Mississippi
- US District Court for the Eastern District of Kentucky
- US District Court for the Western District of Kentucky



**Henry Thomas**
Associate, New York
Telephone: +1 212 398 5814
Email: henry.thomas@dentons.com
Website bio: https://www.dentons.com/en/henry-thomas

Henry Thomas is a member of the Restructuring, Insolvency and Bankruptcy practice in the New York office. He represents debtors, creditors' committees, secured creditors and other parties-in-interest in chapter 11 and chapter 7 bankruptcy cases.

Prior to joining Dentons, Henry was an associate at a firm known for its representations of creditors' committees and interned with the Civil Division of the United States Attorney's Office for the Eastern District of New York and externed for the Hon. Pamela K. Chen in the Eastern District of New York.

## Experience

### Debtor Representations

- **Powin, LLC and its affiliates (Powin):** Represented Powin, a leading US battery energy storage integrator based in Portland, Oregon, in its chapter 11 restructuring following unprecedented challenges stemming from its reliance on lithium iron phosphate (LFP) cells sourced from China—an area of the supply chain exposed to rapidly rising tariffs and global disruptions. The matter also involved significant cross-border issues involving Canada, Australia, Spain, and China. Dentons advised Powin in successfully negotiating and obtaining DIP financing, selling substantially all of their assets, and confirming a combined joint disclosure statement and plan with the Official Committee of Unsecured Creditors.

## Committee Representations

- **Oroville Hospital and OroHealth Corporation:** Representing the Official Committee of Unsecured Creditors appointed in the chapter 11 cases filed by Oroville Hospital and OroHealth Corporation.
- **Furniture and home furnishings manufacturer:** advising the unsecured creditors' committee and its affiliated debtors.

## Insights

- Co-Author, "**Bankruptcy as a Pathway to Priming HUD-Guaranteed Loan for SNFs**," *Journal of Corporate Renewal*, October 2025

## Activities and Affiliations

- American Bankruptcy Institute, Member
- New York City Bar Association, Member

## Areas of Focus

**Practices**

- Restructuring, Insolvency and Bankruptcy
- Creditor and Equity Committee Representation

**Industry Sectors**

- Life Sciences and Health Care

## Education

- Benjamin N. Cardozo School of Law, 2023, JD
- Colgate University, 2018, BA, *magna cum laude*

## Admissions and Qualifications

- New York
- Pennsylvania