UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

NORTH STAR HEALTH ALLIANCE, INC., *et al*,[1]

Debtors.

Chapter 11

Case No. 26-60099 (WAK)
Main Case
Jointly Administered
Case No. 26-30078
Case No. 26-30079
Case No. 26-60100

**LIMITED OBJECTION OF NORTHERN CREDIT UNION TO DEBTORS'
MOTION FOR ENTRY OF AN ORDER (A) PROHIBITING UTILITY
COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES
TO AND/OR DISCRIMINATING AGAINST THE DEBTORS ON ACCOUNT
OF THE BANKRUPTCY FILINGS OR ANY PREPETITION AMOUNTS DUE,
(B) DETERMINING THAT THE DEBTORS' UTILITIES ARE ADEQUATELY
ASSURED OF FUTURE PAYMENT, (C) ESTABLISHING PROCEDURES FOR
REQUESTING ADDITIONAL ASSURANCE OF PAYMENT, AND
(D) ESTABLISHING PROCEDURES FOR OBJECTING**

Northern Credit Union ("NCU"), by and through its undersigned counsel, hereby files its limited objection (this "Limited Objection") to the *Motion for Entry of an Order (A) Prohibiting Utility Companies from Altering, Refusing or Discontinuing Services to and/or Discriminating Against the Debtors on Account of the Bankruptcy Filings or Any Prepetition Amounts Due, (B) Determining That the Debtors' Utilities Are Adequately Assured of Future Payment, (C) Establishing Procedures for Requesting Additional Assurance of Payment, and (D) Establishing Procedures for Objecting* (the "Utility Motion") [Docket No. 102], filed by the above captioned debtors and debtors in possession (the "Debtors"). In support of this Limited Objection, NCU respectfully represents as follows:

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).

**BACKGROUND**

1.      On February 10, 2026 (the "Petition Date"), the Debtors filed separate voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Northern District of New York (the "Court"), commencing the Debtors' chapter 11 cases (these "Chapter 11 Cases").

2.      On February 11, 2026, the Debtors filed their *Motion for Interim and Final Orders Authorizing Use of Cash Collateral* [Docket No. 13] (the "Cash Collateral Motion").

3.      On February 11, 2026, NCU filed its *Objection and Reservation of Rights to Motion for Interim and Final Orders Authorizing Use of Cash Collateral* [Docket No. 23] (the "NCU Cash Collateral Objection"), raising certain objections to the Debtors' use of NCU's cash collateral.

4.      Following the filing of the NCU Cash Collateral Objection, this Court has entered a series of interim cash collateral orders with the consent of NCU: (a) the First Interim Order Authorizing Use of Cash Collateral on February 13, 2026 [Docket No. 31]; (b) the Second Interim Order Authorizing Use of Cash Collateral on February 18, 2026 [Docket No. 57]; (c) the Third Interim Order Authorizing Use of Cash Collateral on February 26, 2026 [Docket No. 84]; (d) the Fourth Interim Order Authorizing Use of Cash Collateral on March 5, 2026 [Docket No. 124]; (e) the Fifth Interim Order Authorizing Use of Cash Collateral on March 16, 2026 [Docket No. 159]; and (f) the Sixth Interim Order Authorizing Use of Cash Collateral on March 23, 2026 [Docket No. 173] (collectively, with any subsequent orders authorizing the use of cash collateral, the "Cash Collateral Orders").

5.      On March 3, 2026, the Debtors filed the Utility Motion.

## **LIMITED OBJECTION**

6.      NCU does not object to the underlying relief requested in the Utility Motion to the extent that the Motion seeks authorization, pursuant to section 366 of the Bankruptcy Code, to provide utility companies with adequate assurance of future payment by continuing to pay post-petition obligations to utility companies in the ordinary course of business and in accordance with an approved cash collateral budget.

7.      The Utility Motion, however, suggests that the adequate assurance to be provided by the Debtors will take the form of "all *pre-petition* and ongoing post-petition payments through the duration of these Chapter 11 Cases." Utilities Motion ¶ 15 (emphasis added).

8.      NCU objects to the relief requested in the Utility Motion to the extent the Debtors propose to pay any (i) pre-petition amounts owed to utility providers, and (ii) amounts not authorized in a cash collateral budget.

**WHEREFORE**, NCU respectfully requests entry of an order (i) denying the Utility Motion to the extent it seeks authorization to pay pre-petition amounts due to any utility company or to make any payments in contravention of the Cash Collateral Orders; and (ii) granting such other and further relief as the Court deems just and proper.

[*Remainder of page intentionally left blank.*]

Dated: March 25, 2026                                    **BOND, SCHOENECK & KING, PLLC**

By:    /s/ Charles J. Sullivan
       Charles J. Sullivan (Bar Roll #507717)
       Grayson T. Walter (Bar Roll #518237)
       Andrew S. Rivera (Bar Roll #700712)
       One Lincoln Center, 18th Floor
       Syracuse, NY  13202-1355
       Telephone: (315) 218-8000
       Facsimile: (315) 218-8100
       Emails: sullivc@bsk.com
               walterg@bsk.com
               arivera@bsk.com

       *Attorneys for Northern Credit Union*