**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x

In re                                                                           :  Chapter 11
                                                                                :
NORTH STAR HEALTH ALLIANCE, INC., *et al*,[1]     :  Case No. 26-60099-5-wak
                                                                                :  Main Case
                          Debtors.                                    :  Jointly Administered
                                                                                :  Case No. 26-30078
                                                                                :  Case No. 26-30079
                                                                                :  Case No. 26-60100

-----------------------------------------------------------------------x

**SUPPLEMENTAL STATEMENT IN SUPPORT OF APPLICATION**
**OF THE DEBTORS AND DEBTORS-IN-POSSESSION FOR ENTRY OF**
**AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION**
**OF WINTERGREEN, INC., AS FINANCIAL AND RESTRUCTURING**
**ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE**

TO THE HONORABLE WENDY A. KINSELLA,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

North Star Health Alliance, Inc. ("North Star"), Carthage Area Hospital, Inc. ("Carthage"),

Claxton-Hepburn Medical Center, Inc. ("Claxton"), and Meadowbrook Terrace, Inc.

("Meadowbrook"), the above-captioned debtors and debtors-in-possession (collectively, the

"Debtors"), submit this Supplemental Statement in support of their application (the "Application"

[Docket No. 113]) for entry of an order authorizing the Debtors to employ and retain Wintergreen,

Inc. ("Wintergreen"), as financial and restructuring advisor for the Debtors, effective *nunc pro*

*tunc* to the Petition Date.

1.        Subsequent to the filing of the Application, Wintergreen provided notice of

termination, effective as of April 10, 2026, as evidenced by the letter dated March 11, 2026

attached hereto as **Exhibit A**.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).

1

2. Debtors therefore hereby supplement and amend their Application to request authority to retain and employ Wintergreen for the specific period from the Petition Date through and including April 10, 2026 unless an earlier termination date is mutually agreed upon (the "Retention Period").

3. Wintergreen shall apply for compensation and reimbursement of expenses for the Retention Period in accordance with the Engagement Letter, Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of this Court; provided, however, that Wintergreen shall seek payment of its fees and expenses and be permitted to file a first and final fee application for the Retention Period based upon its hourly rates set forth in the Engagement Letter. Wintergreen has agreed and acknowledged that the first and final fee application filed by Wintergreen in these cases shall reflect a credit in favor of the Debtors for the unused portion of the $240,000 pre-petition payment made on February 2, 2026, after application of Wintergreen's hourly fees and expenses for the Retention Period, as approved by the Court. Any and all fees and expenses awarded to Wintergreen by the Court (the "Wintergreen Fees") shall be satisfied first from such pre-petition payment and then from the approximate $325,000 retainer that Wintergreen holds (the "Retainer"), and the remaining balance of the Retainer shall be delivered to the Debtors within five (5) business days after the entry of an order by the Court awarding the Wintergreen Fees.

WHEREFORE, the Debtors respectfully request the entry of an order substantially in the form attached hereto as **Exhibit B**: (a) authorizing and approving the retention and employment of Wintergreen by the Debtors as their financial and restructuring advisor for the Retention Period; (b) authorizing Wintergreen to be compensated at its standard hourly rates, as set forth in the

Engagement Letter, subject to applicable provisions of the Bankruptcy Code for the Retention

Period; and (c) granting such other and further relief as this Court deems just and proper.

Dated:   March 26, 2026

North Star Health Alliance, Inc.
By:  Andrew Manzer, Chief Executive Officer

Carthage Area Hospital, Inc.
By:  Andrew Manzer, Chief Executive Officer

Claxton-Hepburn Medical Center, Inc.
By:  Andrew Manzer, Chief Executive Officer

Meadowbrook Terrace, Inc.
By:  Andrew Manzer, Chief Executive Officer

Filed by:

**BARCLAY DAMON LLP**
*Proposed Counsel for Debtors and Debtors-In-Possession*
Janice B. Grubin
Ilan Markus (admitted *pro hac vice*)
1270 Avenue of the Americas, Suite 2310
New York, New York 10020
Janice B. Grubin:  (212) 784-5808; jgrubin@barclaydamon.com
Ilan Markus:  (203) 672-2661; imarkus@barclaydamon.com

## Exhibit A

**[Wintergreen Termination Letter]**



March 11, 2026

[Via Email and First-Class U.S. Mail]

Andrew Manzer
Chief Executive Officer
North Star Health Alliance, Inc.
214 King Street
Ogdensburg, New York 13669

Re: Notice of Termination Advisory Services and CRO Engagement

Dear Mr. Manzer:

Wintergreen appreciates the opportunity to have served North Star Health Alliance and its affiliated entities ("North Star"). However, recent events have materially impaired the parties' working relationship and Wintergreen's ability to continue the engagement with the level of trust and confidence required for this role.

