So Ordered.

Signed this 2 day of April, 2026.



_____

Wendy A. Kinsella
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                              :   Chapter 11
                                                   :
NORTH STAR HEALTH ALLIANCE, INC., *et al*,[1]      :   Case No. 26-60099-5-wak
                                                   :   Main Case
                     Debtors.                      :   Jointly Administered
                                                   :   Case No. 26-30078
                                                   :   Case No. 26-30079
                                                   :   Case No. 26-60100
-------------------------------------------------------------------x

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF
WINTERGREEN, INC., AS FINANCIAL AND RESTRUCTURING
ADVISOR TO THE DEBTORS AND DEBTORS-IN-POSSESSION
EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application") of the North Star Health Alliance, Inc. ("North

Star"), Carthage Area Hospital, Inc. ("Carthage"), Claxton-Hepburn Medical Center, Inc.

("Claxton"), and Meadowbrook Terrace, Inc. ("Meadowbrook"), the above-captioned debtors and

debtors-in-possession (collectively, the "Debtors"), in the above-captioned chapter 11 cases (the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).

"Chapter 11 Cases") for entry of an order (this "Order") authorizing the employment and retention

of Wintergreen ("Wintergreen"), as financial and restructuring advisor to the Debtors, pursuant to

sections 105, 327, and 328 of title 11 of the United States Code, 11 U.S.C. §§ 101 — 1532 (the

"Bankruptcy Code"); the Court having reviewed the Application, the Declaration of Rob Bloom of

Wintergreen (the "Bloom Declaration"), and the Supplemental Statement in Support of the

Application (the "Supplemental Statement"); the Court finding that: (a) the Court has jurisdiction

over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2), (c) Wintergreen does not hold or represent any interest adverse to the Debtors'

estates, their creditors, or other parties in interest, (d) Wintergreen is a "disinterested person" as that

term is defined in section 101(14) of the Bankruptcy Code and (e) employment of Wintergreen is

necessary and in the best interests of the Debtors' estates, creditors, and other parties in interest; the

Court finding that notice of the Application given by the Debtors was good and adequate; and the Court

being fully advised in the premises and having determined that the legal and factual bases set forth in

the Application, the Bloom Declaration, and Supplemental Statement establish just cause for the relief

herein granted, and after due deliberation and cause appearing therefor, it is **HEREBY ORDERED**

that:

1.      The Application is granted as set forth herein.

2.      All objections to the Application or the relief requested therein that have not been

made, withdrawn, waived, or settled, and all reservations of rights included therein, are overruled

on the merits.

3.      Wintergreen's employment is necessary and in the best interests of the Debtors'

estates and their creditors and Wintergreen's proposed compensation and expense reimbursement

as set forth in the Application, the Engagement Letter, and the Supplement Statement are reasonable.

4.      The Debtors are authorized, pursuant to sections 105 and 327 of the Bankruptcy Code, to engage Wintergreen as financial and restructuring advisor to the Debtors in these Chapter 11 Cases, effective *nunc pro tunc* to the Petition Date through and including April 10, 2026 unless mutually agreed to terminate earlier (the "Retention Period"), upon the terms and for the purposes set forth in the Application, that certain Engagement Letter attached to the Application as Exhibit C (the "Engagement Letter") and the Supplemental Statement.

5.      Wintergreen shall apply for compensation and reimbursement of expenses for the Retention Period in accordance with the Engagement Letter, the Supplemental Statement, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of this Court; provided, however, that Wintergreen shall seek payment of its fees and expenses and be permitted to file a first and final fee application for the Retention Period based upon its hourly rates set forth in the Engagement Letter.  Wintergreen has agreed and acknowledged that the first and final fee application filed by Wintergreen in these cases shall reflect a credit in favor of the Debtors for the unused portion of the $240,000 pre-petition payment made on February 2, 2026, after application of Wintergreen's hourly fees and expenses for the Retention Period, as approved by the Court.  Any and all fees and expenses awarded to Wintergreen by the Court (the "Wintergreen Fees") shall be satisfied first from such pre-petition payment and then from the approximate $325,000 retainer that Wintergreen holds (the "Retainer"), and the remaining balance of the Retainer held by Wintergreen shall be delivered to the Debtors within five (5) business days after the entry of an order by the Court awarding the Wintergreen Fees.

6.     The Debtors and Wintergreen are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7.     The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

# # #