**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>NORTH STAR HEALTH ALLIANCE, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 26-60099<br><br>(Jointly Administered) |

**JOINT REPLY OF THE COMMITTEE AND DEBTORS**
**TO DEMAND FOR ALLOWANCE OF EXPENSES OF**
**ADMINISTRATION AND PAYMENT OF ALLOWED EXPENSES**
**SUBMITTED BY WILLIAM R. FIPPS AND BRANDON BOWLINE**

The above-captioned debtors and debtors in possession (the "Debtors") and Official Committee of Unsecured Creditors (the "Committee" and together with the Debtors the "Respondents") file this joint reply (the "Reply") to the *Demand for Allowance of Expenses of Administration and Payment of the Allowed Expenses Together with the Response of William R. Fipps and Brandon Bowline to Debtors' Motion to Reject Their Employment Contracts* [Docket No. 209] (the "Objection") filed by William R. Fipps and Brandon Bowline (the "Objectors"). In support of the Reply, Respondents respectfully state as follows:

**PRELIMINARY STATEMENT**

1.     As an initial matter, it is unclear precisely what relief Objectors seek by the Objection. The Objection was filed in response to the Debtors' *Motion for Entry of an Order Authorizing Debtors to Reject Certain Executory Contracts* [Docket No. 93] (the "Rejection Motion") and objects to the relief requested therein. But it also appears to be an application for

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Carthage Area Hospital, Inc. ("Carthage") (2079); North Star Health Alliance, Inc. ("North Star") (9491); Claxton-Hepburn Medical Center, Inc. ("Claxton") (9686); and Meadowbrook Terrace, Inc. (2458) ("Meadowbrook" and, together with Carthage, North Star, and Claxton, the "Debtors").

payment of an administrative expense claim for severance allegedly owed to Objectors as a result of the rejection of their employment contracts sought in the Rejection Motion.

2.      Regardless of how the Court views the Objection, the relief requested should be denied.  Viewed as an objection to the Rejection Motion, the Objection fails to cite any authority that would support a conclusion that the relief sought in the Rejection Motion is improper.  Viewed as an application for an administrative expense claim, the Objection similarly fails to cite any authority indicating that severance claims constitute anything other than general unsecured claims. The Rejection Motion should be approved, and, to the extent Objectors may have an administrative expense claim, they should be required to file a procedurally proper request such administrative expenses.

**ARGUMENT**

**I.      The Rejection Motion Should be Approved.**

3.      Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne)*, 114 F.3d 379, 386 (2d Cir. 1997).  "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'"  O*rion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993).

4.      Courts defer to a debtor's business judgment in determining whether to approve rejection of an executory contract or unexpired lease and, upon finding that a debtor has exercised its sound business judgment, regularly approve the rejection under section 365(a) of the Bankruptcy Code.  *See Bildisco & Bildisco*, 465 U.S. at 523 (recognizing the use of the "business

2

judgment" standard to approve rejection of executory contracts); *In re Old Carco LLC*, 406 B.R. 180, 188 (Bankr. S.D.N.Y. 2009) (same).

5.    The Objection does not cite any authority indicating that the Debtors should not be entitled, in the exercise of their sound business judgment, to reject the executory contracts listed in Exhibit B to the Rejection Motion.  Accordingly, to the extent the Objection functions as an objection to the Rejection Motion, it should be denied.

**II.    Objectors Should Not Be Granted an Administrative Expense Claim Pursuant to the Objection.**

    a.    <u>In Similar Circumstances, Courts Have Denied Applications for Administrative Expenses.</u>

6.    Section 365(a) governs the assumption or rejection of "any executory contract or unexpired lease" of a debtor.  11 U.S.C. § 365(a).  Rejection of an executory contract constitutes a breach of the applicable contract immediately before the filing date.  11 U.S.C. § 365(g)(1). Executory contracts are those on which performance remains due to some extent on both sides.  *In re Penn Traffic Co.*, 524 F.3d 373 (2d Cir. 2008) (citing *Eastern Air Lines, Inc. v. Ins. Co. of Pa. (In re Ionosphere Clubs, Inc.)*, 85 F.3d 992, 998–99 (2d Cir. 1996)).  "The significance of rejection of an executory contract is that it not only relieves the estate of burdensome future obligations but it also gives rise to a prepetition general unsecured claim for damages rather than an administrative expense priority." *In re Majestic Cap., Ltd.*, 463 B.R. 289, 298 (Bankr. S.D.N.Y. 2012).

