So Ordered.

Signed this 21 day of April, 2026.

Wendy A. Kinsella
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| NORTH STAR HEALTH ALLIANCE, Inc., *et al.*,[1] | Case No.: 26-60099 |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING THE**
**APPLICATION OF THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING**
**THE EMPLOYMENT OF FTI CONSULTING, INC.**
**AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS EFFECTIVE AS OF MARCH 5, 2026**

Upon consideration of the *Application of the Official Committee of Unsecured Creditors for an Order Authorizing the Employment of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of March 5, 2026* [Dkt. No. 169] (the "Application"); the *Declaration of Narendra Ganti in Support of the Application of the Official*

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).

*Committee of Unsecured Creditors for an Order Authorizing the Employment of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of March 5, 2026* [Dkt. No. 169-2] (the "Ganti Declaration" and together with the Application, the "Retention Documents"), all of which was filed in support of the Committee's request for entry of an order authorizing the Committee to employ FTI Consulting, Inc. (together with its wholly owned subsidiaries, "FTI") as financial advisor for the Committee; the Court having reviewed the Retention Documents; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) FTI does not hold or represent any interest adverse to the Debtors' estates; (d) FTI is a "disinterested person" as contemplated under section 101(14) of the Bankruptcy Code; and (e) employment of FTI is necessary and in the best interests of the Debtors' estates, creditors, and other parties in interest; the Court finding that notice of the Retention Documents was sufficient under the circumstances; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Retention Documents establish just cause for the relief herein granted, and after due deliberation and cause appearing therefor, it is **HEREBY ORDERED** that:

1. The Application is granted on the terms set forth herein.

2. All objections to the Retention Documents or the relief requested therein that have not been made, withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

3. The Committee is authorized to employ FTI as financial advisor under section 1103 of the Bankruptcy Code, to perform such services as detailed in the Retention Documents and on

the terms set forth in the Retention Documents with such employment effective as of March 5, 2026.

4. All payments of professional fees and reimbursements of expenses to FTI are subject to court approval based upon application to the Court and submission of contemporaneous time records, pursuant to the Bankruptcy Rules and Local Rules.

5. Service of the Retention Documents was sufficient notice to parties under the circumstances.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain exclusive jurisdiction to interpret and enforce the terms of this Order.

# # #