# EXHIBIT A
**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
**SYRACUSE DIVISION**

------------------------------------------------------------------x

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| NORTH STAR HEALTH ALLIANCE, INC., *et al*,[1] | : Case No. 26-60099-5-wak |
| | : Main Case |
| Debtors. | : Jointly Administered |
| | : Case No. 26-30078 |
| | : Case No. 26-30079 |
| | : Case No. 26-60100 |

------------------------------------------------------------------x

### ORDER APPROVING THE SETTLEMENT INVOLVING CARTHAGE AREA HOSPITAL, INC., WALTER DODARD, D.O., AND COMPREHENSIVE WOMAN'S HEALTH SERVICES, PLLC, AND FOR RELATED RELIEF

Upon the motion dated April 22, 2026 [Docket No. ___] (the "Motion")[2] of North Star

Health Alliance, Inc. ("North Star"), Carthage Area Hospital, Inc. ("Carthage"), Claxton-Hepburn

Medical Center, Inc. ("Claxton"), and Meadowbrook Terrace, Inc. ("Meadowbrook"), the above-

captioned debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).

[2] Each capitalized term used herein but not otherwise defined herein shall have the meaning ascribed to it in the Motion.

(this "Order"), pursuant to sections 105, 363 and 554 of the Bankruptcy Code and Rules 9019 and 6007, approving the Settlement and authorizing Carthage to enter into the Dodard Agreement attached to the Motion at Exhibit C, and issue a release and abandon certain Personal Property, all as set forth more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties set forth in the Motion, and it appearing that no other or further notice need be provided; and no objections or responses having been filed; and the Court having reviewed the Motion and considered the relief requested in the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and upon all of the proceedings had before the Court and a hearing held on _____, 2026 and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is hereby granted as set forth herein.

2. Pursuant to Bankruptcy Rule 9019, the Settlement is approved.

3. Pursuant to section 363 of the Bankruptcy Code, and subject to the terms of this Order, Carthage is authorized to enter into the Dodard Agreement and the Term Sheet as described in the Motion.

50477981.1

4.      Pursuant to section 554 of the Bankruptcy Code, and subject to the terms of this Order, the Debtors are authorized to abandon certain Personal Property as more fully described in the Motion.

5.      To the extent necessary, the automatic stay provided by section 362 of the Bankruptcy Code is hereby modified as to the Debtors to allow the parties to effectuate the provisions of this Order.

6.      The notice set forth in the Motion is good and sufficient notice and satisfies Bankruptcy Rules 2002(a), 6004, 6007, and 9014 by providing the counterparties with notice and an opportunity to object and be heard at a hearing.

7.      The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

8.      The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

50477981.1