# EXHIBIT D
## Membership Interest Transfer Agreement

## Articles of Organization and Member Operating Agreement
## Transfer of Powers

**FOR VALUE RECEIVED**, the sufficiency of which is hereby acknowledged, Walter A. Fink, Member/Manager of Comprehensive Woman's Health Services, P.L.L.C., hereby sells, assigns and transfers to Michael E. Gordon, his managership, membership and ownership interest under the Articles of Organization and/or Member Operating Agreement, of Comprehensive Woman's Health Services, P.L.L.C.,  standing in my name on the books and records of said Company represented by the Articles of Organization and/or Member Operating Agreement, held by the Member/Manager, and does hereby irrevocably constitute and appoint The CEO of Carthage Area Hospital, Richard Duvall, and whomever shall succeed him in said position, as attorney-in-fact to transfer the said stock on the books of the within named Corporation with full power of substitution.

Date: March ___14___ , 2020

_____
Walter A. Fink

In presence of:

Sworn before me
This 14th Day of March, 2020

DAVID N. HOFFMAN
NOTARY PUBLIC, State of New York
No. 02HO5025072
Qualified in New York County
Commission Expires May 13, 2022

4849-2782-8338.2

## OWNERSHIP INTEREST ASSIGNMENT AGREEMENT

**THIS AGREEMENT**, dated as of July 26, 2020 (the "Agreement"), is by and between Walter A. Fink, D.O., an individual residing at 2610 Strathmore Court, Reno Nevada 89521 (the "Assignor"), and  Michael E. Gordon, M.D., an individual having an address at 1000 West Street, Carthage NY 13619.  (the "Assignee").

## RECITALS:

1.      The Assignor and Assignee are each physicians duly licensed to practice medicine in New York State.

2.      The Assignor holds 100% of the membership units, management and voting rights (collectively, the "Interests") in Comprehensive Woman's Health Services, P.L.L.C. the "Company").

3.      The Assignor, (or the Assignor's attorney -in-fact), has determined to sell and Assignee has agreed to purchase all of the Interests of the Company in accordance with the terms of this Agreement.

**NOW, THEREFORE**, in consideration of the covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby agreed as follows:

1.      **PREAMBLES.**  The recitals set forth above are hereby incorporated herein.

2.      **ASSIGNMENT OF INTERESTS.**

(a)      Assignor hereby assigns to the Assignee and the Assignee agrees to accept from the Assignor, all of Assignor's interests in the company, upon the payment to Assignor of the price of One Dollar ($1.00), receipt of which is hereby acknowledged by the Assignor. Assignor shall deliver to the Assignee a transfer agreement duly executed for transfer of all of assignors Interests.

(b)      Following transfer of Assignor's interests set forth above, the Assignee shall own in the aggregate one hundred percent (100%) of the Company and Assignor shall not assume or retain any liabilities of or responsibilities or obligations to the Company under this Agreement.

(c)      The parties acknowledge that the Company, pursuant to a Provider Employment Agreement, is employing Assignee to provide clinical and administrative services to the Company. Pursuant to Section 5.G of a certain Provider Employment Agreement with Walter Dodard, the Original Assignor, may under certain circumstances, re-acquire ownership Interest in the Company.  In such event, the Assignee (or the successor in interest to the Assignee) shall, at the direction of Carthage Area Hospital, transfer all of the membership units, management, and voting rights in the Company to the Original Assignor.

- 2 -

(d)     The Assignee confirms that it will not permit the Hospital or any entitled affiliated with or under contract with the Hospital to provide services to Practice other than at cost.

3.     **REPRESENTATIONS AND WARRANTIES.**

(a)     The Assignee represents and warrants to the Assignor, which representations and warranties shall survive the transfer of the Interests hereunder, that: (i) he is a physician duly licensed to practice medicine under the laws of New York State; (ii) he has the full power and authority to execute and deliver this Agreement, to perform the obligations hereunder and to consummate the transactions contemplated hereby; and (iii) this Agreement has been duly executed and delivered by him/her and constitutes a valid and legally binding obligation enforceable against him/her in accordance with its terms.

