# EXHIBIT E
## Term Sheet

SETTLEMENT COMMUNICATION
CONFIDENTIAL
NOT ADMISSIBLE FOR ANY PURPOSE
EXECUTION COPY

## BINDING TERM SHEET

This Binding Term Sheet (this "Term Sheet") is made and entered into as of this ___ day of April, 2026 and sets forth the basic terms and understanding among the parties that are a signatory hereto (each, a "Party" and collectively, the "Parties"), with respect to certain transfers and restructurings (collectively, the "Transactions") related to COMPREHENSIVE WOMEN'S HEALTH SERVICES, PLLC, having a principal place of business at 622 Washington Street, Watertown, New York 13601 (the "Practice"). The Parties hereto agree to enter into definitive documentation to effectuate the Transactions and cooperate in good faith to prepare definitive documentation (the "Definitive Documents") as promptly following the date hereof as is practicable. The obligations of the Hospital hereunder are contingent upon the authorization of the Bankruptcy Court, if such authorization is deemed necessary by counsel for the Hospital.

Walter Dodard, D.O. in his Individual
Capacity

BCD Properties, LLC (the "Landlord")
By: Walter Dodard
Its: Authorized Signatory

Comprehensive Women's Health Services,
PLLC
By: Michael Gordon, M.D.
Its: Member

Carthage Area Hospital (the "Hospital")
By: Andrew R. Manzer
Its: Interim CEO

Michael Gordon, M.D. in his capacity as
Sole Member of Comprehensive Women's
Health Services, PLLC

50444251.1

SETTLEMENT COMMUNICATION
CONFIDENTIAL
NOT ADMISSIBLE FOR ANY PURPOSE
EXECUTION COPY

# BINDING TERM SHEET

This Binding Term Sheet (this "Term Sheet") is made and entered into as of this ___ day of April, 2026 and sets forth the basic terms and understanding among the parties that are a signatory hereto (each, a "Party" and collectively, the "Parties"), with respect to certain transfers and restructurings (collectively, the "Transactions") related to COMPREHENSIVE WOMEN'S HEALTH SERVICES, PLLC, having a principal place of business at 622 Washington Street, Watertown, New York 13601 (the "Practice"). The Parties hereto agree to enter into definitive documentation to effectuate the Transactions and cooperate in good faith to prepare definitive documentation (the "Definitive Documents") as promptly following the date hereof as is practicable. The obligations of the Hospital hereunder are contingent upon the authorization of the Bankruptcy Court, if such authorization is deemed necessary by counsel for the Hospital.

_____
Walter Dodard, D.O. in his Individual
Capacity

_____
BCD Properties, LLC (the "Landlord")
By: Walter Dodard
Its: Authorized Signatory


_____
Comprehensive Women's Health Services,
PLLC
By: Michael Gordon, M.D.
Its: Member


_____
Carthage Area Hospital (the "Hospital")
By:
Its:


_____
Michael Gordon, M.D. in his capacity as
Sole Member of Comprehensive Women's
Health Services, PLLC

50444251.1

Docusign Envelope ID: 907865A4-44E3-4CD1-969D-AEDF7032CE50

## TERM SHEET

| | |
|---|---|
| **Transfer** | The membership interests in the Practice shall be transferred to Dr. Dodard for the sum of $1.00.  The Hospital agrees to abandon any claim for and waives any consideration for the current depreciated value of the physical improvements and equipment purchases (if any) the Hospital has invested in and acquired for the Practice since October 1, 2018, based on the conclusion that it appears that no such purchases have been made and, in any event, such purchases would now be fully depreciated and of de minimis current value. |
| **Insurance Payment** | The Hospital shall make the medical malpractice insurance premium payment due on April 14, 2026, on or before such date in the amount of $17,266.00.  Dr. Dodard shall make partial reimbursement to the Hospital of $3,500.00 not later than the Closing Date.  Any future medical malpractice premium payments shall be the sole obligation of the Practice. |
| **Tax Filings** | The Hospital shall be responsible for preparing and filing the Practice's 2025 federal and local tax returns.  The Hospital shall cooperate with the Practice to provide any information reasonably necessary for the Practice to prepare the Practice's 2026 federal and local tax returns. |
| **Termination of Agreements** | As of the Effective Date (i) any provider agreements between Dr. Dodard and the Hospital or the Practice and (ii) any lease between the Landlord and the Practice shall be terminated, deemed rejected (to the extent applicable), and with no further force and effect. |
| **Accounts Receivable** | Any accounts receivable of the Practice for services rendered on or before the Effective Date  are owned by and shall be retained by the Practice, and may be collected by the  Practice at its sole expense.  The Hospital agrees to fully cooperate in providing any documentation to and assessing the Practice in the collection of such accounts receivable. |
| **Representations and Warranties** | The transfer of the membership interests in the Practice shall be "as is, where is, with all faults" except for the following representations and warranties: <br><br>Each of the Parties shall represent and warrant to the best of its knowledge (i) that they have the power and authority to enter into the Definitive Documents and (ii) that the Definitive Documents constitute the legal, valid and binding obligation enforceable against the Parties in accordance with their terms and are entered into voluntarily by all Parties and (iii) the Transaction is an arms-length transaction for fair value. <br><br>The Hospital and the Member shall represent and warrant to the best of its knowledge that the execution, delivery and performance of the Definitive Documents and the consummation of the Transactions contemplated thereby do not and will not (i) violate any law, rule, regulation, order, writ, judgment, injunction, decree, determination or award presently in effect having applicability to the Practice or any property of the Practice, (ii) result in a breach or constitute a default under any agreement to which the Practice is |

