**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
**SYRACUSE DIVISION**

-------------------------------------------------------------------x

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| NORTH STAR HEALTH ALLIANCE, INC., *et al*,[1] | : Case No. 26-60099 |
| | : Main Case |
| Debtors. | : Jointly Administered |
| | : Case No. 26-30788 |
| | : Case No. 26-30799 |
| | : Case No. 26-60100 |

-------------------------------------------------------------------x

### DECLARATION OF JANICE B. GRUBIN IN SUPPORT OF APPLICATION FOR ORDER REDUCING TIME FOR NOTICE OF HEARING TO CONSIDER DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING A SETTLEMENT INVOLVING CARTHAGE AREA HOSPITAL, INC., WALTER DODARD, D.O, AND COMPREHENSIVE WOMEN'S HEALTH SERVICES, PLLC, AND FOR RELATED RELIEF

I, Janice B. Grubin, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am a partner at the law firm of Barclay Damon LLP ("Barclay Damon"), which maintains offices for the practice of law at, among other locations, Barclay Damon Tower, 125 East Jefferson Street, Syracuse, New York 13202 and 1270 Avenue of the Americas, Suite 2310, New York, New York 10020. I am familiar with the matters set forth herein, and make this declaration in support of the motion (the "Settlement Motion") of North Star Health Alliance, Inc., Carthage Area Hospital, Inc., Claxton-Hepburn Medical Center, Inc., and Meadowbrook Terrace, Inc., as debtors and debtors-in-possession (the "Debtors") in these chapter 11 cases, to approve a settlement involving Carthage Area Hospital, Inc., Walter Dodard, D.O., and Comprehensive Woman's Health Services, PLLC that involves the relevant

---

[1] The Debtors in these cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal tax identification number are: Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).

1

medical practice continuing, rather than closing, and the application (the "Application") to reduce time and limit notice for the hearing on the Settlement Motion.

2.      I make this Declaration in support of the Debtors' Application pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure and Local Rule 9013-5(b) for an Order reducing the time, and limiting the service, for the notice of hearing to consider the Settlement Motion (the "Requested Relief").

3.      Under Fed. R. Bankr. P. 2002(a)(3), a hearing on the Settlement Motion may not be held less than twenty-one (21) days from the filing of the motion.  However, pursuant to Fed. R. Bankr. P. 9006(c), the Court may, for cause shown, reduce the notice period for the Settlement Motion.

4.      Pursuant to Local Rule 9013-1(e), the Settlement Motion is required to be filed and served at least twenty-one (21) days before the return date of the motion.  Local Rule 9013-5(b) and Fed. R. Bankr. P. 9006(c) permit reduction of the notice period, however, for cause shown.

5.      With respect to the Settlement Motion, the reason why the Debtors seek to shorten the period of time for a hearing thereon, is to minimize the amount of time within which patients may need to forego care – or said another way:  to further continuity of care to patients.

6.      As described in more detail in the Settlement Motion, the Debtors closed the Practice on April 10, 2026.

7.      On April 7, 2026, Dr. Dodard communicated to the Debtors that he wanted to exercise his "buyback rights" since "my patients are calling me and telling me that they can't get appointments elsewhere for a year and would have to travel for at least an hour for the closest alternative provider."

8.      Notably, the settlement contemplated by the Settlement Motion, among other things, ensures the continuity of care to patients in an underserved area (including military families), provides for the retention and custody of records, results in the preservation of jobs, and provides for the cancellation and/or transfer of liabilities while setting an end date for the Debtors' likely subsidizing of CWHS operations. Alternatively, if the Settlement is not approved, Carthage will be responsible for the costs associated with dissolving the Practice, addressing any liabilities, and responding to requests for and addressing the preservation of patient records.

9.      If the Debtors are heard on the Settlement Motion within seven days of the filing of the motion, the practice could reopen within 18 to 20 days of closure.  If the hearing on the Settlement Motion is scheduled for May 13, 2026, the practice will have to wait another 15 days from 33 to 35 days after closure.

10.     I believe it is everyone's best interest to have the practice open sooner rather than later.  That constitutes good cause to shorten the notice of hearing.

11.     By this Application, the Debtors also seek entry of an order limiting notice of the Settlement Motion so that, in lieu of service on the entire creditor matrix, notice shall be provided only to the following parties (the "Notice Parties"):

|   |   |   |
|---|---|---|
| a. | the Office of the United States Trustee; |
| b. | counsel to any official committee appointed in these Chapter 11 Cases; |
| c. | all parties to the proposed settlement; |
| d. | any party that has filed a notice of appearance and request for service; |
| e. | any party whose rights are directly affected by the proposed compromise; |
| f. | the New York State Department of Health; |
| g. | the Office of the New York Attorney General for the State of New York; |
| h. | Centers for Medicare & Medicaid Services; |

50501893.1

      i.      the Office of the U.S. Attorney for the Northern District of New York; and

      j.      such other parties as the Court may direct.

12. Under Federal Rule of Bankruptcy Procedure 2002, the Court may, for cause, limit the entities entitled to receive notice.  Fed. R. Bankr. P. 2002(m) ("Except as these rules provide otherwise, the court may designate the matters about which, the entity to whom, and the form and manner in which a notice must be sent.").

13. The Debtors' consolidated creditor matrix contains thousands of creditors. Service of the Settlement Motion on all creditors would impose a substantial administrative burden and expense on the estates without providing a corresponding benefit.

14. The proposed compromise in the Settlement Motion primarily affects a discrete group of parties, including the settlement counterparties and other directly affected parties in interest, all of whom will receive actual notice.  Furthermore, the existence of the Committee provides protection to creditors of the Debtors.

**DECLARE**, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 22nd day of April, 2026, New York, New York.

           */s/Janice B. Grubin*
           Janice B. Grubin
           Barclay Damon LLP
           1270 Avenue of the Americas, Suite 2310
           New York, New York 10020
           Telephone:  (212) 784-5808
           jgrubin@barclaydamon.com

           *Proposed Counsel to Debtors and*
           *Debtors-in-Possession*

50501893.1