**UNITED STATES BANKRUPTCY COURT**　　**Hearing Date/Time: May 13, 2026, 10:00 a.m.**
**NORTHERN DISTRICT OF NEW YORK**　　**Hearing Location: Syracuse, NY**
**SYRACUSE DIVISION**　　　　　　　　**Opposition Due: May 6, 2026**

| | |
|---|---|
| In re:<br><br>NORTH STAR HEALTH ALLIANCE, Inc., *et al.*,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No.: 26-60099<br>Main Case<br>Jointly Administered<br>Case No. 26-30078<br>Case No. 26-30079<br>Case No. 26-60100 |

**JOINT MOTION FOR AMENDED ORDER AUTHORIZING PROCEDURES
FOR COMPLIANCE WITH CERTAIN NOTICE PROVISIONS
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES
WHILE MAINTAINING THE CONFIDENTIALITY OF
PATIENT INFORMATION AS REQUIRED
<u>BY FEDERAL LAW</u>**

Carthage Area Hospital, Inc. ("<u>Carthage</u>"), North Star Health Alliance, Inc. ("<u>North Star</u>"), Claxton-Hepburn Medical Center, Inc. ("<u>Claxton</u>"), and Meadowbrook Terrace, Inc. ("<u>Meadowbrook</u>"), the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), with the Official Committee of Unsecured Creditors of North Star Health Alliance, Inc., *et al.* (the "<u>Committee</u>") submits this motion (the "<u>Motion</u>") for entry of an order, substantially in the form attached hereto as **Exhibit A**, amending the Confidentiality Order (as defined below) and authorizing certain additional procedures for compliance with the notice provisions of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), and the Federal Rules of Bankruptcy Procedures (the "<u>Bankruptcy Rules</u>"), while maintaining the confidentiality of

---

[1]　　The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Carthage Area Hospital, Inc. ("<u>Carthage</u>") (2079); North Star Health Alliance, Inc. ("<u>North Star</u>") (9491); Claxton-Hepburn Medical Center, Inc. ("<u>Claxton</u>") (9686); and Meadowbrook Terrace, Inc. (2458) ("<u>Meadowbrook</u>" and, together with Carthage, North Star, and Claxton, the "<u>Debtors</u>").

1

25591658.v2

patient information under applicable federal law. In support of this Motion, the Committee and the Debtors state as follows:

### JURISDICTION, VENUE AND STATUTORY BASIS

1.      This Court has jurisdiction over the Chapter 11 Cases (defined below) pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), and this Court has constitutional authority to enter a final judgment in this proceeding.

3.      Venue of these chapter 11 cases is proper pursuant to 28 U.S.C. § 1408, and venue of this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

4.      The statutory bases for relief requested herein are section 105(a) of the Bankruptcy Code, Rule 2002(m) of the Federal Rules of Bankruptcy Procedure, and federal patient privacy laws codified in 42 U.S.C. § 1320d et seq. (and related implementing regulations).

### BACKGROUND

5.      On February 10, 2026 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of New York (the "Court") commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases").

6.      The Debtors continue to operate their health care businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      On the Petition Date, the Debtors filed the *Motion of Debtors and Debtors-in-Possession for an Order Directing the Joint Administration of Their Chapter 11 Cases* [Docket No. 14] (the "Joint Administration Motion") and requested entry of an order directing the joint administration of the Debtors' Chapter 11 Cases for procedural purposes only.  On February 12,

2

25591658.v2

2026, the Court granted the Joint Administration Motion [Docket No. 25] and designated Case No. 26-60099 as the "Main Case" for these Chapter 11 Cases.

8.      On February 11, 2026, the Debtors filed the *Debtors' Motion for an Order (I) Waiving the Requirement That Each Debtor File a List of Creditors and Authorizing Preparation of a Consolidated List of Creditors in Lieu of Submitting a Formatted Mailing Matrix and (II) Authorizing the Debtors to Redact and File Under Seal Certain Personally Identifiable Information on the Consolidated Creditors List* [Docket No. 15] (the "Confidentiality Motion").

