**EXHIBIT A**
**PROPOSED ORDER**

25591658.v2

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| NORTH STAR HEALTH ALLIANCE, Inc., *et al.*,[1] | Case No.: 26-60099 |
| Debtors. | Main Case |
| | Jointly Administered |
| | Case No. 26-30078 |
| | Case No. 26-30079 |
| | Case No. 26-60100 |

**ORDER GRANTING THE JOINT MOTION FOR AMENDED ORDER AUTHORIZING
PROCEDURES FOR COMPLIANCE WITH CERTAIN NOTICE PROVISIONS
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES
WHILE MAINTAINING THE CONFIDENTIALITY OF
PATIENT INFORMATION AS REQUIRED
BY FEDERAL LAW**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Carthage Area Hospital, Inc. ("Carthage") (2079); North Star Health Alliance, Inc. ("North Star") (9491); Claxton-Hepburn Medical Center, Inc. ("Claxton") (9686); and Meadowbrook Terrace, Inc. (2458) ("Meadowbrook" and, together with Carthage, North Star, and Claxton, the "Debtors").

Upon consideration of the *Joint Motion for Amended Order Authorizing Procedures for Compliance With Certain Notice Provisions of the Bankruptcy Code and Bankruptcy Rules While Maintaining the Confidentiality of Patient Information as Required by Federal Law* [Docket No. ___] (the "Motion"); the Court having reviewed the Motion; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); (c) the relief requested in the Motion is necessary and in the best interests of the Debtors' estates, creditors, and other parties in interest; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief herein granted, and after due deliberation and cause appearing therefor, it is **HEREBY ORDERED** that:

1.      The Motion is **GRANTED** on the terms set forth herein.

2.      Service as set forth in the Motion was adequate under the circumstances of these Chapter 11 Cases,[2] and no further notice or hearing is necessary with respect to the relief requested in the Motion.

3.      This Court establishes the following procedures with respect to the disclosure of certain information about former or current Patients of the Debtors who may also be parties-in-interest in these Chapter 11 Cases or creditors of the Debtors:

(a)      The Debtors and the Committee shall include in its Consolidated Creditors List and any certificate of service (as applicable) only the name of any current or former Patient of the Debtors who may have a refund claim against the Debtors arising prior to the Petition Date and is identified in the Debtors' schedules.

(b)      The Debtors' Schedules shall provide only aggregated data with respect to current or former patients, meaning and intending that the Debtors shall schedule the aggregate amount claimed by present and former patients as creditors but, absent further order of the Court, shall not include any other

---

[2]      Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion

2

25591658.v2

information, including information identifying the patients holding such claims, in its publicly-filed bankruptcy schedules.

(c)     The Debtors shall prepare and maintain a separate list containing the name and address of each Patient who is a creditor of the Debtors and the amount that may be claimed by such Patient, to the extent known by the Debtors (the "Patient Claims List"). For the avoidance of any doubt, the Patient Claims List shall not contain any information about any current or former Patient's past or present medical condition(s) or medical history.

(d)     The Debtors shall, upon entry of an Order of this Court granting this Motion, cause each Patient listed on the Patient Claims List to be served by United States Mail, first class, postage prepaid, with a copy of the Order granting the relief requested herein as well as a notice (the "Patient Notice"), substantially in the form annexed the Motion as **Exhibit B**. The Patient Notice shall provide additional notice of the filing of the Chapter 11 Cases, notice of the deadline for filing proofs of claim, notice of the date and location of a the continued meeting of creditors pursuant to section 341 of the Bankruptcy Code (or a recording of the meeting if the Patient Notice is not served sufficiently in advance of the continued section 341 meeting), and a description of the means by which such patients may obtain notice of further proceedings in this Court. The Patient Notice shall inform patients on the Patient Claims List that unless they take affirmative steps to request service of pleadings and other filings in this case, they shall receive no further formal notice except with respect to: (1) the time fixed for filing proofs of claim; (2) the deadline to file objections on and a hearing with respect to approval of a disclosure statement or a final determination with respect to whether any plan contains adequate information such that a separate disclosure statement is not necessary; (3) the time fixed for filing ballots to vote to accept a plan of reorganization, or to file objections, and the hearing to consider confirmation of any chapter 11 plan; and (4) any matter that specifically relates to such current or former Patients.

