So Ordered.

Signed this 22 day of April, 2026.



_____

Wendy A. Kinsella
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
**SYRACUSE DIVISION**

----------------------------------------------------------------------x

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| NORTH STAR HEALTH ALLIANCE, INC., *et al*,[1] | : Case No. 26-60099 |
| | : Main Case |
| Debtors. | : Jointly Administered |
| | : Case No. 26-30788 |
| | : Case No. 26-30799 |
| | : Case No. 26-60100 |

----------------------------------------------------------------------x

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF OMNI AGENT SOLUTIONS, INC. AS ADMINISTRATIVE AGENT FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the *Application for Appointment of Omni Agent Solutions, Inc. as Administrative Agent to the Debtors Nunc Pro Tunc to the Petition Date,* dated March 4, 2026 [Docket No. 114] (the "Application")[2] filed by North Star Health Alliance, Inc. ("North Star"), Carthage Area Hospital, Inc. ("Carthage"), Claxton-Hepburn Medical Center, Inc. ("Claxton"), and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).

[2] Capitalized terms used by not defined herein shall have the meanings ascribed to them in the Application.

1

Meadowbrook Terrace, Inc. ("Meadowbrook"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order pursuant to section 327(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules), authorizing and approving the employment and retention of Omni ("Omni") as Administrative Agent for the Debtors in the above-captioned Chapter 11 Cases *nunc pro tunc* to the Petition Date pursuant to the terms and conditions of that certain engagement agreement between Omni and the Debtors, effective *nunc pro tunc* to the Petition Date (the "Engagement Agreement"); and upon consideration of the Declaration of Paul H. Deutch dated March 3, 2026 (the "Deutch Declaration") in support of the application, the Supplemental Statement filed by the Debtors dated April 8, 2026 (the "Supplemental Statement"), and the Declaration of Paul H. Deutch dated April 8, 2026 in further support of the Application; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue of the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409, and the relief requested herein being in the best interests of the Debtors, their estates, creditors, and other parties-in-interest, and proper and adequate notice of the Application having been given; and it appearing that no other further notice is necessary, and the Court having determined that, based on the representations in the Application, Omni neither holds nor represents an interest adverse to the Debtors or their estates and is a "disinterested person" as defined in Bankruptcy Code section 101(14) (as modified by Bankruptcy Code section 1107(b)) and as required by Bankruptcy Code section 327(a), and good and sufficient cause existing for the granting of the relief requested in the Application; now, therefore, **IT IS HEREBY ORDERED THAT**:

1.      The Application is granted as set forth herein.

2.      The Debtors are authorized to employ and retain Omni as their Administrative Agent *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in the Application, Engagement Agreement, and Supplemental Statement, as modified herein.

1.      The terms of the Application, Engagement Agreement, and Supplemental Statement, including the Omni Retainer, are approved except as limited, modified, replaced, or rendered inapplicable to these Chapter 11 Cases by this Order.

3.      This Court shall have exclusive jurisdiction over any and all matters arising under or in connection with Omni's engagement by the Debtors, including the indemnification provisions outlined in the Engagement Agreement, as modified herein.

4.      Omni is authorized to provide bankruptcy administrative services (the "Administrative Services") in its role as Administrative Agent, including, without limitation to:

    a.      Assist with, among other things, plan solicitation, balloting, disbursements, and tabulation of votes, and prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders, to the extent that the aforementioned services are not included in the Section 156(c) Application;

    b.      Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

    c.      Assist with the preparation of, and any amendments to, the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

    d.      Provide a confidential data room, if requested;

    e.      Manage and coordinate any distributions pursuant to a chapter 11 plan;

    f.      Provide such other processing, solicitation, balloting, and other administrative services described in the Engagement Agreement, but not included in the Section 156(c) Application, as may be requested from time

3

to time by the Debtors, the Court or the Office of the Clerk of the United States Bankruptcy Court for the Northern District of New York.

6.      Except as set forth in the Section 156(c) Order or any order of this Court establishing interim compensation procedures for the Debtors' professionals, Omni shall be compensated for its services as Administrative Agent in accordance with the terms of the Engagement Agreement, and will file interim and final fee applications for allowance of its compensation and expenses subject to Bankruptcy Code sections 330 and 331, as the case may be, and the applicable Bankruptcy Rules, local rules and orders of the Court.

7.      The indemnification provisions and limitation of liability provisions in the Engagement Letter are hereby modified and restated to give effect to the following:

> All requests of Omni for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall Omni be indemnified in the case of its own bad-faith, self-dealing, gross negligence or willful misconduct.

> In the event that Omni seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by Omni for payment of indemnity pursuant to the Engagement Letter, as modified by this Order, the invoices and supporting time records from such attorneys shall be included in Omni's own application (both interim and final) and such invoices and time records shall be subject to the approval of the Court under the standards of Bankruptcy Code sections 330 and 331 without regard to whether such attorney has been retained under Bankruptcy Code section 327 and without regard to whether such attorneys' services satisfy Bankruptcy Code section 330(a)(3)(C).

> Omni shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of Omni's counsel other than those incurred in connection with a request of Omni for payment of indemnity, retention of Omni and preparation of fee applications.

> In no event shall Omni be entitled to indemnification, contribution, exoneration, reimbursement of attorneys' fees or expenses, limitation on liability or allocation or apportionment of damages if the Debtors asserts a

4

claim, to the extent the Court determines by final order that such claim for indemnity arose out of Omni's own bad-faith, self-dealing, gross negligence, or willful misconduct.

8.      To the extent that there may be any inconsistency between the terms of the Application, the Engagement Agreement, the Supplemental Statement, and this Order, the terms of this Order shall govern.

9.      The Debtors and Omni are authorized to take such other action as is reasonably necessary to comply with all of the duties set forth in the Application and this Order.

10.     Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

11.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

# # #