So Ordered.

Signed this 21 day of May, 2026.



_____

Wendy A. Kinsella
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>NORTH STAR HEALTH ALLIANCE, INC., *et al*,1<br><br>         Debtors. | Chapter 11<br><br>Case No. 26-60099-5-wak<br>Main Case<br>Jointly Administered<br>Case No. 26-30078<br>Case No. 26-30079<br>Case No. 26-60100 |

**ORDER GRANTING FIRST AND FINAL APPLICATION OF
WINTERGREEN, INC. FOR ALLOWANCE OF COMPENSATION AND
<u>REIMBURSEMENT OF EXPENSES</u>**

Upon the application (the "**Application**") of Wintergreen, Inc. ("**Wintergreen**"), financial

advisor and restructuring officer to the above-captioned debtors and debtors-in-possession (the

"**Debtors**"), for entry of a final order pursuant to sections 330 and 331 of the Bankruptcy Code

and Rule 2016 of the Federal Rules of Bankruptcy Procedure, awarding compensation for

---

1 The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).

professional services rendered and reimbursement of actual and necessary expenses incurred during the period from February 10, 2026 through April 10, 2026 (the "**Application Period**"); and upon the Court's prior order authorizing the retention and employment of Wintergreen pursuant to section 327(a) of the Bankruptcy Code [Docket No. 206] (the "**Retention Order**"); and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice is necessary; and the Court having reviewed the Application, any objections thereto, and the record in this case; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED** that Wintergreen's First and Final Application for allowance of compensation and reimbursement of expenses is granted as set forth herein; and it is further

**ORDERED**, that pursuant to 11 U.S.C. § 330, Applicant's fees are allowed on a final basis and Applicant may be paid the requested fees in the amount of $284,160.02, and the requested expenses in the amount of $110.20, for a total final award to the Applicant for the period from February 10, 2026 through and including April 10, 2026 of $284,270.22 (the "Award"); and it is further

**ORDERED**, that the Award shall be satisfied first from any unused portion of the February 2, 2026 prepetition payment of $240,000, and thereafter from the retainer of $321,6223.90 held by Wintergreen, in accordance with the Retention Order, and any remaining balance of such retainer shall be returned to the Debtors within one business day after the entry of this Order; and it is further

**ORDERED,** that the Court finds the services rendered by Wintergreen were actual and necessary; were reasonably likely to benefit the Debtors' estate at the time rendered; are reasonable in amount under the standards of 11 U.S.C. § 330; and it is further

**ORDERED,** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

# # #