UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

IN RE:

NORTH STAR HEALTH ALLIANCE, INC. et. al.1          CASE NO. 26-60099
                                                   Chapter 11


                    Debtors.

_____

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTORS'
MOTION FOR ENTRY OF ORDER AUTHORIZING CONTINUED
MAINTENANCE OF EXISTING BANK ACCOUNTS**

TO:     HONORABLE WENDY A. KINSELLA, UNITED STATES CHIEF
        BANKRUPTCY JUDGE

        William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"),

by and through counsel, respectfully requests that this Court deny the Debtors' Motion

Authorizing Debtors to continue to use existing cash management System and Maintain Existing

Bank Accounts ("Debtors' Motion") to the extent that it s e e k s  permission  to maintain

existing deposit accounts with banks that are not authorized depositories subject to a Uniform

Depository Agreement with the United State Trustee Program.  ECF No. 337. In support of his

limited objection the United States Trustee respectfully states and alleges as follows:

        1.      The Debtors' Motion requests that the Debtors be authorized to continue use of

pre-petition business forms and pre-petition bank accounts with depositories that are not

authorized by the United States Trustee operating guidelines for debtors-in-possession.

        2.      The Debtors have identified five (5) institutions, to wit, Carthage Savings &

Loan, M&T Bank, Northern Credit Union, Community Bank, N.A., and NBT Bank, National

---

1 The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification
number are: Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical
Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).

Association, the only one of which is currently an authorized depository is M&T Bank.

3.    The Debtors intend to open new debtor-in-possession accounts at M&T Bank and sweep the funds deposited from the non-authorized depositories into the M&T accounts on a daily basis.  ECF No. 337, ¶ 20.

4.    In support of its motion, the Debtors represent that the sweep of funds into accounts at M&T will ensure that none of the accounts at the other four (4) banking institutions will contain more than $250,000 during the pendency of the chapter 11 cases.

5.    11 U.S.C. § 345 of the Bankruptcy Code imposes certain requirements as to where estate funds can be held for the purpose of protecting the funds for the benefit of all creditors.  Section 345(a) permits a debtor to "make such deposit or investment of the money of the estate for which such trustee serves as will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment."

6.    However, the Debtor's discretion is limited by section 345(b):

Except with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States, the trustee shall require from an entity with which such money is deposited or invested –
(1) A bond – (A) in favor of the United States;
(B) secured by the undertaking of a corporate surety approved by the United States trustee for the district in which the case is pending; and
(C) conditioned on – (i) a proper accounting for all money so deposited or invested and for any return on such money;
(ii) prompt repayment of such money and return; and
(iii) faithful performance of duties as a depositor; or
(2) the deposit of securities of the kind specified in section 9303 of title 31; *unless the court for cause orders otherwise.*

11  U.S.C. § 345(b).

7.    Generally, unless the funds are insured, guaranteed, or backed by the full faith and credit of the United States Government or its agencies, the institution holding the estate funds must post a bond in favor of the United States or, in the alternative, deposit securities pursuant to 31 U.S.C. § 9303 as security.

8.      The purpose of 11 U.S.C. § 345 is to protect bankruptcy estate assets for the benefit of creditors.  The legislative history is instructive on this point. "In order to protect the creditors, subsection (b) requires certain precautions against loss of the money so deposited or invested." H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 333 (1977); S. Rep. No. 95-989, 95th Cong., 2nd Sess. 44 (1978) (emphasis added).

9.      To ensure that trustees and debtors in possession meet their responsibilities to safeguard funds in accordance with section 345, the United States Trustee monitors fiduciaries and depositories, and requires that chapter 11 estate assets be held in debtor-in-possession accounts at "authorized depositories," *i.e.*, those that have entered into a Uniform Depository Agreement with the United States Trustee ("United States Trustee Guidelines").  *See* United States Trustee Program Policy and Practices Manual, Volume 7, "Banking and Bonding," ("Manual").  All FDIC-insured banks and financial institutions are eligible to participate in the program and become "Authorized Depositories."

10.     The Uniform Depository Agreement requires the depository to maintain collateral, unless an order of the bankruptcy court provides otherwise, in an amount of no less than 115 percent of the aggregate bankruptcy funds on deposit in each bankruptcy estate that exceeds the FDIC insurance limit, thereby ensuring that the depositor's funds are safeguarded.  Monitoring is conducted directly with the Federal Reserve Bank.  The United States Trustee also has procedures for monitoring surety bonds posted by banks or other financial institutions to the extent bonds are used.

11.     Carthage Savings & Loan, Northern Credit Union, Community Bank, N.A., and NBT Bank, National Association are not authorized depositories (collectively, the "Unauthorized Bank Accounts").

12.     To continue use of the Unauthorized Bank Accounts, the Debtor bears the burden to

3

prove that cause exists to waive the requirements of 11 U.S.C. § 345.  *In re Ditech Holding Corp.*, 605 B.R. 10, 22 (Bankr. S.D.N.Y. 2019). ("Debtors have failed to establish 'cause' to excuse them from collateralizing the (accounts) as required by section 345(b) of the Bankruptcy Code. The Motion is denied.").

13.    The Bankruptcy Code does not define "cause" as that term is used in 11 U.S.C. § 345(b)(2). Courts have relied on the analysis performed by the Middle District of Tennessee in *In re Service Merchandise Co., Inc*., 240 B.R. 894 (Bankr. M.D. Tenn. 1999) as being "instructive" on the question of determining cause.  *See also, In re Diocese of Buffalo, N.Y.*, 621 B.R. 91 (Bankr. WDNY, Oct. 30, 2020); *In re The Roman Catholic Diocese of Syracuse*, Chap. 11 Case No. 20-30663 (ECF Doc. 116).

14.    Debtors maintain that there is cause to allow waiver of Section 345 requirements due to, among other things, the complex nature of collection of Medicare and Medicaid receivables.

15.    Should the Court find cause to grant the Debtors' Motion, it is submitted that the following language should be included in the Order:  "Debtor shall notify the Office of the United States Trustee within 48 hours if the balances in the Unauthorized Bank Accounts, either on a stand-alone or cumulative basis within each separate depository, exceed the amount insured by the Federal Deposit Insurance Corporation (a "Notification Event"), and should a Notification Event occur, all rights of the parties, included but not limited to those of the Debtors, the United States Trustee, and the depositories shall be and hereby are reserved with respect to seeking or opposing any additional relief which such party shall deem necessary or appropriate."

**WHEREFORE,** based on the foregoing, the United States Trustee respectfully requests that the Court deny Debtors' Motion as set forth herein and for such other and further relief as the Court deems just and proper.

Dated: June 10, 2026
      Syracuse, New York

                                       Respectfully submitted,

                                       **WILLIAM K. HARRINGTON**
                                       **UNITED STATES TRUSTEE FOR REGION 2**

                                       By *Erin P. Champion*
                                       Erin P. Champion
                                       Assistant United States Trustee
                                       (202) 567-1558
                                       erin.champion@usdoj.gov