**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
**SYRACUSE DIVISION**

Hearing Date/Time:  June 24, 2026, 2:00 p.m.
Hearing Location:   Syracuse, NY
Opposition Due:     June 17, 2026

|  |  |
|---|---|
| In re | x<br>: Chapter 11<br>: |
| NORTH STAR HEALTH ALLIANCE, INC., et al.,[1] | : Case No. 26-60099-5-wak<br>: Main Case |
| Debtors. | : Jointly Administered<br>: Case No. 26-30788<br>: Case No. 26-30977<br>x Case No. 26-60100 |

**MCKESSON CORPORATION'S OPPOSITION TO MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS AND MEMBERS OF OFFICIAL COMMITTEE**

**TO THE HONORABLE WENDY A. KINSELLA, UNITED STATES BANKRUPTCY JUDGE:**

McKesson Corporation ("McKesson"), for itself and as collection agent for certain of its affiliates, including McKesson Plasma and Biologics, Inc. ("MPB"), and McKesson Medical-Surgical Inc. ("MMS" and collectively with McKesson and MPB, the "McKesson Entities"), hereby submits this Opposition to the *Motion for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Members of Official Committee* [Doc. 349] (the "Interim Compensation Motion") filed by North Star Health Alliance, Inc., Carthage Area Hospital, Inc., Claxton-Hepburn Medical Center, Inc., and Meadowbrook Terrace, Inc. (collectively, the "Debtors") as follows:

1.      McKesson is one of the largest distributors of pharmaceutical products in the United States. MPB is one of the largest providers of pharmaceutical goods, plasma-derived

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).

products, biologics, and specialty pharmaceuticals in the United States. MMS is one of the largest distributors of medical-surgical products in the United States.

2.      During the 20 days immediately preceding the Petition Date, the McKesson Entities each supplied goods to certain of the Debtors, giving rise to the "Administrative Claim," which is comprised of separate amounts due to the respective McKesson entity. Those claims are follows:

   a.  McKesson:  Debtor(s): Carthage & Claxton; Amount: $235,300.41

   b.  MPB:  Debtor: Carthage; Amount: $771,238.86

   c.  MMS:  Debtors: North Star, Carthage, and Claxton; Amount: $26,328.13.

3.      On April 13, 2026, the McKesson Entities filed a Motion for Allowance and Payment of Administrative Expenses. [Docket No. 291] As set forth in that Motion, the McKesson Entities hold an aggregate Administrative Claim of $1,032,867.40 under section 503(b)(9) of the Bankruptcy Code.

4.      The McKesson Entities' motion for allowance and payment of their Administrative Claim was set for hearing on June 24, 2026, at 2:00 p.m.  That hearing was scheduled for the same time as the hearing on the Interim Compensation Motion.

5.      McKesson and the Debtors are currently in discussions regarding allowance and payment of the claim and have agreed to continue the hearing on McKesson's motion until July 15, 2026, at 2:00 p.m.

6.      On June 17, 2026, the Creditors' Committee (the "Committee"), through its counsel (Dentons), filed an Opposition to McKesson Entities' administrative claim motion. [Docket No. 349] (the "Committee Opp.").

7.      As the Committee states:

> "Distributions to administrative claimants are generally disallowed prior to confirmation if there is a showing that the bankruptcy estate may not be able to pay all of the administrative expenses in full." *Id.*; *In re NE Opco, Inc.*, 501 B.R. at 259. Notably, courts have held that a section 503(b)(9) claimant must demonstrate that "there is a necessity to pay and not merely that the Debtor has the ability to pay," in order to qualify for "exceptional" immediate payment of an administrative expense. *Global Home Prods., LLC*, 2006 WL 3791955, at *3 (quoting *In re Cont'l Airlines, Inc.*, 146 B.R. 520, 531 (Bankr. D. Del. 1992)); *see also In re NE Opco, Inc.*, 501 B.R. at 259 ("To qualify for exceptional immediate payment, a creditor must show that there is a necessity to pay and not merely that the Debtor has the ability to pay.").

Committee Opp., ¶ 16.

8.      In the Interim Compensation Motion, the Debtors propose to make interim payments to Chapter 11 professionals, without acknowledging the substantial amounts owed to other administrative creditors, including the McKesson Entities.

9.      In its opposition to McKesson Entities' administrative claim motion, it states, "All holders of section 503(b)(9) claims share the same statutory priority." Committee Opp., ¶ 18. McKesson agrees, but that statement is incomplete. All Chapter 11 administrative creditors— including estate professionals (such as Committee counsel) share the same statutory priority.  As such, unless there are sufficient funds to pay all administrative claims, one subset of those creditors—the estate professionals—are not entitled to preferential or disparate treatment.

10.      Significantly, the Interim Compensation Motion fails to address the Debtors' estates' financial capacity to pay interim professional compensation.  As the Committee states: "Payment of over $1 million in connection with the McKesson Claim would represent a substantial and potentially destabilizing expense to the Debtors at this juncture. Even if the proposed debtor-in-possession financing is approved, immediate payment of the McKesson Claim would consume available funds that have not been budgeted for this purpose and would divert resources from

critical operational needs." Committee Opp., ¶ 19.  The same analysis applies to the Interim Compensation Motion.

11.     The Interim Compensation Motion also does not address the requirement that estate professionals disgorge any interim compensation in the event of Chapter 11 administrative insolvency.

For the foregoing reasons, McKesson requests that this Court deny the Interim Compensation Motion or condition approval on each professional firm agreeing that any interim compensation is subject to disgorgement in the event of administrative insolvency.

DATED:  June 17, 2026                    Respectfully submitted,


By:   */s/Jeffrey K. Garfinkle*

JEFFREY K. GARFINKLE
Pro Hac Vice
BUCHALTER LLP
18400 Von Karman Avenue #800
Irvine, CA  92612
(949)760-1121
jgarfinkle@buchalter.com


Counsel for McKesson Corporation and certain corporate affiliates

CERTIFICATE OF SERVICE

I, Jeffrey K. Garfinkle, an individual eighteen years of age or older, hereby certify that on the date set forth below, I caused the foregoing document to be served on all parties receiving notice and service in this case through the Court's CM/ECF electronic filing service, which served the same on the parties receiving notice via the CM/ECF system.

Dated: June 10, 2026

/s/ Jeffrey K. Garfinkle

BUCHALTER 111017076v1