So Ordered.

Signed this 29 day of June, 2026.





_____

Wendy A. Kinsella
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| NORTH STAR HEALTH ALLIANCE, INC., *et al*,[1] | : | Case No. 26-60099-5-wak |
| | : | Main Case |
| Debtors. | : | Jointly Administered |
| | : | Case No. 26-30078 |
| | : | Case No. 26-30079 |
| | : | Case No. 26-60100 |

-------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a), 327, 328, AND 330 OF THE
BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO EMPLOY
PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

Upon consideration of the Application of the Debtors Pursuant to Sections 105(a), 327,

328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized

in the Ordinary Course of Business, dated May 29, 2026 [Docket No. 351] (the "Application"),[2]

filed by North Star Health Alliance, Inc., Carthage Area Hospital, Inc., Claxton-Hepburn Medical

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

Center, Inc., and Meadowbrook Terrace, Inc., as debtors and debtors-in-possession (collectively, the "Debtors"); and it appearing that the Court has jurisdiction to consider the Application and the relief requested herein in accordance with 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. § 1409; and it appearing that the relief requested in the Application is in the best interest of the Debtors, their estates and creditors; and it appearing that due notice of the Application has been given and no further or other notice need be given; and good and sufficient cause appearing; is it hereby

**ORDERED**, that the Application is granted as set forth herein; and it is further

**ORDERED**, that pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, to the extent deemed necessary or appropriate by the Debtors, the Debtors are authorized to employ the Ordinary Course Professionals identified in **Exhibit B** annexed to the Application in the ordinary course of their businesses, effective as of the Petition Date, pursuant to the terms of this Order; and it is further

**ORDERED**, that within fourteen (14) days of the later of (i) entry of this Order or (ii) the engagement of such professional by the Debtors, each Ordinary Course Professional will serve upon the Office of the United States Trustee and counsel for the Official Committee of Unsecured Creditors (i) an affidavit, which must also be filed on the docket in these Chapter 11 Cases, certifying that such professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which such professional is to be employed, and (ii) a completed retention questionnaire, substantially in the form annexed to the Application as **Exhibit C**; and it is further

**ORDERED**, that the Debtors are authorized to pay compensation and reimburse expenses to each of the Ordinary Course Professionals retained pursuant to this Order in the customary

2

50959219.1

manner and in the full amount billed by each Ordinary Course Professional upon receipt of reasonably detailed invoices indicating the nature of the post-petition services rendered and calculated in accordance with such professional's standard billing practices, up to the lesser of: (a) $25,000 per month per Ordinary Course Professional; or (b) $60,000 per month, in the aggregate, with an aggregate annual cap of $400,000, for all Ordinary Course Professionals (the "OCP Caps"); provided, however, that the above OCP Caps shall not apply to, or include, the Bonadio Amounts; and it is further

**ORDERED**, that in the event an Ordinary Course Professional's asserted fees exceed $25,000 per month, that professional shall be required to file a fee application for those fees it is seeking in excess of the $25,000 individual cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules, the Local Rules, the Fee Guidelines promulgated by the United States Trustee, and any and all orders of the Court; and it is further

**ORDERED**, that in the event the Ordinary Course Professionals' aggregate annual cap exceeds $400,000, those professionals may be required to submit separate retention applications; and it is further;

**ORDERED**, that solely with respect to the Debtors' auditor, Bonadio & Co., LLP ("Bonadio"), the Debtors are authorized to pay to Bonadio the Bonadio Amounts; and in it is further

**ORDERED**, that the Debtors are authorized to supplement or modify the list of Ordinary Course Professionals or the scope of work of an Ordinary Course Professional from time to time as the need arises, by filing a notice with the Court and serving the same on: (i) the Office of the United States Trustee; (ii) counsel for the Official Committee of Unsecured Creditors; (iii) the New York State Department of Health; (iv) the Centers for Medicare & Medicaid Services; (v) the

50959219.1

Office of the U.S. Attorney for the Northern District of New York; (vi) the Office of the New York State Attorney General; (vii) the Internal Revenue Service; and (vii) any party that has requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002; and it is further

**ORDERED**, that parties in interest have fourteen (14) days from the filing of any notice of a proposed supplemental Ordinary Course Professional or the modification of the scope of work of an Ordinary Course Professional, and if any such objection cannot be resolved within fourteen (14) days of being filed, the proposed retention of that Ordinary Course Professional or the modification of the scope of work of an Ordinary Course Professional shall be heard by the Court in its discretion, whereas if no such objection is filed or it is subsequently resolved, such proposed supplemental Ordinary Course Professional or modification of the scope of work an Ordinary Course Professional is deemed retained pursuant to the terms of this Order; and it is further

**ORDERED**, that this Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court; and it is further

**ORDERED**, that the Debtors are hereby authorized to take such actions and execute such documents as may be necessary to implement the relief granted by this Order; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

# # #

50959219.1