UNITED STATES BANKRUPTCY COURT          **Hearing Date/Time: July 29, 2026, 2:00 p.m.**
NORTHERN DISTRICT OF NEW YORK           **Hearing Location: Syracuse, NY**
SYRACUSE DIVISION                       **Opposition Due: July 22, 2026**

-----------------------------------------------------------------------x

In re                                     : Chapter 11
                                          :
NORTH STAR HEALTH ALLIANCE, INC., *et al*,[1]   : Case No. 26-60099-5-wak
                                          : Main Case
                    Debtors.              : Jointly Administered
                                          : Case No. 26-30078
                                          : Case No. 26-30079
                                          : Case No. 26-60100

-----------------------------------------------------------------------x

**DEBTORS' MOTION FOR AN ORDER (I) ESTABLISHING BAR DATES FOR
FILING PROOFS OF CLAIM; (II) APPROVING PROOF OF CLAIM FORMS,
BAR DATE NOTICES, AND MAILING AND PUBLICATION PROCEDURES;
(III) IMPLEMENTING UNIFORM PROCEDURES REGARDING 503(b)(9)
CLAIMS; AND (IV) PROVIDING CERTAIN SUPPLEMENTAL RELIEF**

North Star Health Alliance, Inc. ("North Star"), Carthage Area Hospital, Inc. ("Carthage"),

Claxton-Hepburn Medical Center, Inc. ("Claxton"), and Meadowbrook Terrace, Inc.

("Meadowbrook"), the above-captioned debtors and debtors-in-possession (collectively, the

"Debtors"), by and through their undersigned counsel, hereby submit this motion (the "Motion")

to the Court for entry of an order, in substantially the form attached hereto as **Exhibit A** (the "Bar

Date Order"),

    (a)    establishing the general bar date (the "General Bar Date") by which all entities,[2] except as otherwise provided herein, must file proofs of claim in the Debtors' Chapter 11 cases (the "Chapter 11 Cases") asserting a claim against the Debtors that arose prior to the Petition Date, including (i) any claims asserting administrative priority pursuant to section 503(b)(9) of the Bankruptcy Code (any such claim, a "Section 503(b)(9) Claim") that arose prior to the Petition Date and (ii) any Patient Claims[3] that arose prior to the Petition Date;

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).

[2] As used herein, the term "entity" has the meaning given to such term in section 101(15) of the Bankruptcy Code and includes, among other things, "persons" as such term is defined in section 101(41) of the Bankruptcy Code.

[3] For purposes of this Motion, a "Patient Claim" means a liquidated or unliquidated claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors resulting in whole or in part from or relating to treatment received at the

4

(b)    establishing the date by which governmental units must file proofs of claim in these Chapter 11 Cases (the "Governmental Bar Date");

(c)    establishing the date by which entities must file proofs of claim relating to the Debtors' rejection of executory contracts or unexpired leases in these Chapter 11 Cases (the "Rejection Bar Date");

(d)    establishing the date by which entities must file proofs of claim in these Chapter 11 Cases as a result of the Debtors' amendment, if any, of their schedules of assets and liabilities (the "Schedules") filed in these Chapter 11 Cases (the "Amended Schedules Bar Date" and, collectively with the General Bar Date, the Governmental Bar Date, and the Rejection Bar Date, the "Bar Dates");

(e)    approving a protocol for maintaining the confidentiality of certain claims and a proposed form of confidentiality agreement;

(f)    approving the form and manner of notice of the Bar Dates to be delivered to creditors and claimants in these Chapter 11 Cases;

(g)    approving the proof of claim forms to be used in these Chapter 11 Cases;

(h)    approving the form and manner of publication notice of the Bar Dates; and

(i)    granting related relief.

In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the Northern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief requested herein are section 501 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002(a)(7) and 2002(l), 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

---

Debtors' health care facilities; provided that an "Patient Claims" shall not include any liquidated or unliquidated claim for contribution, indemnity, reimbursement or subrogation, whether contractual or implied by law (as those terms are defined by the applicable non-bankruptcy law of the relevant jurisdiction), and any other derivative claim of any kind whatsoever, whether in the nature of or sounding in contract, tort, warranty or any other theory of law or equity whatsoever, including any indemnification, reimbursement, hold-harmless or other payment obligation provided for under any pre-petition settlement, insurance policy, program agreement or contract.

5

## BACKGROUND

### A.    These Chapter 11 Cases

3.    On February 10, 2026 (the "Petition Date"), the Debtors commenced the chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are continuing in possession of their properties and are operating and managing their health care businesses, as debtors-in-possession, pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.    No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

5.    By Notice of Appointment dated March 4, 2026, the Office of the United States Trustee ("UST") appointed an official committee of unsecured creditors (the "Committee").

6.    By Notice of Appointment dated March 12, 2026, the UST appointed Suzanne Koenig as the Patient Care Ombudsman (the "PCO").

### B.    The Debtors' Corporate Structure and Operations

7.    North Star Health Alliance, Inc. was established in September 1993 and incorporated in the State of New York as a not-for-profit corporation.  North Star is the umbrella organization within which Carthage, Claxton, Meadowbrook, and related affiliates coordinate governance, strategy, and shared services under what is referred to as the Transformation Plan.[4] North Star is a passive parent entity that does not itself exercise financial control over each member

---

[4] Beginning in or about August 2022, North Star pursued a complex transition (the "Transformation Plan") designed to preserve access to acute care and behavioral health services in the North Country while addressing Claxton's unsustainable legacy cost and reimbursement structure as a Sole Community Hospital. The Transformation Plan involved coordinated planning among North Star member organizations, engagement with DOH and OMH, and stepwise regulatory actions. On October 23, 2024, DOH and OMH issued operating certificates that reorganized Claxton into two distinct hospital entities: (i) a standalone inpatient psychiatric hospital (CHMC) and (ii) a separate acute-care campus operated by Carthage under a shared operating certificate (the Claxton Campus).

organization; rather, it serves as a platform for alignment and operational integration, including shared leadership and centralized administrative functions (*e.g.*, finance, human resources, information technology, compliance, revenue cycle coordination, and cash planning) that are critical to sustaining rural healthcare delivery across multiple campuses. The North Star system as a whole employs approximately 1,200 employees.

8.      Carthage was established in November 1921 and incorporated in the state of New York as a not-for-profit corporation.  Carthage operates a 25-bed Critical Access Hospital in each of Carthage, New York and Ogdensburg, New York serving a large, rural tri-county area.  Carthage holds a New York State Department of Health operating certificate (No. 2238700C; Facility ID/PFI 379 & Facility ID/PFI 15684) for primary care hospital-critical access hospital services located at 1001 West Street, Carthage, New York 13619 and 214 King Street, Suite A, Ogdensburg, New York 13669 (the "Claxton Campus.  The Claxton Campus is also the designated "9.39" hospital for the area.  While the New York State Department of Health ("DOH") issued the operating certificate reflecting this configuration, Centers for Medicare & Medicaid Services ("CMS") processes to recognize and operationalize the Claxton Campus as a critical access hospital (including surveys, enrollment steps, and related notifications) have involved additional steps and timing considerations.

9.      Claxton-Hepburn Medical Center, Inc. was established in December 1916 and incorporated in January 1917 in the state of New York as a not-for-profit corporation.  Following the implementation of the Transformation Plan, Claxton now operates exclusively as a standalone Article 31 Inpatient Psychiatric Hospital licensed by the New York State Office of Mental Health under Operating Certificate No. 8231002, located on the Claxton Campus.  Claxton provides acute inpatient behavioral health services for adults (28 beds) and children/adolescents (12 beds),

including the region's only acute inpatient unit dedicated to children and adolescents. Claxton also leads the Pathways to Recovery Peer Coaching program.

10.    Meadowbrook Terrace, Inc. was established in December 2011 and incorporated in the state of New York as a not-for-profit corporation. Meadowbrook is a 60-bed assisted living facility (58 ALP beds and 2 Adult Home) that provides assisted living services for seniors in the North Country region. Meadowbrook is a key part of the Debtors' care continuum for elderly and medically fragile patients, supporting safe discharge planning, and community-based care.

11.    Through these bankruptcy proceedings, the Debtors intend to continue to fulfill their mission by operating their facilities to deliver quality health care in their communities; supported by a local workforce.