Accordingly, pursuant to Section 9(a) of the Financial Advisory and CRO Agreement dated January 19, 2026, as amended and restated on January 27, 2026 (the "Agreement"), Wintergreen hereby provides notice that it is terminating the Agreement effective thirty (30) days after your receipt of this notice. Wintergreen expressly reserves all rights, claims, defenses, and remedies under the Agreement and applicable law.

During the notice period, Wintergreen will consider reasonable written requests necessary to facilitate an orderly transition, provided that North Star continues to satisfy its obligations under the Agreement. Wintergreen remains willing to cooperate in good faith with North Star and its advisors to ensure an orderly transition of responsibilities and information.

Sincerely,

Jonathan Pantenburg
Principal

cc:    Janice B. Grubin, Esq.
       Jeffrey A. Dove, Esq.
       Rob Bloom
       Julius Ciembroniewicz, Esq.

**Exhibit B**

**[Revised Proposed Order]**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| NORTH STAR HEALTH ALLIANCE, INC., *et al*,[1] | : Case No. 26-60099-5-wak |
| | : Main Case |
| Debtors. | : Jointly Administered |
| | : Case No. 26-30078 |
| | : Case No. 26-30079 |
| | : Case No. 26-60100 |

------------------------------------------------------------------x

### ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF WINTERGREEN, INC., AS FINANCIAL AND RESTRUCTURING ADVISOR TO THE DEBTORS AND DEBTORS-IN-POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application") of the North Star Health Alliance, Inc. ("North

Star"), Carthage Area Hospital, Inc. ("Carthage"), Claxton-Hepburn Medical Center, Inc.

("Claxton"), and Meadowbrook Terrace, Inc. ("Meadowbrook"), the above-captioned debtors and

debtors-in-possession (collectively, the "Debtors"), in the above-captioned chapter 11 cases (the

"Chapter 11 Cases") for entry of an order (this "Order") authorizing the employment and retention

of Wintergreen ("Wintergreen"), as financial and restructuring advisor to the Debtors, pursuant to

sections 105, 327, and 328 of title 11 of the United States Code, 11 U.S.C. §§ 101 — 1532 (the

"Bankruptcy Code"); the Court having reviewed the Application, the Declaration of Rob Bloom of

Wintergreen (the "Bloom Declaration"), and the Supplemental Statement in Support of the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).

1

Application (the "Supplemental Statement"); the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) Wintergreen does not hold or represent any interest adverse to the Debtors' estates, their creditors, or other parties in interest, (d) Wintergreen is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and (e) employment of Wintergreen is necessary and in the best interests of the Debtors' estates, creditors, and other parties in interest; the Court finding that notice of the Application given by the Debtors was good and adequate; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Application, the Bloom Declaration, and Supplemental Statement establish just cause for the relief herein granted, and after due deliberation and cause appearing therefor, it is **HEREBY ORDERED** that:

1.      The Application is granted as set forth herein.

2.      All objections to the Application or the relief requested therein that have not been made, withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

3.      Wintergreen's employment is necessary and in the best interests of the Debtors' estates and their creditors and Wintergreen's proposed compensation and expense reimbursement as set forth in the Application, the Engagement Letter, and the Supplement Statement are reasonable.

4.      The Debtors are authorized, pursuant to sections 105 and 327 of the Bankruptcy Code, to engage Wintergreen as financial and restructuring advisor to the Debtors in these Chapter 11 Cases, effective *nunc pro tunc* to the Petition Date through and including April 10, 2026 unless mutually agreed to terminate earlier (the "Retention Period"), upon the terms and for the purposes

2

set forth in the Application, that certain Engagement Letter attached to the Application as Exhibit C (the "Engagement Letter") and the Supplemental Statement.

5.      Wintergreen shall apply for compensation and reimbursement of expenses for the Retention Period in accordance with the Engagement Letter, the Supplemental Statement, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of this Court; provided, however, that Wintergreen shall seek payment of its fees and expenses and be permitted to file a first and final fee application for the Retention Period based upon its hourly rates set forth in the Engagement Letter.  Wintergreen has agreed and acknowledged that the first and final fee application filed by Wintergreen in these cases shall reflect a credit in favor of the Debtors for the unused portion of the $240,000 pre-petition payment made on February 2, 2026, after application of Wintergreen's hourly fees and expenses for the Retention Period, as approved by the Court.  Any and all fees and expenses awarded to Wintergreen by the Court (the "Wintergreen Fees") shall be satisfied first from such pre-petition payment and then from the approximate $325,000 retainer that Wintergreen holds (the "Retainer"), and the remaining balance of the Retainer held by Wintergreen shall be delivered to the Debtors within five (5) business days after the entry of an order by the Court awarding the Wintergreen Fees.

6.      The Debtors and Wintergreen are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7.      The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

# # #