7.    Courts in this Circuit have found that employment contracts are executory in similar circumstances.  *See In re Child World*, 147 B.R. 847, 852 (Bankr. S.D.N.Y. 1992) (holding that terminated employment contracts were executory); *In re AppliedTheory Corp.*, 312 B.R. 225, 235 (Bankr. S.D.N.Y. 2004) ("The contracts under which the Executives seek their compensation were executory contracts on the Filing Date, and were rejected . . .").  Accordingly, courts have permitted debtors to reject employment contracts without giving rise to a corresponding

administrative expense. *See In re Drexel Burnham Lambert Group, Inc.*, 138 B.R. 687, 713 (Bankr. S.D.N.Y. 1992) (granting debtor's motion to reject employment contract and disallowing employee's claim to administrative priority for a special severance payment); *In re Majestic*, 463 B.R. at 302 (denying motion of debtor's former COO for administrative claim on account of severance and granting debtor motion to reject the contract); *In re AppliedTheory*, 312 B.R. 225 (denying motion for administrative expenses submitted by the debtor's key executives where the claims arose from severance obligations in rejected executory employment contracts).

8.      Further, Objectors cite to *In re Bethlehem Steel Corp.*, 479 F.3d 167 (2d Cir. 2007)[2] as support for the contention that "severance as an expense of administration compensates the employee for the hardships associated with termination."  Objection, ¶ 27.  *Bethlehem Steel*, however, affirms the decision of the district court in *denying* the movant's attempt to have certain severance payments qualified as administrative expenses.  479 F.3d at 175.

9.      To the extent the Objection is read as an application for an administrative expense,[3] it should be denied.  The claimant bears the burden of proving entitlement to an administrative expense by a preponderance of the evidence.  *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991).  Objectors have not met their burden and, to the extent the Objection functions as an application for an administrative expense, the Objection should be denied.

---

[2] The Objection incorrectly cites to this case as '470 F3d 167'.

[3] Respondents also note that the Objection was not filed in accordance with Local Rule 9013-3 setting forth 'Default Motion Practice' for certain types of motions, including those to allow administrative expenses other than professional fees, and was not filed on proper notice.  *See* Local Rule 9013-3(c)(2).

4

b. <u>The Amounts Claimed by Objectors are Unsupported by the Documentation Attached to the Objection.</u>

10.     Finally, even assuming *arguendo* that Objectors are entitled to administrative expenses, the amounts they have claimed are not borne out by the documentation attached to the Objection.  Fipps' base salary was $246,000, *see* Docket No. 209-1, p. 3; Bowline's was $270,000, *see* Docket No. 209-2, p. 3.  Fipps' contract provides that for termination without cause, he will be paid 4 months base salary and certain benefits, *see* Docket No. 209-1, p. 6-7; Bowline's provides for 6 months base salary plus certain benefits upon termination without cause, *see* Docket No. 209-2, p. 7.  The Objection requests nearly $149,000 in severance for Fipps and over $205,000 in severance for Bowline.  These amounts substantially exceed the respective four and six months of base salary set forth in the applicable employment contracts.  Respondents take no position as to the ultimate calculation of any severance obligations allegedly owed to Objectors and include this discussion solely to demonstrate that Objectors have neither established their entitlement to administrative expenses nor adequately explained how they arrived at the requested amounts.

## CONCLUSION

11.     For the foregoing reasons, Respondents respectfully request that the Court deny the Objection and grant such other and further relief as may be proper.

Dated:  April 10, 2026

| | |
|---|---|
| */s/ Janice B. Grubin* | */s/ Andrew C. Helman* |
| Janice B. Grubin | Lauren M. Macksoud |
| **BARCLAY DAMON LLP** | Henry Thomas |
| 1270 Avenue of the Americas, Suite 2310 | **DENTONS US LLP** |
| New York, New York 10020 | 1221 Avenue of the Americas |
| Tel:    (212) 784-5808 | New York, New York 10020 |
|       jgrubin@barclaydamon.com | Tel:    (212) 768-5347 |
| | Fax:    (212) 768-6800 |
| *Proposed Counsel to Debtors and Debtors-in-Possession* | Email:  lauren.macksoud@dentons.com |
| |       henry.thomas@dentons.com |

Andrew C. Helman
Kyle D. Smith
**DENTONS BINGHAM GREENEBAUM, LLP**
One City Center, Suite 11100
Portland, ME 04101-6420
Tel:    (207) 810-4955
Email:  andrew.helman@dentons.com
        kyle.d.smith@dentons.com

David K. (D.K.) Boydstun, Jr.
**DENTONS BINGHAM GREENEBAUM, LLP**
3500 PNC Tower
101 South Fifth Street
Louisville, KY 40202
Tel:    (502) 589-4200
Email:  david.boydstun@dentons.com

*Proposed Counsel to the Official Committee of
Unsecured Creditors*