(b)     The Assignor represents and warrants to the Assignee, which representations and warranties shall survive the transfer of the Interests hereunder, that he has been advised by Carthage Area  Hospital that: (i) he is the sole, exclusive and lawful owner of the Interests being sold hereunder; (ii) the Interests are owned free and clear of all liens, claims and encumbrances and no other party owns or has any rights whatsoever in any of the Interests in the Company; (iii) no other party has or has asserted any claims against the Assignor with respect to the Interests; (iv) no consents of any third parties not already obtained or required are needed in order to permit the sale and delivery of such Interests hereunder; (v) he has full power and authority to sell the Interests; and (vi) this Agreement has been duly executed and delivered by him and constitutes a valid and legally binding obligation enforceable against him in accordance with its terms.

4.     **ENTIRE AGREEMENT:  MODIFICATIONS**.  This Agreement is the entire agreement among the parties concerning the subject matter hereof and shall not be changed, except by a writing signed by all the parties.

5.     **FURTHER ASSURANCES.**  The parties shall execute and deliver all documents, provide all information and take or forbear from all such action as may be necessary or appropriate to achieve the purposes set forth in this Agreement.

6.     **BINDING EFFECT.**  This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs, executors, administrators, successors and permitted assigns.

7.     **GOVERNING LAW**.  This Agreement shall be governed by and construed in accordance with the laws of New York State without regard to conflict of law rules.

- 3 -

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the day and year first written above.

**ASSIGNEE**

_____
Michael E.  Gordon, M. D.

**ASSIGNOR**

_____
Walter A. Fink, D.O.

- 4 -

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the day and year first written above.


**ASSIGNEE**                                      **ASSIGNOR**


_____                    _____
Michael E.  Gordon, M. D.                              Walter A. Fink, D.O.


- 4 -

4849-2782-8338.2

**CARTHAGE AREA HOSPITAL**
1001 West Street
Carthage, New York 13619

March _____, 2020

Michael E. Gordon, M.D.
1000 West Street
Carthage NY 13619.

RE:  Comprehensive Woman's Health Services, P.L.L.C.

Dear Dr. Gordon:

This letter agreement (the "Agreement") shall supplement your employment relationship with Carthage Area Hospital, Inc. (the "Hospital").  At the request of the Hospital, you have agreed to serve as managing member of, and to provide to the hospital professional services of the employees of Comprehensive Woman's Health Services, P.L.L.C.  (the "Company").

The COMPANY shall provide professional services at such locations as are deemed appropriate by the Hospital.  The Hospital may, in its sole discretion, request that additional shareholders be added to the COMPANY.  Upon any such request, you shall take all actions reasonably necessary to effectuate such request.

You shall hold ownership of the COMPANY solely in your capacity as a Hospital employee.  Any and all income or distributions received by you as a member, manager, officer, director or employee of the COMPANY shall be promptly turned over to the Hospital.

You shall transfer your ownership interest in the COMPANY to a designee (s) of the Hospital upon: (1) the termination, for any reason, of your employment with Hospital; or (ii) as otherwise requested by Hospital.  This provision shall be binding upon your estate, successors, heirs and assigns and shall apply to all ownership interest in the COMPANY held by you regardless of when such interest is assigned (including any interest acquired after the date hereof).  In furtherance of the foregoing, upon the execution hereof, you shall deliver the original of the Articles of Organization and Member Operating Agreement for the COMPANY to the Hospital, together with a fully executed power of attorney Authorizing the CEO of the Hospital to transfer your ownership interest and all rights attendant thereto to a Physician selected and designated by the Hospital in its sole discretion.  The Hospital shall, as your attorney-in-fact, have the right, at any time, to transfer such interests at any time whatsoever, to its designee (s), in accordance with this letter agreement.