2

50444251.1

| | |
|---|---|
| | subject, (iii) require any authorizations, consents, approvals, licenses, exemptions from or filings or registrations with any state, commonwealth, federal, foreign, territorial, regulatory, or other governmental department, commission, board, bureau, agency or instrumentality, subject to the possibility that the Hospital may be required to move for approval of this transaction in Bankruptcy Court.  If the Hospital is required to move for such approval, it will do so expeditiously.  The Hospital and Practice shall also represent and warrant to the best of their knowledge that they have timely filed all federal and local tax returns for the Practice for the years ending 2018 through 2024. |
| **Assumption of Liabilities** | The Practice shall be transferred to Dr. Dodard subject to any liabilities of the Practice.  Such liabilities shall be the sole and exclusive responsibility of the Practice except for any liabilities which arise or arose as a result of (i) the Hospital's fraud, malfeasance, or willful misconduct which occurred from October 1, 2018 through the Effective Date, or (ii) all federal and state government imposed fines, penalties and repayments related to taxes owed or paid  by the Practice prior to the Effective Date or related to any federal or state grants or awards to the Practice prior to the Effective Date concerning the COVID epidemic or otherwise (together, the "Excluded Liabilities"). The Excluded Liabilities shall be the sole responsibility of the Hospital and the Hospital shall indemnify Dr. Dodard and/or the Practice as applicable for any losses in connection with any Excluded Liability. |
| **Releases** | The transaction documents will provide for full mutual releases between (i) Dr. Dodard and the Landlord on one hand and (ii) the Hospital and Dr. Gordon, as sole member of the PLLC, on the other, in favor of the other and their affiliates and subsidiaries and such entities' present and former officers, directors, and managers, funds, affiliates, employees, partners, managers, investment advisors, agents, representatives, principals, consultants, attorneys, professional advisors, heirs, executors, successors and assigns (each in their capacity as such). |
| **Litigation** | The Parties shall take whatever steps necessary to dismiss any pending litigation (including any counterclaims) with prejudice between them within ten (10) business days of the Effective Date. |
| **Leases** | The Parties shall execute documents necessary to transfer any leases (including any car lease) or other agreements where the Hospital is a party which relate to the Practice to Dr. Dodard or the Practice (as applicable) and Dr. Dodard or the Practice (as applicable) shall assume sole responsibility for such leases or agreements after the Effective Date.  The Parties acknowledge their understanding that the current car lease is in the name of Dr. Dodard and the Practice, and that the Hospital is not a guarantor thereunder.  The Hospital shall transfer and assign over to the Practice any lease relating to the Practice to which it is a party. |

3

50444251.1

Docusign Envelope ID: 907865A4-41E3-4CD1-969D-AEDF7032CE50

| **Closing Deadline** | The Parties shall close the transaction by no later than April 21, 2026, unless extended by mutual agreement of the Parties (the "Effective Date"). |
| --- | --- |
| **Cooperation** | After the Effective Date, the Parties agree to cooperate, in a timely and good faith manner, with all reasonable requests for assistance made by the other relating to the transfer of the membership interests and/or effectuating the Transactions contemplated herein.  The Parties shall cooperate in sending to all patients a notice confirming that the Practice will be reopened at the same location on a date mutually agreed upon by the Parties. |
| **Medical Records** | The Parties acknowledge and agree that the Practice has current possession and will retain custody of and responsibility for the medical records of the Practice, both electronic and paper. |

50444251.1