9.      The Debtors' deadline to file their Schedules and Statements (the "Schedules") is April 10, 2026. [Docket No. 27].

10.     On February 13, 2026, the Debtors filed the *Application for Appointment of Omni Agent Solutions, Inc. as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date* [Docket No. 32] (the "Omni Application"), seeking to retain Omni Agent Solutions, Inc. ("Omni") as the claims and noticing agent in the Chapter 11 Cases. On February 18, 2026, the Court entered an order granting the Omni Application. [Docket No. 54].

11.     On February 18, 2026, the Court entered an order granting the Confidentiality Motion [Docket No. 56] (the "Confidentiality Order"). The Confidentiality Order authorized the Debtors to redact the home addresses of current and former patients (collectively, the "Patients") and employees listed on the consolidated creditors list (the "Consolidated Creditors List") or other documents filed with the Court but required the Debtors to maintain an unredacted version of the Consolidated Creditors List pursuant to the Confidentiality Order.

12.     On March 4, 2026, the United States Trustee (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code [Docket No. 111].

3

25591658.v2

13. On March 11, 2026, the Court entered an order directing the U.S. Trustee to appoint Suzanne Koenig as the patient care ombudsman (the "PCO") in these Chapter 11 Cases. [Docket No. 139].

### FACTS RELEVANT TO THIS MOTION

14. Granting this Motion is critical to ensuring that the Debtors can meet their obligations under federal bankruptcy law and applicable patient privacy law.

15. The Debtors' books and records reflect that certain Patients may have credit balances.[2]

16. Patients are currently identified by name only on the Debtors' Consolidated Creditors List authorized by the Confidentiality Order. However, the Committee and Debtors believe that the listing of the Patients on the Consolidated Creditors List may violate the Health Insurance Portability and Accountability Act of 1996, Public Law 104-191, and the Health Information Technology for Economic and Clinical Health Act, as amended, and the regulations promulgated thereunder (collectively "HIPAA").

17. On February 26, 2026, the Patients on the Consolidated Creditors List received the *Notice of Chapter 11 Bankruptcy* [Docket No. 80], issued by the Court and mailed by Omni as evidenced by the *Affidavit of Service* [Docket No. 133]. However, the Debtors and Committee now believe that the Patients should receive a more robust explanation of the Chapter 11 Cases and their status as potential creditors in the Chapter 11 Cases, including deadlines relevant to them and information regarding how they may receive notice of events in the Chapter 11 Cases via Omni's website.

---

[2] The Debtors intend to file a motion to refund such credit balances.

25591658.v2

## RELIEF REQUESTED

18.    The Committee and Debtors request an amended order modifying the Confidentiality Order and further modifying certain notice and disclosure requirements of the Bankruptcy Code and Bankruptcy Rules because compliance with these requirements would violate the provisions of HIPAA. The relief requested in this Motion would ensure patients with credit balances obtain more fulsome notice of this case and relevant proceedings without disclosing confidential patient health information.  Similar relief has been granted by the United States Bankruptcy Court for the District of Vermont. *See In re: Springfield Hospital, Inc.*, [Docket No. 126], Chapter 11 Case No. 19-10283 (Bankr. D. Vt. 2019).

## BASIS FOR RELIEF

19.    Bankruptcy Rule 1007(a) requires the Debtors to file a matrix listing all creditors by name and address. In addition, section 521 of the Bankruptcy Code and Bankruptcy Rule 1007 also require the Debtors to publish certain schedules listing information about creditors.

20.    As discussed below, HIPAA bars the Debtors from publishing or disclosing to any person, except as permitted by these laws, individually identifiable information about the Debtors' Patients. This prohibition applies to Patients who may also be creditors or parties-in-interest in this case. But for the applicability of HIPAA, the names of these patients would ordinarily appear on the Debtors' matrix (in these Chapter 11 Cases, the Consolidated Creditors List) and forthcoming Schedules.