(e)     The Debtors, the Committee, or their attorneys are authorized to disclose the Patient Claims List to Omni in order to effectuate service to Patients on the Patient Claims List, including service of the Patient Notice, provided, however, that such Omni shall execute a commercially reasonable business associate agreement prior to receiving the Patient Claims List. The Debtors, the Committee, or their attorneys may provide the Patient Claims List to Omni electronically, including by direct upload to Omni's website, encrypted e-mail, or secure download link, and Omni may keep a copy of such Patient Claims List throughout this case for use on multiple occasions.

(f)     The Patient Claims List, or any information contained therein, shall only be disclosed to a party-in-interest in this case and shall only be utilized by such

3

party-in-interest upon motion seeking such relief (a "Disclosure Motion") and upon entry of an appropriate order of this Court authorizing and requiring such disclosure and use and the terms and conditions applicable thereto. A Disclosure Motion and notice of the hearing on a Disclosure Motion shall be served on the Debtors, the Committee, the United States Attorney for the Northern District of New York, the U.S. Trustee, the twenty largest unsecured creditors in this case, and the PCO appointed in this case.

(g) The Debtors and the Committee are authorized to provide a copy of the Patient Claims List to the U.S. Trustee, the PCO appointed by this Court, and any professionals the Debtors seek to employ in this case so that such professionals can perform a conflict check. No party shall receive the Patient Claims List until such party has executed a commercially reasonable business associate agreement to ensure compliance with HIPAA. All professionals that receive the Patient Claims List are authorized to utilize such information for the purpose of performing a conflict check in the ordinary course of their businesses

4. The Debtors and the Committee are hereby authorized to make all disclosures reasonably necessary to comply with the foregoing, pursuant to section 105(a) of the Bankruptcy Code.

5. This Order is an "order of a court" within the meaning and intent of 45 C.F.R. § 164.512(e)(1)(i). Neither the Debtors; the Committee; the law firm of Barclay Damon LLP ("Barclay"); the law firm of Verill Dana LLP ("Verill"); the law firm of Dentons Bingham Greenebaum LLP ("DBG"); the law firm of Dentons US LLP ("DUS"); the financial advisory firm of FTI Consulting, Inc. ("FTI"); the financial advisory firm of Accordion Partners, LLC ("Accordion"), nor Omni as the claims and noticing agent, and their respective attorneys, employees, and agents, shall be subject to any penalty or violation under HIPAA for any act or omission undertaken or not undertaken in good faith, in accordance with the relief granted thereby or any personal liability for the inadvertent disclosure of information contained on the Patient Claims List. For the avoidance of any doubt, in order to effectuate the procedures established by

4

this Order, the Debtors and the Committee are further directed and ordered to provide any information reasonably necessary for the purpose of notice and service in connection with these Chapter 11 Cases and preparation of the Patient Claims List to their attorneys at Barclay and Verill, and the Committee's attorneys at DBG and DUS, such that their attorneys can provide assistance to the Debtors during the Chapter 11 Cases.

6. Barclay, Verill, DBG, DUS, Accordion, FTI, and Omni are authorized to maintain a copy of the Patient Claims List in the ordinary course of their business for the purpose of assisting the Debtors during the Chapter 11 Cases. This includes, without the need for any further relief, maintaining such Patient Claims List on any cloud-based software platform.

7. Moreover, no party identified in paragraph 5 above shall have any personal liability for any inadvertent disclosure of information contained on the Patient Claims List, whether such information is aggregated on such list or in a different form, including a precursor or successor form of data. Notwithstanding the foregoing, nothing herein shall relieve or waive any liability for unauthorized disclosures of any other personal health information that is not contained or to be contained on the Patient Claims List that such parties may now have or may have in the future, absent further order of this Court.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain exclusive jurisdiction to interpret and enforce the terms of this Order.

25591658.v2