## RELIEF REQUESTED

### THE BAR DATES

I.    **Establishment of the Bar Dates**

12.    For the Debtors to make distributions to creditors and claimants in these Chapter 11 Cases (including pursuant to any confirmed plan), the Debtors require, among other things, complete and accurate information regarding the nature, validity, and amount of claims[5] that will be asserted against the Debtors' estates. Consequently, the Debtors request, pursuant to Bankruptcy Rule 3003(c)(3), that the Court enter the Bar Date Order (a) establishing the Bar Dates and related claims procedures proposed herein and (b) approving the form and manner of notice thereof. Establishing the Bar Dates is an important condition precedent to identifying the universe of claims asserted against the Debtors, which will facilitate the Debtors' ability to meaningfully engage in discussions with all stakeholders in these Chapter 11 Cases.

---

[5] As used herein, the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code.

13.    <u>The General Bar Date</u>.  The Debtors request that the Court establish **September 15, 2026 at 5:00 p.m., prevailing Eastern Standard Time**, as the General Bar Date.  This will provide approximately forty-five (45) days from service of the Bar Date Notice (as defined below) for creditors to file proofs of claim.  Except as otherwise provided herein, the General Bar Date will apply to all entities holding claims of any kind that arose prior to Petition Date, including Patient Claims (collectively, the "<u>General Claims</u>"), whether secured, unsecured priority, or unsecured nonpriority claims.  Unless they fall within one of the exceptions described below, all entities holding General Claims (including Patient Claims) must file proofs of claim with respect to such General Claims by the General Bar Date. With respect to Section 503(b)(9) Claims, the Debtors propose that the filing of a proof of claim be deemed to satisfy the procedural requirements for the assertion of such administrative claims.

14.    Given that Patient Claims differ from other claims to be filed against the Debtors, the Debtors request approval of certain specialized confidentiality procedures for the submission and handling of Patient Proof of Claim Forms, which are described in greater detail herein.

15.    <u>Governmental Bar Date</u>.  Pursuant to section 502(b)(9) of the Bankruptcy Code, a proof of claim filed by a governmental unit is deemed timely if it is filed within one hundred and eighty (180) days after the Petition Date, or by August 9, 2026.[6]  The Debtors therefore request that this Court establish **August 9, 2026 at 5:00 p.m., prevailing Eastern Standard Time**, as the Governmental Bar Date in these Chapter 11 Cases.  The Governmental Bar Date would apply to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured nonpriority) that arose prior to the Petition Date.

---

[6] As used in this Motion, the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code.  Under Bankruptcy Rule 3002(2)(1), "[a] proof of claim filed by a governmental unit . . . is timely filed if it is filed not later than 180 days after the date of the order for relief."

16. Rejection Bar Date. If applicable, certain entities may assert claims in connection with the Debtors' rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code or claims otherwise related to such rejected agreements that arose or are deemed to have arisen prior to the Petition Date (collectively, "Rejection Damages Claims"). The Debtors propose that the Rejection Bar Date with respect to executory contracts or unexpired leases rejected pursuant to a confirmed Chapter 11 plan, Court order (a "Rejection Order") or by operation of section 365(d)(4) of the Bankruptcy Code will be the later of: (a) the General Bar Date, (b) 5:00 p.m., prevailing Eastern Standard Time, on the date that is 15 (15) days after entry of an order confirming a Chapter 11 plan rejecting such executory contract or unexpired lease, and (c) 5:00 p.m., prevailing Eastern Standard Time, on the date that is thirty (30) days after entry of the Rejection Order. All pre-petition claims of any kind or nature relating to the rejection of executory contacts or unexpired leases must be filed by the Rejection Bar Date.

17. Amended Schedules Bar Date. The Debtors may subsequently amend or supplement the Schedules, including designating any scheduled claim as disputed, contingent, or unliquidated. If the Debtors subsequently amend or supplement the Schedules, the Debtors propose that they will give notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment or supplement to the Schedules.

18. Specifically, if the Debtors amend or supplement their Schedules to reduce the undisputed, non-contingent, and liquidated amount of a claim against one of the Debtors, change the nature or classification of a claim against the Debtors, or add a new claim to the Schedules, any affected entities that dispute such changes must, by the Amended Schedules Bar Date, file a

10

proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim in accordance with the procedures described herein.

19.     The Debtors request that the Amended Schedules Bar Date be established as the later of: (a) the General Bar Date and (b) 5:00 p.m., prevailing Eastern Standard Time, on the date that is thirty (30) days after the date that notice of the applicable amendment or supplement to the Schedules is served on the affected entity. Notwithstanding the foregoing, nothing contained herein shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

## II.     Entities That Must File Proofs of Claim by the General Bar Date

20.     Subject to the terms described above, the Debtors propose that the following entities be required to file proofs of claim on or before the General Bar Date, as applicable:

(a)     any entity (i) whose pre-petition claim (including any 503(b)(9) Claims or Patient Claims) against the Debtors are not listed in the Debtors' Schedules or is listed as disputed, contingent, or unliquidated, and (ii) that desires to share in any distributions in these Chapter 11 Cases; and

(b)     any entity that believes its pre-petition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount different from the classification or amount identified in the Schedules.

## III.     Entities Not Required to File Proofs of Claim by the General Bar Date

21.     The Debtors propose that the following entities, whose claims otherwise would be subject to the General Bar Date or the Governmental Bar Date, need not file proofs of claim:

(a)     any person or entity that has already filed a proof of claim against one of the Debtors in a form substantially similar to Official Form 410;

(b)     any person or entity whose claim is listed on the Schedules filed by the Debtors; provided that (i) the claim is not scheduled as "disputed," "contingent" or "unliquidated" and (ii) the claimant does not disagree with the amount, nature, or priority of the claim as set forth in the Schedules;

(c)     any holder of a claim that has been allowed by order of this Court;

(d)     any person or entity whose claim has been paid in full by the Debtors;

(e)     any holder of a claim for which specific deadlines have previously been fixed by this Court; and

(f)     any member, trustee, officer, director or employee of the Debtors who held such position as of the Petition Date and has a claim against the Debtors for indemnification, contribution or reimbursement; provided, however, that any of the foregoing parties that wishes to assert a claim other than a claim arising from or relating to indemnification, contribution or reimbursement will be required to file a proof of claim by the General Bar Date, unless another exception identified in this paragraph 13 applies.

## CONFIDENTIALITY PROTOCOL FOR PATIENT CLAIMS

22.     Due to the potentially sensitive nature of the information contained in Patients Claims, the Debtors seek approval of the following confidentiality protocol (the "Confidentiality Protocol") to apply to all Patient Claim submitted by holders of Patient Claims (the "Patient Claimants"):

(a)     All claimants asserting a Patient Claim are directed to submit a General Proof of Claim Form, see Annex 2 attached hereto, directly to Omni Agent Solutions (the "Claims Agent" either electronically through the Claims Agent's website https://cases.omniagentsolutions.com/?clientId=3776, or via first class mail or overnight delivery to Omni Agent Solutions, 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367.  Patient Claims should not be filed with the Court.

(b)     Patient Claims received by the Claims Agent will be treated as confidential and will be made available only to Authorized Parties (as defined below) unless a Patient Claimant affirmatively elects to have their Patient Claim disclosed publicly.  The Confidentiality Protocol is for the benefit of Patient Claims.  Accordingly, Patient Claimants may elect to make information contained in their Patient Claims public, even if they do not elect to have their Patient Claims disclosed publicly.

(c)     Patient Claims received by the Claims Agent shall be held and treated as confidential, and copies thereof shall be provided or made available only to the following parties (the "Authorized Parties"):

(i)     the officers, directors, and employees of the Debtors who assist the Debtors in reviewing and analyzing the Patient Claims; any counsel and advisors to the Debtors retained pursuant to an order of the Court;

(ii)     counsel and advisors for any official committee appointed by this Court to represent holders of Patient Claims;

(iii)   any counsel and advisors retained by the Debtors;

(iv)   the United States Trustee, including its assistants, agents, employees, and anyone else employed by the U.S. Trustee Program and Executive Office for U.S. Trustees pursuant to section 107(c)(3) of the Bankruptcy Code; provided, however, that the United States Trustee shall not be subject to the Confidentiality Protocol herein; provided, further, that nothing herein shall limit the applicability of section 107(c)(3) of the Bankruptcy Code;

(v)   any insurance company that provided insurance that may cover the claims described in any Patient Claims, together with their respective successors, employees, reinsurers, regulators, auditors, administrators, and counsel;

(vi)   any person appointed pursuant to an order of the Court to serve as a mediator or as a special arbitrator/claims reviewer appointed to review and resolve Patient Claims;

(vii)   any trustee, or functional equivalent thereof, appointed to administer payments to Patient Claims, including pursuant to a plan of reorganization or a proposed plan of reorganization;

(viii)   and

(ix)   such other persons as the Court may authorize pursuant to subsequent order to permit access to the Patient Claims; provided, however, that any such determination shall be made on no less than ten (10) business days' notice to the affected claimant(s) (and their counsel of record, to the extent applicable).