- 5 -

As collateral security for the fulfillment of your duties and obligations hereunder, you hereby pledge, assign, transfer, set over and deliver unto the Hospital a continuing security interest in all of your right, title and interest in, the COMPANY, and all accessions to substitutions for, replacements of and products and proceeds thereof.

You and the COMPANY further pledge, assign, set over and deliver, on your behalf and on behalf of the COMPANY, unto the Hospital a continuing security interest in all of the COMPANY's rights, title and interest in any and all of the assets of the COMPANY, whether now existing or hereinafter acquired, including, without limitation, all of the accounts receivable of the COMPANY, and all accessions hereto, substitutions therefor and replacements, products and proceeds thereof.

From time to time, you shall and shall cause the COMPANY to promptly execute and deliver any and all further instruments and documents (including financing statements), and take all further action that the Hospital may direct, in order to enable the Hospital to exercise and enforce its rights and remedies hereunder with respect to the collateral in which a security interest has been granted.

On an annual basis, the COMPANY shall prepare an operating and capital budget for its annual operations (the "Budget") for review and approval by the Hospital. The Budget may only be amended with the advance approval of the Hospital. Further, you also agree to: 1) consult with the Hospital in connection with all actions taken in your capacity as a member, manager, officer and/or director of the COMPANY; and (ii) follow such instructions and take such actions as are deemed reasonable and necessary by the Hospital with respect to the operation and activities of the COMPANY.

You agree to cooperate fully with the Company, both during and after your employment with the Company, with respect to the collection and preservation of all assets and property rights (both in the United States and foreign countries) relating to the Company. You agree to sign all papers, including, without limitation, applications, declarations, oaths, formal assignments, assignments of priority rights, and powers of attorney, which the Hospital may deem necessary or desirable in order to protect its rights and interests in the Company. You further agree that if the Company is unable, after reasonable effort, to secure your signature on any such papers, any executive officer of the Hospital shall be entitled to execute any such papers as your agent and attorney-in-fact, and you hereby irrevocably designate and appoint each executive officer of the Hospital or their successor, as your agent and attorney-in-fact to execute any such papers on your behalf, and to take any and all actions as the Hospital may deem necessary or desirable in order to protect its rights and interests in the Company, under the conditions described herein.

The Hospital agrees to defend, indemnify and hold you harmless for any and all liabilities, losses, damages, costs (including reasonable attorneys' fees) which you might incur (collectively, the 'Claims") in your capacity as a member, manager, officer or director of the COMPANY; provided, however, that this indemnity and hold harmless agreement shall only be effective under the following conditions: (i) you act in good faith and without malice; (ii) you promptly notify the Hospital of any potential or actual Claims against you arising from your serving as a member,

4849-2782-8338.2

manager, director or officer of the COMPANY upon your becoming aware of the same; (iii) you permit the Hospital to select counsel reasonably acceptable to you; and (iv) you cooperate with and permit the Hospital to conduct the defense, negotiation and/or settlement of any such Claims. The indemnity hereunder shall not apply to any Claim to the extent such Claim results, in whole or in part, from: (x) your breach of this Agreement; (y) your medical malpractice or your willful misconduct; or (z) the medical malpractice or willful misconduct of any person under your direct medical supervision or control, except in your role as a member, manager, officer or director of the COMPANY  This indemnity shall only apply to those activities conducted by the COMPANY at locations approved in advance by the Hospital.  The indemnification provided hereunder shall be secondary to and shall only apply to those amounts in excess of any applicable insurance coverage.

This Agreement may only be terminated by written agreement signed by you and the Hospital.  The Hospital's indemnity obligation hereunder shall survive the termination of this Agreement with respect to Claims arising out of the incidents occurring prior to such termination.

Please acknowledge your acceptance of this agreement by signing where noted below.

Sincerely,

CARTHAGE AREA HOSPITAL, INC.

By:  *Richard Duvall*
Chief Executive Officer

Agreed to and accepted by:

Michael E. Gordon, M.D.

- 7 -

4849-2782-8338.2