21.    HIPAA, as codified in 42 U.S.C § 1320d *et seq.* and one of its accompanying implementing regulations, 45 C.F.R. § 164.502, address the use and disclosure of "protected health information" ("PHI") by a "covered entity," which includes critical access hospitals like the ones operated by the Debtors. *See* 45 C.F.R. § 160.103; 42 U.S.C. § 1395x(u). HIPAA prohibits the

25591658.v2

"wrongful disclosure" of "individually identifiable health information." 42 U.S.C. § 1320d-6(a)

Individually identifiable health information is defined as follows:

> The term "individually identifiable health information" means information, including demographic information collected from an individual, that—
>
> (A) Is created or received by a health care provider, health plan, employer, or health care clearinghouse; and
>
> (B) Relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual, and—
>
> > (i)    Identifies the individual; or
> >
> > (ii)    With respect to which there is a reasonable basis to believe that the information can be used to identify the individual.

42 U.S.C. § 1320d(6); 45 C.F.R. § 160.103.

22.    The Committee and the Debtors are concerned, for example, that the listing of a Patients with a credit balance on the Debtors' bankruptcy schedules may constitute a disclosure of "individually identifiable health information" because it relates to the provision of health care, payment for the same, and identifies the individual.

23.    "Wrongful disclosure" of such information means "knowingly . . . (1) us[ing] or caus[ing] to be used a unique health identifier; obtain[ing] individually identifiable health information relating to an individual; or (c) disclos[ure of] individually identifiable health information to another person[.]" 42 U.S.C. § 1320d-6(a). Such a wrongful disclosure can be penalized by a fine of up to $50,000, imprisonment for not more than one year (or both), or other, more serious remedies, depending on the relevant *mens rea* or purpose of such disclosure. 42 U.S.C. § 1320d-6(b). There also may be civil fines for disclosure of PHI ranging from $100 to $50,000 per violation. 42 U.S.C. § 1320d-5.

24.    Certain Patients of the Debtors may assert claims for overpayments against the Debtors. Under the Bankruptcy Code and Bankruptcy Rules, the Debtors are required to publicly disclose information about such Patients as they would be creditors or parties-in-interest. This information includes Patients' names and addresses in the matrix and their names, addresses, the nature of any claim, and the amount of any claim in the Debtors' Schedules.

25.    **As of the filing of this Motion, the Debtors have not included any PHI in any publicly filed document and have only listed or disclosed the name of certain Patients in such capacities as parties-in-interest to receive notice of the Chapter 11 Cases on the Debtors' Consolidated Creditors List, attached to the *Affidavit of Service* [Docket No. 133].**

26.    The Committee and the Debtors believe that the disclosure of the names or other identifying information of its patients on the Debtors' Consolidated Creditors List or in its Schedules would violate HIPAA, unless an applicable exception is satisfied. The Committee and the Debtors further believe that there is an exception that would permit disclosure of certain PHI and that would permit compliance with applicable provisions of the Bankruptcy Code and Bankruptcy Rules. That exception permits a covered entity, such as the Debtors, to disclose PHI in a judicial or administrative proceeding "[i]n response to an order of a court . . . , provided that the covered entity discloses only the protected health information expressly authorized by such order[.]" 45 C.F.R. § 164.512(e)(1)(i). To the extent that the Debtors distribute PHI pursuant to an order of this Court, such a distribution or disclosure would not violate HIPAA.

27.    Accordingly, the Committee and the Debtors request that this Court establish the following procedures to balance the need to protect PHI with the need to disclose information regarding the Chapter 11 Cases to the public, as well as to Patients who may also be creditors or parties-in-interest in this case:

25591658.v2

(a)   The Debtors and Committee shall include in its Consolidated Creditors List and any certificate of service (as applicable) only the name of any current or former Patient of the Debtors who may have a refund claim against the Debtors arising prior to the Petition Date and is identified in the Debtors' schedules.