(d)   Notwithstanding the designation of Authorized Parties above, no person or entity may obtain copies of any Patient Claims submitted by a Patient Claimant prior to the execution of a confidentiality agreement substantially in the form attached to the Bar Date Order as **Annex 5** (the "Confidentiality Agreement").  Access to the Patient Claims submitted by Patient Claimants for all other Authorized Parties shall be restricted to the natural person who executes a Confidentiality Agreement and a separate Confidentiality Agreement must be signed by each natural person seeking access to the Patient Claims submitted by Patient Claims on behalf of an Authorized Party; provided that counsel to the Debtors, counsel to any official committee appointed in these Chapter 11 Cases, and counsel to the Debtors' insurers shall only be required to execute a single Confidentiality Agreement on behalf of those entities and their respective clients, which shall be deemed binding on their entire firm and their respective clients and, in the case of the Debtors' insurers, their reinsurers, regulators, or auditors as well.

(e)   Authorized Parties in possession of any Patient Claims submitted by Patient Claimants shall keep the Patient Claims confidential and shall not use or disclose any information provided in any Patient Claims submitted by

13

Patient Claims except in accordance with the terms of the Confidentiality Agreement or pursuant to an order of this Court, unless the Patient Claims has elected to make his, her, or their Patient Claims public by indicating such consent in Part 1 of the Patient Proof of Claim Form.

(f) In addition, information in Patient Claims may be required to be disclosed to governmental authorities under mandatory reporting laws in many jurisdictions. If any such disclosures to governmental authorities are required to be made under this paragraph (f), Patient Claims will be notified at the time of such disclosure; provided that if such information is already available in the public record through court filings by the respective Patient Claims or its counsel, such information shall not be confidential under the Confidentiality Protocol set forth herein.

24. The Debtors respectfully submit that the proposed Confidentiality Protocol is both necessary and appropriate under the circumstances of these Chapter 11 Cases. The Debtors are sensitive to the privacy and other concerns that might otherwise impede a Patient's willingness to assert a claim against the Debtors' estates and believe that the Confidentiality Protocol appropriately addresses those issues. Through the Confidentiality Protocol, the Debtors are attempting to obtain the information that they – or another person or entity – will need in order to evaluate the Patient Claims, while at the same time providing a claim submission process that will not discourage Patient Claims from coming forward and asserting their claims.

## PROCEDURES FOR PROVIDING NOTICE OF AND FILING PROOFS OF CLAIM

25. The Debtors propose the following procedures for providing notice of the Bar Dates and for filing proofs of claim with respect to General Claims (including Patient Claims) and Rejection Damages Claims. The Debtors propose to serve on all known entities holding potential pre-petition General Claims (including Patient Claims) and Rejection Damages Claims: (a) a notice of the Bar Dates substantially in the form of the notice attached to the Bar Date Order as **Annex 1** and incorporated herein by reference (the "Bar Date Notice"); and (b) a proof of claim form substantially in the form attached thereto as **Annex 2** (the "Proof of Claim Form", (and collectively with the Bar Date Notice, the "Bar Date Notice Package").

14

26.    The Debtors will mail the Bar Dates Notice Package by first-class U.S. mail, postage prepaid (or equivalent service), to: (a) all known potential claimants, including all entities listed in the Schedules as potentially holding claims and all residents or other participants in the Debtors' programs to the extent identifiable by reasonable efforts; (b) the Office of the United States Trustee for the Northern District of New York; (c) counsel to the Committee; (d) all parties that have requested notices in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002; (e) all counterparties to executory contracts and unexpired leases of the Debtors listed in the Schedules or their designated representatives (including all parties to rejected executory contracts and unexpired leases); (f) all parties to pending litigation with the Debtors and their counsel; (g) the Attorney General for the State of New York; (h) all other entities listed on the Debtors' joint matrix of creditors; and (i) all parties that have filed proofs of claim in these Chapter 11 Cases as of the date of entry of the Bar Date Order.

27.    For any claim to be validly and properly filed, a claimant must deliver a completed, signed original of the (a) Proof of Claim Form, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d), to the Claims Agent at the address identified on the Bar Date Notice so as to be received no later than 5:00 p.m., prevailing Eastern Standard Time, on the applicable Bar Date.  All such filed Proof of Claim Forms must:  (a) be written in English; (b) set forth with specificity the legal and factual basis for the alleged claim; and (c) conform substantially with the General Proof of Claim Form, as applicable.

28.    The Debtors propose that claimants be permitted to submit Proof of Claim Forms, as applicable, by courier service, hand delivery or mail.  Additionally, Proof of Claim Forms, may be delivered electronically using the interface available on the Claims Agent's website at

15

https://cases.omniagentsolutions.com/?clientId=3776 (the "Electronic Filing System"). ***PROOF***

***OF CLAIM FORMS SUBMITTED BY FACSIMILE OR EMAIL WILL NOT BE ACCEPTED***.

29.     Proof of Claim Forms will be deemed filed when actually received by the Claims

Agent.  If a claimant wishes to receive acknowledgement of the Claims Agent's receipt of a Proof

of Claim Form, the claimant also must submit to the Claims Agent by the applicable Bar Date and

concurrently with submitting its original Proof of Claim Form, (a) a copy of the original Proof of

Claim Form, and (b) a self-addressed, postage prepaid return envelope.  Claimants who submit

Proof of Claim through the Claims Agent's Electronic Filing System will receive an electronic

confirmation of such submissions.

**EFFECT OF FAILURE TO FILE A PROOF OF CLAIM FORM**

30.     The Debtors propose that any entity required to file a proof of claim in these

Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order

with respect to a particular claim against the Debtors, but that fails to do so by the applicable Bar

Date, should be forever barred, estopped, and enjoined from: (a) asserting any such claim against

the Debtors or their estates or property that (i) is in an amount that exceeds the amount, if any, that

is identified in the Schedules on behalf of such entity as undisputed, non-contingent, and liquidated

or (ii) is of a different nature, classification or priority than any such claim identified in the

Schedules on behalf of such entity (any such claim under this subsection (a), an "Unscheduled

Claim") or (b) voting on, or receiving distributions under, any chapter 11 plan in these Chapter 11

Cases in respect of an Unscheduled Claim.  For the avoidance of doubt, nothing contained herein

shall preclude a claimant from seeking relief from the Court to file a late-filed claim in accordance

with Bankruptcy Rule 9006.

16

<u>**SUPPLEMENTAL MAILINGS**</u>

31.     After the initial mailings of the Bar Date Notice Packages, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses;[7] (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead provide their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants (or such claimants' contact information) become known to the Debtors.  In these and similar circumstances, the Debtors request that the Court permit the Debtors to make supplemental mailings of the Bar Date Notice Package at any time up to twenty-one (21) days in advance of the applicable Bar Date, with any such mailings deemed timely and the applicable Bar Date being enforced against the relevant creditors.

<u>**PUBLICATION OF BAR DATE NOTICE**</u>

32.     The Debtors request authority to publish notice of the Bar Dates substantially in the form attached to the Bar Date Order as **Annex 3** (the "Publication Notice"):  (a) once each in a (i) national and (ii) regional or local print and/or online publication; and (b) on the Claims Agent's website https://cases.omniagentsolutions.com/?clientID=3776.  As set forth in **Annex 3** to the Bar Date Order, the Publication Notice will contain, among other things, a telephone number and email addresses whereby potential claimants can seek additional information with respect to filing General Claims (including Patient Claims).

---

[7] However, if notices are returned as "return to sender" without a forwarding address, the Debtors respectfully request that they should not be required to mail additional notices to such creditors.

17

33.     In addition, on or before the service of the Bar Dates Notice Package, the Debtors

and Claims Agent shall cause the Bar Date Notice, and the Proof of Claim Form to be posted on

their website.

**BASIS FOR RELIEF**

I.     **The Proposed Bar Dates and Procedures Are Reasonably Calculated to Provide Due
and Proper Notice**

34.     Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a

chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may

extend the time within which proofs of claim or interest may be filed."   Fed. R. Bankr. P.

3003(c)(3).   Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest

must receive, at a minimum, twenty-one (21) days' notice of the time fixed for filing proofs of

claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules,

the Local Rules nor the Guidelines specify a time by which proofs of claim must be filed in chapter

11 cases (other than section 502(b)(9) of the Bankruptcy Code relating to governmental units).