(b)   The Debtors' Schedules shall provide only aggregated data with respect to current or former patients, meaning and intending that the Debtors shall schedule the aggregate amount claimed by present and former patients as creditors but, absent further order of the Court, shall not include any other information, including information identifying the patients holding such claims, in its publicly-filed bankruptcy schedules.

(c)   The Debtors shall prepare and maintain a separate list containing the name and address of each Patient who is a creditor of the Debtors and the amount that may be claimed by such Patient, to the extent known by the Debtors (the "Patient Claims List"). For the avoidance of any doubt, the Patient Claims List shall not contain any information about any current or former Patient's past or present medical condition(s) or medical history.

(d)   The Debtors shall, upon entry of an Order of this Court granting this Motion, cause each Patient listed on the Patient Claims List to be served by United States Mail, first class, postage prepaid, with a copy of the Order granting the relief requested herein as well as a notice (the "Patient Notice"), substantially in the form annexed hereto as **Exhibit B**. The Patient Notice shall provide additional notice of the filing of the Chapter 11 Cases, notice of the deadline for filing proofs of claim, notice of the date and location of a the continued meeting of creditors pursuant to section 341 of the Bankruptcy Code (or a recording of the meeting if the Patient Notice is not served sufficiently in advance of the continued section 341 meeting), and a description of the means by which such patients may obtain notice of further proceedings in this Court. The Patient Notice shall inform patients on the Patient Claims List that unless they take affirmative steps to request service of pleadings and other filings in this case, they shall receive no further formal notice except with respect to: (1) the time fixed for filing proofs of claim; (2) the deadline to file objections on and a hearing with respect to approval of a disclosure statement or a final determination with respect to whether any plan contains adequate information such that a separate disclosure statement is not necessary; (3) the time fixed for filing ballots to vote to accept a plan of reorganization, or to file objections, and the hearing to consider confirmation of any chapter 11 plan; and (4) any matter that specifically relates to such current or former Patients.

(e)   The Debtors, the Committee or their attorneys are authorized to disclose the Patient Claims List to Omni in order to effectuate service to Patients on the Patient Claims List, including service of the Patient Notice, provided,

8

however, that Omni shall execute a commercially reasonable business associate agreement prior to receiving the Patient Claims List. The Debtors, the Committee, or their attorneys may provide the Patient Claims List to Omni electronically, including by direct upload to Omni's website, encrypted e-mail, or secure download link, and Omni may keep a copy of such Patient Claims List throughout this case for use on multiple occasions.

(f)     The Patient Claims List, or any information contained therein, shall only be disclosed to a party-in-interest in this case and shall only be utilized by such party-in-interest upon motion seeking such relief (a "Disclosure Motion") and upon entry of an appropriate order of this Court authorizing and requiring such disclosure and use and the terms and conditions applicable thereto. A Disclosure Motion and notice of the hearing on a Disclosure Motion shall be served on the Debtors, the Committee, the United States Attorney for the Northern District of New York, the U.S. Trustee, the twenty largest unsecured creditors in this case, and the PCO appointed in this case.

(g)     The Debtors and the Committee are authorized to provide a copy of the Patient Claims List to the U.S. Trustee, the PCO appointed by this Court, and any professionals the Debtors or the Committee seek to employ in this case so that such professionals can perform a conflict check. No party shall receive the Patient Claims List until such party has executed a commercially reasonable business associate agreement to ensure compliance with HIPAA. All professionals that receive the Patient Claims List are authorized to utilize such information for the purpose of performing a conflict check in the ordinary course of their businesses.