35.     The claims bar date allows debtors and parties in interest to expeditiously determine

and evaluate the liabilities of the estates.   The absence of such a deadline, in contrast, would

prolong creditor uncertainty, increase the costs and expenses incurred by Debtors in connection

with the claims reconciliation process, and delay or even derail the claims process, thus

undercutting one of the principal purposes of bankruptcy law — "secur[ing] within a limited period

the prompt and effectual administration and settlement of the debtor's estate."   *Chemetron Corp.*

v. *Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

36.     The procedures described herein provide creditors with ample notice and

opportunity and a clear process for filing proofs of claim and achieve administrative and judicial

efficiency.   The proposed procedures will provide comprehensive notice and clear instructions to

18

creditors, on the one hand, and allow these Chapter 11 Cases to move forward quickly with a minimal administrative expense and delay, on the other hand.

37.     The proposed procedures provide clear instructions that will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary protective proofs of claim or multiple proofs of claim that would cause expense and delay in the claims process for all parties. The proposed procedures are designed to comply with the Bankruptcy Code and provide the Debtors with flexibility in case of the need for supplemental bar dates or situations in which a creditor's claim status may change during these Chapter 11 Cases.

## II.    **The Proposed Procedures Are Reasonable and Appropriate**

38.     Bankruptcy Rule 2002(a)(7) requires that the debtors provide claimants at least twenty-one (21) days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c). *See* Fed. R. Bankr. P. 2002(a)(7).  Additionally, Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement other notice. *See* Fed. R. Bankr. P. 2002(l).  Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspaper or other medium used, and the frequency of publication. *See* Bankruptcy Rule 9008.

39.     In conjunction with setting deadlines for filing proofs of claim, the Debtors must give appropriate notice to interested parties.  The Debtors propose to mail the Bar Date Notice to its known creditors and potential creditors, and rely on publication to give notice to any unknown creditors.  To determine the adequacy of notice to a creditor, the case law distinguishes between "known" and "unknown" creditors.  Generally speaking, the former is a creditor (or potential creditor) whose identity is either known or is reasonably ascertainable by the debtor, while the latter is one whose identity, although potentially discoverable upon investigation, does not come

19

to the knowledge of the debtor in the ordinary course of business. *See Tulsa Prof'l Collection Serv., Inc.* v. *Pope*, 485 U.S. 478, 490 (1988) (holding that notice is required to parties whose name and address are "reasonably ascertainable"); *Mullane* v. *Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950) (publication is acceptable where it is not "reasonably possible or practicable to give more adequate warning," whereas when names and addresses are available, notice must be mailed).

40.    Where a creditor is known to the debtor, due process requires that the debtor must take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing a proof of claim. A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts." *Mennonite Bd. of Missions* v. *Adams*, 462 U.S. 791, 798 n.4 (1983). This does not require the debtor, though, to engage in "impracticable and extended searches...in the name of due process." *See Mullane*, 339 U.S. at 317–18. Rather, the required search is limited to a debtor's "books and records." *See, e.g.*, *Chemetron*, 72 F.3d at 347. Notification by publication will generally suffice for unknown creditors. *See, e.g.*, *In re XO Commc'ns*, 301 B.R. 782, 793 (Bankr. S.D.N.Y. 2003) (finding that if a creditor is unknown, constructive notice is generally sufficient); *DePippo* v. *Kmart Corp.*, 335 B.R. 290, 296 (S.D.N.Y. 2005) ("It is well-settled that when a creditor is 'unknown' to the debtor, publication notice of the claims bar date is adequate constructive notice sufficient to satisfy due process requirements . . ."). Furthermore, debtors are not required to publish notice in an excessive number of publications. *See In re Best Prods. Co., Inc.*, 140 B.R. 353, 358 (Bankr. S.D.N.Y. 1992) (finding it impracticable to expect a debtor to publish notice in every newspaper that an unknown creditor possibly may read).

20

41.     The Debtors submit that the relief requested herein provides for clear notice of the Bar Dates in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code.  Specifically, the Debtors intend to (a) cause the Bar Date Notice Packages to be mailed no later than ten (10) business days after entry of the Bar Date Order and (b) cause the Publication Notice to be published by a date that is at least twenty-one (21) days prior to the Bar Dates.  Thus, by establishing the Bar Dates in accordance with the provisions hereof, all known claimants and potential claimants will have more than twenty-one (21) days of actual notice and unknown or unreachable claimants will have at least twenty-one (21) days of constructive notice of the Bar Dates, thereby satisfying Bankruptcy Rule 2002(a)(7).

42.     In addition, in the event the Debtors file a previously unfiled Schedule or amends or supplements the Schedules subsequent to the date on which the Debtors serve the Bar Date Notice, the Debtors shall give notice of any filing, amendment or supplement to the holders of affected claims whereby such holders will have no less than twenty-one (21) days from the notice date to file proofs of claim with respect to their claims.  Moreover, unless otherwise ordered by the Court, and in the event the Debtors reject an executory contract or unexpired lease, holders of claims arising from such rejection, if any, will have no less than twenty-one (21) days from the notice date to file proofs of claim with respect to their claims.

43.     Accordingly, the Debtors respectfully submit that the Bar Dates and the form and manner of providing notice thereof are appropriate in light of the circumstances, inure to the benefit of all parties in interest, and should be approved.

### III.  The Proposed Patient Claims Confidentiality Protocol Should Be Approved

44.     The Debtors submit that the proposed Confidentiality Protocol for Patient Claims is appropriate under the circumstances of these cases to protect the privacy of Patient Claimants.

45.     The Confidentiality Protocol is necessary and appropriate under the circumstances of these Chapter 11 Cases.  The Debtors are sensitive to the issues that may arise for Patient Claimants.  No Patient Claimants should have to choose between filing a claim and keeping the circumstances of his, her, or their experiences confidential.  The Debtors are focused on allocating and distributing proceeds to Patient Claimants holding allowed claims as fully and equitably as possible, and so encourage all Patient Claimants to come forward with their Patient Claims.  To that end, the Debtors request the approval of the Confidentiality Protocol set forth herein.

## RESERVATION OF RIGHTS

46.     Nothing contained herein or any actions taken pursuant to such relief requested is intended to or should be construed as (a) an admission as to the validity of any pre-petition claim against the Debtors, (b) a waiver of the Debtors' or any other party in interest's right to dispute any pre-petition claim on any grounds, (c) a promise or requirement to pay any pre-petition claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any pre-petition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

## NOTICE

47.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the Northern District of New York, (ii) counsel for the Committee, Northern Credit

22

Union, and the New York State Department of Health, (iii) the Attorney General of the State of

New York and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002. The

Debtors submit that, in light of the nature of the relief requested, no other or further notice need

be given.

## **NO PRIOR REQUEST**

48. No prior request for the relief sought in this Motion has been made to this or any

other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Bar Date Order,

substantially in the form attached hereto as **Exhibit A**, and grant such other and further relief as

may be appropriate.

Dated: July 8, 2026

**BARCLAY DAMON LLP**
*Counsel for the Debtors and Debtors-In-Possession*

By:  */s/Janice B. Grubin*
Janice B. Grubin
Ilan Markus (admitted *pro hac vice*)
1270 Avenue of the Americas, Suite 2310
New York, New York 10020
Janice B. Grubin:
(212) 784-5808; jgrubin@barclaydamon.com
Ilan Markus:
(203) 672-2661; imarkus@barclaydamon.com

# <u>EXHIBIT A</u>

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
**SYRACUSE DIVISION**

```
-------------------------------------------------------------------x
```

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| NORTH STAR HEALTH ALLIANCE, INC., *et al*,[1] | : | Case No. 26-60099-5-wak |
| | : | Main Case |
| Debtors. | : | Jointly Administered |
| | : | Case No. 26-30078 |
| | : | Case No. 26-30079 |
| | : | Case No. 26-60100 |

```
-------------------------------------------------------------------x
```

**ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM**
**AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the motion dated July 8, 2026 [Dkt No. ___] (the "Motion")[2] of North Star Health

Alliance, Inc. ("North Star"), Carthage Area Hospital, Inc. ("Carthage"), Claxton-Hepburn

Medical Center, Inc. ("Claxton"), and Meadowbrook Terrace, Inc. ("Meadowbrook"), the above-

captioned debtors and debtors-in-possession (collectively, the "Debtors"), for an order (this

"Order"), pursuant to section 501 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(7),

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2002(l), fixing a deadline (the "Bar Date") and establishing procedures for filing proofs of claim

and approving the form and manner of service thereof, and it appearing that the relief requested is

in the best interests of the Debtors, their estates, and creditors and that adequate notice has been

given and that no further notice is necessary; and after due deliberation and good and sufficient

cause appearing therefor, **IT IS HEREBY ORDERED THAT**

1. The Motion is GRANTED as set forth herein.

2. Except as otherwise provided herein, all persons and entities, (including, without

limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units)

that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtors which

arose on or prior to the filing of the chapter 11 petitions on February 10, 2026 (the "Petition Date"),

shall file a proof of claim according to the procedures described herein so that it is received on or

before **September 15, 2026 at 5:00 p.m. (prevailing Eastern Standard Time)** (the "General Bar

Date").