28.     If entered by this Court, the proposed order filed with this Motion would provide that neither the Debtors; the law firm of Barclay Damon LLP ("Barclay"); the law firm of Verill Dana LLP ("Verill"); the law firm of Dentons Bingham Greenebaum LLP ("DBG"); the law firm of Dentons US LLP ("DUS"); the financial advisory firm of FTI Consulting, Inc. ("FTI"); the financial advisory firm of Accordion Partners, LLC ("Accordion"), nor Omni as the claims and noticing agent, and their respective attorneys, employees, and agents, shall be subject to any penalty or violation under HIPAA for any act or omission undertaken or not undertaken in good faith, in accordance with the relief granted thereby or any personal liability for the inadvertent disclosure of information contained on the Patient Claims List. Nothing, however, would relieve

9

25591658.v2

or waive any liability for unauthorized disclosures of any other PHI that is not contained on the Patient Claims List. The proposed order also directs the Debtors to provide their attorneys at Barclay and Verill, and the Committee's attorneys at DBG and DUS a copy of the Patient Claims List, so that their attorneys can provide assistance to the Debtors during the case, and also authorizes Barclay, Verill, DBG, DUS, Accordion, and FTI to maintain a copy of the Patient Claims List for this purpose in the ordinary course of their business.

29.     The relief requested in this Motion is necessary to permit the Debtors to comply with applicable federal laws and rules governing disclosure of patient health care information, while at the same time effectuating substantial compliance with the notice and disclosure requirements of the Bankruptcy Code and Bankruptcy Rules and orders of this Court.

## NOTICE

30.     Notice of this Motion and all related papers were served on the following parties on the date and in the manner set forth in the certificate of service related to this Motion: (a) the Office of the United States Trustee for the Northern District of New York, (b) counsel for the Official Committee of Unsecured Creditors, (c) any party that has requested notice pursuant to Bankruptcy Rule 2002, (d) the New York State Department of Health, (e) the Office of the Attorney General for the State of New York, (f) the Centers for Medicare & Medicaid Services, and (g) the Office of the United States Attorney General for the Northern District of New York (collectively, the "Notice Parties").  In light of the nature of the relief requested in this Motion, the Debtors and Committee respectfully submit that no further notice is necessary.

31.     Upon entry of an Order granting this Motion, the Committee and the Debtors shall cause a copy of such Order and the Patient Notice to be served on all individuals on the Patient Claims List.

25591658.v2

## CONCLUSION

Based on the foregoing, the Committee and the Debtors request that the Court enter an order, substantially in the form filed herewith, approving the procedures proposed in this Motion, and granting such additional and further relief as this Court deems appropriate.

Dated: April 22, 2026

Respectfully submitted,

*/s/ Andrew C. Helman*
Andrew C. Helman (Admitted Pro Hac Vice)
Kyle D. Smith (Admitted Pro Hac Vice)
**DENTONS BINGHAM GREENEBAUM, LLP**
One City Center
Suite 11100
Portland, ME 04101-6420
Telephone: (207) 810-4955
Email: andrew.helman@dentons.com
    kyle.d.smith@dentons.com

David K. (D.K.) Boydstun, Jr. (Pro Hac Vice Pending)
**DENTONS BINGHAM GREENEBAUM, LLP**
3500 PNC Tower
101 South Fifth Street
Louisville, KY 40202
Telephone: (502) 589-4200
Email: david.boydstun@dentons.com

Lauren M. Macksoud
Henry Thomas
**DENTONS US LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768-5347
Facsimile:  (212) 768-6800
Email: lauren.macksoud@dentons.com
    henry.thomas@dentons.com

*Counsel to the Official Committee of Unsecured Creditors*

11

By: */s/ Ilan Markus*
Janice B. Grubin
Ilan Markus (Admitted Pro Hac Vice)
**BARCLAY DAMON LLP**
1270 Avenue of the Americas, Suite 2310
New York, New York 10020
Telephone: (212) 784-5800
jgurbin@barclaydamon.com
imarkus@barclaydamon.com

*Proposed Counsel for the Debtors and
Debtors-In-Possession*

12

25591658.v2