3. Notwithstanding any other provision hereof, proofs of claim filed by governmental

units must be filed on or before **August 9, 2026 at 5:00 p.m. (prevailing Eastern Standard Time)**

(the date that is one hundred eighty (180) days after the date of the order for relief) (the

"Governmental Bar Date").

4. The following procedures for the filing of proofs of claim shall apply:

   a. Proofs of claim, including Patient Claims, should conform substantially to Official Bankruptcy Form No. 410, attached hereto as **Annex 2**;

   b. Proofs of claim, including Patient Claims, should be submitted (i) electronically through the Omni Agent Solution's (the "Claims Agent") website at https://cases.omniagentsolutions.com/?clientId=3776 by following instructions for filing proofs of claim electronically; or (ii) by delivering the original proof of claim either by U.S. Postal Service mail, overnight delivery, or hand delivery to Omni Agent Solutions, 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367.

2

c. Proofs of claim, including Patient Claims, will be deemed filed only when received by the Claims Agent on or before the applicable Bar Date;

d. Proofs of claim, including Patient Claims, must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and, (iv) be denominated in United States currency; provided, that electronic signatures will be accepted as valid, either when a proof of claim is submitted via the Court's website or when signed through an electronic signature program including, but not limited to, Docusign, Hellosign, or Adobe Sign, and delivered to the Court via the instructions above in paragraph 7(c)(ii); and

e. Proofs of claim, including Patient Claims, sent by facsimile, telecopy or electronic mail transmission (except as permitted above) will not be accepted.

5. Proofs of Claim need not be filed as to the following types of claims:

a. Any claim as to which the holder has already filed a proof of claim against the Debtors in the above-captioned case in a form substantially similar to Official Bankruptcy Form No. 410;;

b. Any claim that is listed on the Schedules filed by the Debtors; provided that (i) the claim is not scheduled as "disputed," "contingent" or "unliquidated"; and (ii) the claimant does not disagree with the amount, nature, or priority of the claim as set forth in the Schedules;

c. Any claim that heretofore has been allowed by Order of this Court;

d. Any claim that has been paid in full by any of the Debtors;

e. Any claim for which different specific deadlines have previously been fixed by this Court;

f. Any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates, except as otherwise provided below; and

g. any officer, director, employee, or independent contractor of the Debtors who held such position as of the Petition Date and has a claim against the Debtors for indemnification, contribution, or reimbursement; provided, however, that any of the foregoing parties that wishes to assert a claim other than a claim arising from or relating to indemnification, contribution or reimbursement will be required to file a proof of claim by the General Bar Date, unless another exception identified in this paragraph 5 applies.

6. Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of claim by the later of: (a) the General Bar Date, (b) 5:00 p.m., prevailing Eastern Standard Time, on the date that is fifteen (15) days after entry of

3

an order confirming a Chapter 11 plan rejecting such executory contract or unexpired lease, and (c) 5:00 p.m., prevailing Eastern Standard Time, on the date that is thirty (30) days after entry of the Rejection Order.  All pre-petition claims of any kind or nature relating to the rejection of executory contacts or unexpired leases must be filed by the Rejection Bar Date.

7.      If the Debtors amend or supplement the Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date of such notice to file proofs of claim in respect of their claims and shall be given notice of such deadline.

8.      Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules.

9.      Pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

10.     Parties asserting General Claims, including Patient Claims, against the Debtors that arose before the Petition Date should use the Proof of Claim Form substantially in the form attached hereto as **Annex 2**.

11.     The filing of a Patient Claim shall not constitute a waiver of the claimant's right to a jury trial, if any.

12.     Due to the sensitive nature of the information potentially contained in the Patient Claims, the following confidentiality protocol (the "Confidentiality Protocol") shall apply to all Proof of Claim Forms submitted by holders of Patient Claims (the "Patient Claimants"):

      a.      All claimants asserting a Patient Claim are directed to submit such claims directly to the Claims Agent.

      b.      Patient Claims received by the Claims Agent will be treated as confidential and will be made available only to Authorized Parties (as defined below)

4

unless a Patient Claimant affirmatively elects to have their Patient Claim disclosed publicly. The Confidentiality Protocol is for the benefit of the Patient Claimants. Accordingly, Patient Claimants may elect to make information contained in their Patient Claim public, even if they do not elect to have their Patient Claim disclosed publicly.

c. Patient Claims received by the Claims Agent shall be held and treated as confidential by Debtors' Counsel, and copies thereof shall be provided or made available only to the following parties (the "Authorized Parties"):

i. the officers, directors, and employees of the Debtors who assist the Debtors in reviewing and analyzing the Patient Claims;

ii. any counsel and advisors retained by the Debtors;

iii. counsel and advisors for any official committee appointed by this Court to represent holders of Patient Claims;

iv. the United States Trustee, including its assistants, agents, employees, and anyone else employed by the U.S. Trustee Program and Executive Office for U.S. Trustees pursuant to section 107(c)(3) of the Bankruptcy Code; provided, however, that the United States Trustee shall not be subject to the Confidentiality Protocol herein; provided, further, that nothing herein shall limit the applicability of section 107(c)(3) of the Bankruptcy Code;

v. any insurance company that provided insurance that may cover the claims described in any Patient Claim, together with their respective successors, employees, reinsurers, regulators, auditors, administrators, and counsel;

vi. any person appointed pursuant to an order of the Court to serve as a mediator or as a special arbitrator/claims reviewer appointed to review and resolve Patient Claims;

vii. any trustee, or functional equivalent thereof, appointed to administer payments to Patient Claims, including pursuant to a plan of reorganization;

viii. such other persons as the Court may, pursuant to subsequent order, authorize access to the Patient Claims; provided, however, that any such determination shall be made on no less than ten (10) business days' notice to the affected claimant(s) and their counsel of record.

d. Notwithstanding the designation of Authorized Parties above, no person or entity (other than the United States Trustee) may obtain copies of any Patient Claims submitted by Patient Claims prior to the execution of a confidentiality agreement substantially in the form attached to the Bar Date Order as **Annex 4** (the "Confidentiality Agreement"). Access to the Patient Claims submitted by Patient Claimants for all other Authorized Parties shall be restricted to the natural person who executes a Confidentiality Agreement and a separate Confidentiality Agreement must be signed by

5

each natural person seeking access to the Patient Claims submitted by Patient Claimants on behalf of an Authorized Party; provided that counsel to the Debtors, counsel to any official committee appointed in these Chapter 11 Cases, and counsel to the Debtors' insurers for potential coverage of Patient Claims shall only be required to execute a single Confidentiality Agreement on behalf of those entities and their respective clients, which shall be deemed binding on their entire firm and their respective clients and, in the case of the Debtors' insurers, their reinsurers, regulators, or auditors as well.

e.   Authorized Parties in possession of any Patient Claims submitted by Patient Claimants shall keep the Patient Claims confidential and shall not use or disclose any information provided in any Patient Claims submitted by Patient Claims except in accordance with the terms of the Confidentiality Agreement or pursuant to an order of this Court, unless the Patient Claims has elected to make his, her, or their Patient Claims public.

f.   In addition, information in Patient Claims may be required to be disclosed to governmental authorities under mandatory reporting laws in many jurisdictions. If any such disclosures to governmental authorities (other than the United States Trustee) are required to be made under this paragraph (f), Patient Claimants will be notified at the time of such disclosure; provided that if such information is already available in the public record through court filings by the respective Patient Claimant or its counsel, such information shall not be confidential under the Confidentiality Protocol set forth herein.

13.   A copy of the Bar Dates Notice Package, including a copy of the Bar Date Notice and the Proof of Claim Form, substantially in the forms attached hereto as **Annex 1** and **Annex 2,**, is approved and shall be deemed adequate and sufficient. On or about five (5) business days after entry of this Order, the Debtors shall cause the Bar Date Packages to be mailed via first-class U.S. mail to the following entities:

a.   the Office of the United States Trustee for the Northern District of New York;

b.   all persons or entities that have requested notice of the proceedings in these Chapter 11 Cases;

c.   all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

d.   all parties to executory contracts and unexpired leases of the Debtors listed in the Schedules or their designated representatives (including all parties to rejected executory contracts and unexpired leases);

6

e. all parties to pending litigation with the Debtors and their counsel, subject to the confidentiality restrictions ordered by the Court in these Chapter 11 Cases;

f. the Attorney General for the State of New York;

g. the United States Attorney's Office for the Northern District of New York;

h. all other entities listed on the Debtors' joint matrix of creditors;

i. all parties to pending litigation with the Debtors (and their counsel, to the extent applicable);

j. all persons, entities, or parties that have filed proofs of claim in these Chapter 11 Cases as of the date of entry of the Bar Date Order; and

k. such additional persons and entities as deemed appropriate by the Debtors.

14. The Debtors shall cause the Bar Date Notice and the Proof of Claim Form to be posted on the Debtors' and Claims Agent's website.

15. Service of the Bar Dates Notice Package in the manner set forth in this Order is and shall be deemed to be good and sufficient notice of the Bar Dates to all known claimants.

16. After the initial mailing of the Bar Date Notice Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process. In this regard, the Debtors may make supplemental mailings of the Bar Date Notice Packages in these and similar circumstances at any time up to twenty-one (21) days in advance of the Bar Date, with any such mailings being deemed timely and the appropriate Bar Date being applicable to the recipient creditors.

17. In the event that any notices sent during these Chapter 11 Cases are returned by the United States Postal Service or other carrier as "undeliverable," "moved – left no forwarding

7

address," "forwarding order expired," or other similar designation, Debtors' Counsel shall work with the Debtors to use reasonable due diligence to determine a serviceable address.

18. Pursuant to Bankruptcy Rule 2002(l), the Debtors shall publish notice of the Bar Dates in substantially the form hereto as **Annex 3** (the "Publication Notice") at least twenty eight (28) days prior to the General Bar Date (a) once each in a (i) national and (ii) regional or local print and/or online publication, and (b) on the Claims Agent's website https://cases.omniagentsolutions.com/?clientID=3776, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Bar Dates.

19. Any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules.

20. The requirements set forth in Local Rule 9013-1(a) are satisfied.

21. The Debtors and Debtors' Counsel are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

22. Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file such proofs of claim or interest or be barred from doing so.

23. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

# # #

8

## ANNEX 1

**Bar Date Notice**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
SYRACUSE DIVISION

---------------------------------------------------------------------x

In re                                                              :   Chapter 11
                                                                   :
NORTH STAR HEALTH ALLIANCE, INC., *et al*,[1]   :   Case No. 26-60099-5-wak
                                                                   :   Main Case
                        Debtors.                             :   Jointly Administered
                                                                   :   Case No. 26-30078
                                                                   :   Case No. 26-30079
                                                                   :   Case No. 26-60100

---------------------------------------------------------------------x

### NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST NORTH STAR HEALTH ALLIANCE, INC., CARTHAGE AREA HOSPITAL, INC., CLAXTON-HEPBURN MEDICAL CENTER, INC., AND MEADOWBROOK TERRACE, INC. (THE "DEBTORS"):**

The General Bar Date.  The United States Bankruptcy Court for the Northern District of New York (the "Court") has entered an order (the "Bar Date Order") establishing **September 15, 2026, at 5:00 p.m. (prevailing Eastern Standard Time)**, as the last date and time for each person (excluding "Governmental Units," as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim, including for any entity asserting a claim under section 503(b)(9) of the Bankruptcy Code (such deadline, the "General Bar Date") against the Debtors.

The Governmental Bar Date.  The General Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before February 10, 2026 (the "Petition Date"), the date on which the Debtors commenced their cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), excluding claims held by those that are specifically excluded from the Bar Date filing requirement.  "Governmental Units" (as defined in section 101(27) of the Bankruptcy Code) have until **August 9, 2026, at 5:00 p.m. (prevailing Eastern Standard Time)**, the date that is one hundred and eighty (180) days after the Petition Date (the "Governmental Bar Date"), to file proofs of claim against the Debtors.

The Amended Schedules Bar Date.  With respect to amendments or supplements to the Debtors' schedules of assets and liabilities (the "Schedules"), claimants have until the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (prevailing Eastern Standard Time) on the date that is thirty (30) days from the date on which the Debtors amend or supplement the Schedules (the "Amended Schedules Bar Date" and together with the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).

General Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, the "Bar Dates"), to file proofs of claim against the Debtors.

## 1. WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the Petition Date (including any claim arising under section 503(b)(9) of the Bankruptcy Code), and it is not a type of claim exempted under the Bar Date Order.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the Bar Dates, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means:  (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 2. WHAT TO FILE FOR CLAIMS OTHER THAN PATIENT CLAIMS

The Debtors are enclosing a proof of claim form for use in these Chapter 11 Cases.  To the extent you disagree with the amount, nature, or priority of your claim as set forth in the Schedules, you need to file a proof of claim asserting the claim amount, nature or priority you believe to be correct.  Additional proof of claim forms and instructions may be obtained at the Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All proof of claim forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  It must be written in English and be denominated in U.S. currency (using the exchange rate, if applicable, as of the Petition Date).  You also should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or explanation as to why the documents are not available.

**Your proof of claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four (4) digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four (4) digits of such financial account number).**

## 3. WHAT TO FILE FOR PATIENT CLAIMS

If you have Patient Claims, you should file a Proof of Claim Form, copies of which are enclosed and which also may be found at the Debtors' website https://northstarhealthalliance.org or the Claims Agent's website at https://cases.omniagentsolutions.com/?clientId=3776.

For the purposes of an Patient Proof of Claim Form, "Patient Claim" means any liquidated or unliquidated claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors resulting in whole or in part from or relating to treatment received at the Debtors' health care

facilities ; <u>provided</u> that a Patient Claim shall not include any liquidated or unliquidated claim for contribution, indemnity, reimbursement or subrogation, whether contractual or implied by law (as those terms are defined by the applicable non-bankruptcy law of the relevant jurisdiction), and any other derivative claim of any kind whatsoever, whether in the nature of or sounding in contract, tort, warranty or any other theory of law or equity whatsoever, including any indemnification, reimbursement, hold-harmless or other payment obligation provided for under any pre-petition settlement, insurance policy, or contract.

**4.     WHEN TO FILE ALL CLAIMS**

All proofs of claim and Patient Claims must be filed so as to be received on or before September 15, 2026, at 5:00 p.m. (prevailing Eastern Standard Time) (for all persons except Governmental Units) or August 9, 2026, at 5:00 p.m. (prevailing Eastern Standard Time) for all Governmental Units.

**5.     WHERE TO FILE PROOFS OF CLAIM, INCLUDING PATIENT CLAIMS:**

<u>IF BY U.S. POSTAL SERVICE MAIL, OVERNIGHT DELIVERY,
OR HAND DELIVERY</u>:

Omni Agent Solutions
Re: North Star Health Alliance, Inc., *et al.*
5955 De Soto Avenue, Suite 100
Woodland Hills, CA 91367

<u>IF ELECTRONICALLY</u>:

The website established by the Claim Agent, using the interface available on such website located at https://cases.omniagentsolutions.com/claim/index?clientid=3776 the "<u>Electronic Filing System</u>") and following the instructions provided.

Proofs of claim, including Patient Claims, will be deemed filed only when actually received at the address listed above or via the Electronic Filing System on or before the applicable Bar Date. Proofs of claim may not be delivered by facsimile, telecopy or email transmission.

**6.     CONFIDENTIALITY PROTOCOL GOVERNING PATIENT CLAIMS**

The Bar Date Order provides that a Confidentiality Protocol shall govern the submission of certain proofs of claim.  Patient Claims will not be available to the general public unless such claimant requests, solely in his, her, or their discretion, for such proof of claim to be made public or by order of the Court after an application has been made to the Court on notice to all parties in interest.

**7.     CLAIMS FOR WHICH PROOFS OF CLAIM NEED NOT BE FILED**

The Bar Date Order further provides that the following entities, whose claims otherwise would be subject to the General Bar Date or the Governmental Bar Date, need not file proofs of claim:

(a)      Any claim as to which the holder has already filed a proof of claim against the Debtors in the above-captioned case in a form substantially similar to Official Bankruptcy Form No. 410;

(b)      Any claim that is listed on the Schedules filed by the Debtors; <u>provided</u> that (i) the claim is <u>not</u> scheduled as "disputed," "contingent" or "unliquidated"; <u>and</u> (ii) the claimant does not disagree with the amount, nature, or priority of the claim as set forth in the Schedules;

(c)      Any claim that heretofore has been allowed by Order of this Court;

(d)      Any claim that has been paid in full by any of the Debtors;

(e)      Any claim for which different specific deadlines have previously been fixed by this Court;

(f)      Any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates, except as otherwise provided below; and

(g)      any officer, director, employee, or independent contractor of the Debtors who held such position as of the Petition Date and has a claim against the Debtors for indemnification, contribution, or reimbursement; <u>provided</u>, <u>however</u>, that any of the foregoing parties that wishes to assert a claim other than a claim arising from or relating to indemnification, contribution or reimbursement will be required to file a proof of claim by the General Bar Date, unless another exception identified in this section 7 applies.

This notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

## 8.      CONSEQUENCES OF FAILURE TO FILE A CLAIM

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

## 9.      THE DEBTORS' SCHEDULES AND ACCESS THERETO

If you agree with the nature, amount, and status of your claim as listed in the Schedules, and if your claim is not described as "disputed," "contingent" or "unliquidated," you need not file a proof of claim. Otherwise, if you decide to file a proof of claim, you must do so before the applicable Bar Date, in accordance with the procedures set forth in this notice.

Copies of the Schedules are available for inspection on (a) on the Court's website at http://www.nysb.uscourts.gov. A login and password to the Court's Public Access to

Electronic Records ("PACER") are required to access this information on the Court's website and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules also may be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Court, located at James M. Hanley U.S. Courthouse and Federal Building, 100 South Clinton Street, Syracuse, New York 13261.  Copies of the Schedules also may be obtained on the Claim Agent's website at:  https://cases.omniagentsolutions.com/?clientId=3776.

## 10.    ADDITIONAL INFORMATION

If you have any questions regarding the claims process and/or you wish to obtain a copy of a proof of claim form, or related documents you may do so by:  (i) visiting the Debtors' website at:    https://northstarhealth alliance.org/,     (ii) visiting the Claims Agent's website at https://cases.omniagentsolutions.com/?clientId=3776, and/or contacting Debtors' Counsel, at Barclay Damon LLP, Attn: Janice B. Grubin and Ilan Markus, 1270 Avenue of the Americas, Suite 2310, New York, New York 10020.  Please note that the Debtors' Counsel cannot offer legal advice or advise whether you should file a proof of claim.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

**BY ORDER OF THE COURT**

Dated: _____, 2026
     New York, New York

**BARCLAY DAMON LLP**
*Counsel to Debtors and Debtors-in-Possession*
Janice B. Grubin
Ilan Markus (admitted *pro hac vice*)
1270 Avenue of the Americas, Suite 2310
New York, New York 10020
Janice B. Grubin:
(212) 784-5808; jgrubin@barclaydamon.com
Ilan Markus:
(203) 672-2661; imarkus@barclaydamon.com

5

## ANNEX 2

**General Proof of Claim Form**

| **UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF NEW YORK** |
|---|

| In Re: | For Court Use Only |
|---|---|
| ☐ North Star Health Alliance, Inc. (Case No. 26-60099)<br>☐ Carthage Area Hospital, Inc. (Case No. 26-30078)<br>☐ Claxton-Hepburn Medical Center, Inc. (Case No. 26-20100)<br>☐ Meadowbrook Terrace, Inc. (Case No. 26-30079) | |

Official Form 410

# Proof of Claim

04/25

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| **Part 1:** | **Identify the Claim** |
|---|---|

| 1. | **Who is the current creditor** | Name of the current creditor (the person or entity to be paid for this claim): _____<br><br>Other names the creditor used with the debtor: _____ |
|---|---|---|
| 2. | **Has this claim been acquired from someone else?** | ☐ No<br>☐ Yes. From Whom? _____ |
| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Name: _____<br>Address: _____<br>_____<br>_____<br><br>Telephone: _____<br>Email _____ | **Where should payments to the creditor be sent**? (If different):<br><br>Name: _____<br>Address: _____<br>_____<br><br>Telephone: _____<br>Email _____ |

Uniform claim identified for electronic payments in Chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| 4. | **Does this claim amend one already filed?** | ☐ No<br>☐ Yes. Claim number on court claims registry (if known) _____  Filed on _____<br>MM / DD / YYYY |
|---|---|---|
| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☐ Yes. Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| 6. | **Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |
|---|---|---|
| 7. | **How much is the claim?** | $                  **Does this amount include interest or other charges:**<br>☐ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information. |
| 9. | **Is all or part of the claim secured?** | ☐ No<br>☐ Yes.    The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐   Real Estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410A) with this Proof of claim.<br>☐   Motor Vehicle.<br>☐   Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**            $_____<br>**Amount of the claim that is secured:**    $_____<br>**Amount of the claim that is unsecured:**   $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed) _____%<br>☐   Fixed<br>☐   Variable |
| 10. | **Is this claim based on a lease?** | ☐ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |
| 11. | **Is this claim subject to a right of setoff?** | ☐ No<br>☐ Yes. Identify the property: _____ |

| 12. | **Is all of part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No | |
| | | ☐ Yes. *Check all that apply.* | **Amount entitled to priority** |
| | | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. §§ 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | | ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition was filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | | ☐ Taxes or penalties owed to governmental units. 11. U.S.C. § 507(a)(8). | $_____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | | ☐ Other – Specify applicable paragraph of 11 U.S.C. §§ 507(___) | $_____ |
| | | *\* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.* | |
| 13. | **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No | |
| | | ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. | $_____ |

| **Part 3:** | **Sign Below** |
| --- | --- |

| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who flies a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br><br>☐ I am the creditor.<br>☐ I am the creditor's attorney or authorized agent.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004..<br>☐ I am the guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor creditor for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date: _____<br><br><br>_____<br>Signature<br><br>**Print the name of the person who is completing and signing this claim:**<br><br>Name _____<br>　　　First name　　　Middle name　　　Last name<br>Title _____<br>Company _____<br>Identify the corporate servicer as the company if the authorized agent is a servicer.<br>Address _____<br>　　　Number　　Street<br>_____<br>　　　City　　　State　　　Zip Code<br>Contact phone _____　Email _____ |

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court
12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
>
> 18 U.S.C. §§ 152, 157, and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to the court's PACER system (www.pacer.psc.uscourts.gov) to view the filed form.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

# <u>ANNEX 3</u>

**Publication Notice**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
**SYRACUSE DIVISION**

-------------------------------------------------------------------x

In re                                                                     :   Chapter 11
                                                                          :
NORTH STAR HEALTH ALLIANCE, INC., *et al*,[1]      :   Case No. 26-60099-5-wak
                                                                          :   Main Case
                                             Debtors.                :   Jointly Administered
                                                                          :   Case No. 26-30078
                                                                          :   Case No. 26-30079
                                                                          :   Case No. 26-60100

-------------------------------------------------------------------x

### NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE NORTH STAR HEALTH ALLIANCE, INC., CARTHAGE AREA HOSPITAL, INC., CLAXTON-HEPBURN MEDICAL CENTER, INC., AND MEADOWBROOK TERRACE, INC. (THE "DEBTORS"):**

The General Bar Date.  The United States Bankruptcy Court for the Northern District of New York (the "Court") has entered an order (the "Bar Date Order") establishing **September 15, 2026, at 5:00 p.m. (prevailing Eastern Standard Time)**, as the last date and time for each person (excluding "Governmental Units," as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim, including for any entity asserting a claim under section 503(b)(9) of the Bankruptcy Code (such deadline, the "General Bar Date") against the Debtors.

The Governmental Bar Date.  The General Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before February 10, 2026 (the "Petition Date"), the date on which the Debtors commenced their cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), excluding claims that are specifically excluded from the Bar Date filing requirement.  "Governmental Units" (as defined in section 101(27) of the Bankruptcy Code) have until **August 9, 2026, at 5:00 p.m. (prevailing Eastern Standard Time)**, the date that is one hundred and eighty (180) days after the Petition Date (the "Governmental Bar Date"), to file proofs of claim against the Debtors.

The Amended Schedules Bar Date.  With respect to amendments or supplements to the Debtors' schedules of assets and liabilities (the "Schedules"), claimants have until the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (prevailing Eastern Standard Time) on the date that is thirty (30) days from the date on which the Debtors amend or supplement the Schedules (the "Amended Schedules Bar Date" and together with the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).

General Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, the "Bar Dates"), to file proofs of claim against the Debtors.

## 1.   WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the Petition Date (including any claim arising under section 503(b)(9) of the Bankruptcy Code), and it is not a type of claim exempted under the Bar Date Order.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the Bar Dates, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means:  (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 2.   WHAT TO FILE FOR CLAIMS, INCLUDING PATIENT CLAIMS

Proof of claim forms and instructions may be obtained at (a) the Debtors' website located at https://northstarhealthalliance.org, (b) the Claims Agent's website located at https://cases.omniagentsolutions.com/?clientId=3776, or (c) the Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All proof of claim forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  It must be written in English and be denominated in U.S. currency (using the exchange rate, if applicable, as of the Petition Date).  You also should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or explanation as to why the documents are not available.

## 3.   WHAT TO FILE FOR PATIENT CLAIMS

If you have Patient Claims, you should file a Proof of Claim Form as discussed above.

You may have Patient Claims if you experienced Abuse as a result of activities related to the Debtors before the Petition Date.  For the purposes of an Patient Proof of Claim Form, "Patient Claims" means any liquidated or unliquidated claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors resulting or arising in whole or in part from or relating to treatment received at the Debtors' health care facilities; provided that a Patient Claims shall not include any liquidated or unliquidated claim for contribution, indemnity, reimbursement or subrogation, whether contractual or implied by law (as those terms are defined by the applicable non-bankruptcy law of the relevant jurisdiction), and any other derivative claim of any kind whatsoever, whether in the nature of or sounding in contract, tort, warranty or any other theory of law or equity whatsoever, including any indemnification, reimbursement, hold-harmless or other payment obligation provided for under any pre-petition settlement, insurance policy, or contract.

**4.      WHEN TO FILE ALL CLAIMS**

All proofs of claim, including Patient Claims, must be filed so as to be received on or before September 15, 2026, at 5:00 p.m. (prevailing Eastern Standard Time) (for all persons except Governmental Units) or August 9, 2026, at 5:00 p.m. (prevailing Eastern Standard Time) for all Governmental Units.

**5.      WHERE TO FILE PROOFS OF CLAIM, INCLUDING PATIENT CLAIMS:**

IF BY U.S. POSTAL SERVICE MAIL, OVERNIGHT DELIVERY, OR HAND DELIVERY:

Omni Agent Solutions
Re: North Star Health Alliance, Inc., *et al.*
5955 De Soto Avenue, Suite 100
Woodland Hills, CA 91367

IF ELECTRONICALLY:

The website established by the Claims Agent, using the interface available on such website located at https://cases.omniagentsolutions.com/?clientId=3776#0 (the "Electronic Filing System") and following the instructions provided.

Proofs of claim, including Patient Claims, will be deemed filed only when actually received at the address listed above or via the Electronic Filing System on or before the applicable Bar Date. Proofs of claim may not be delivered by facsimile, telecopy or email transmission.

**6.      CONFIDENTIALITY PROTOCOL GOVERNING PATIENT CLAIMS**

The Bar Date Order provides that a Confidentiality Protocol shall govern the submission of certain proofs of claim. Patient Claims will not be available to the general public unless such claimant requests, solely in his, her, or their discretion, for such proof of claim to be made public by checking the applicable box on his, her, or their claim forms or by order of the Court after an application has been made to the Court on notice to all parties in interest.

**7.      CONSEQUENCES OF FAILURE TO FILE A CLAIM**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

**8.      ADDITIONAL INFORMATION**

If you have any questions regarding the claims process and/or you wish to obtain a copy of a proof of claim form, or related documents you may do so by: (i) visiting the Debtors' website

at https://northstarhealthalliance.org, (ii) the Claims Agent's website at https://cases.omniagentsolutions.com/?clientId=3776, and/or (iii) contacting Debtors' Counsel, at the address and email addresses set forth below. Please note that Debtors' Counsel <u>cannot</u> offer legal advice or advise whether you should file a proof of claim.

**BY ORDER OF THE COURT**

Dated: _____, 2026

**BARCLAY DAMON LLP**
*Counsel to Debtors and Debtors-in-Possession*
Janice B. Grubin
Ilan Markus (admitted *pro hac vice*)
1270 Avenue of the Americas, Suite 2310
New York, New York 10020
Janice B. Grubin: (212) 784-5808; jgrubin@barclaydamon.com
Ilan Markus: (203) 672-2661; imarkus@barclaydamon.com

## ANNEX 4

**Form of Confidentiality Agreement**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
**SYRACUSE DIVISION**

---------------------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| NORTH STAR HEALTH ALLIANCE, INC., *et al*,[1] | : | Case No. 26-60099-5-wak |
|  | : | Main Case |
| Debtors. | : | Jointly Administered |
|  | : | Case No. 26-30078 |
|  | : | Case No. 26-30079 |
|  | : | Case No. 26-60100 |

---------------------------------------------------------------------x

### AUTHORIZED PARTY CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement (this "Agreement") is entered into as of _____, by _____ (the "Recipient"), an Authorized Party pursuant to paragraph 13(c) of the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "Bar Date Order")[2] [Docket No. ___] entered by the United States Bankruptcy Court for the Northern District of New York (the "Court") in the above-captioned Chapter 11 bankruptcy cases on _____, 2026.

**WHEREAS**, the Recipient will be granted access to Patient Claims filed by Patient Claimants in these Chapter 11 Cases after execution of this Agreement pursuant to and in accordance with the terms of the Bar Date Order;

**WHEREAS**, Recipient acknowledges that the Patient Claims filed by Patient Claimants contain sensitive, non-public information, which is to remain confidential pursuant to the Bar Date Order and the terms of this Agreement; and

**WHEREAS**, with the exception of the parties identified in paragraph 13(c) of the Bar Date Order, access to the Patient Claims extends only to the natural person who executes this Agreement and a separate copy of this Agreement must be signed by each natural person who seeks access to the Patient Claims on behalf of an Authorized or Permitted Party.

**NOW THEREFORE, IT IS AGREED AS FOLLOWS:**

1.      Recipient agrees that the Patient Claims and any Confidential Information (as such term is defined below) contained therein shall be kept confidential pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Bar Date Order.

2.     For purposes of this Agreement, the term "Confidential Information" means each Patient Claim itself, and any information contained in an Patient Claim, except to the extent such information (i) was known to the Recipient prior to being disclosed in an Patient Claim, (ii) is or becomes generally available to the public through no act or failure on the part of the Recipient, (iii) is obtained from a third party under no obligation to maintain its confidentiality or (iv) is developed by the Recipient independently without reference to any Patient Claim;

3.     Recipient agrees to not use or distribute any Patient Claims or Confidential Information in violation of this Agreement;

4.     Recipient may use Patient Claims, and any Confidential Information contained therein, only in connection with the evaluation, prosecution or defense of the claims asserted in such Patient Claims in the Debtors' Chapter 11 Cases, any related adversary proceedings or contested matters in these Chapter 11 Cases, any related insurance or reinsurance coverage demands, claims, disputes, or litigation, and settlement negotiations or mediations regarding all of the foregoing, and as otherwise required by applicable federal or state laws or regulations (each, a "Permitted Use");

5.     Recipient shall not disclose any Confidential Information to any other person or entity except that Recipient may disclose Confidential Information (i) to any person or entity that is an Authorized Party who may receive such information pursuant to the Bar Date Order and has executed a copy of this Agreement (or who is bound, under the Bar Date Order, by another's execution of this Agreement),, (ii) to the Court or any other tribunal of competent jurisdiction so long as such disclosure is made pursuant to a Permitted Use and under seal or (iii) pursuant to an order of the Court following notice and a hearing;

6.     Recipient consents to the exclusive jurisdiction of the Court to adjudicate any disputes with respect to any terms, condition or alleged violations of this Agreement or the Bar Date Order;

7.     Recipient shall promptly report any disclosure of Confidential Information in violation or breach of this Agreement to the Debtors and the Patient Claims and shall cooperate with efforts to recover and secure any such Confidential Information and/or to mitigate the effects of any such disclosure;

8.     Nothing in this Agreement precludes Recipient from petitioning the Court in these Chapter 11 Cases seeking a modification of the Bar Date Order or the terms of this Agreement with respect to any proposed disclosure of Confidential Information contained in the Patient Claims; provided, however, that Recipient shall not disclose any Confidential Information in connection with any such petition unless such disclosure is restricted to the Court and any other necessary parties and made under seal; and

9.     This Agreement shall become effective as of the date it is delivered to counsel for the Debtors.

Dated: _____

_____
Signature

_____
Print Name

2