So Ordered.

Signed this 31 day of July, 2026.





_____

Wendy A. Kinsella

United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
**SYRACUSE DIVISION**

```
------------------------------------------------------------x
In re                                          :  Chapter 11
                                               :
NORTH STAR HEALTH ALLIANCE, INC., et al,¹      :  Case No. 26-60099-5-wak
                                               :  Main Case
                    Debtors.                   :  Jointly Administered
                                               :  Case No. 26-30078
                                               :  Case No. 26-30079
                                               :  Case No. 26-60100
------------------------------------------------------------x
```

### ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM
### AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the motion dated July 8, 2026 [Dkt No. 446] (the "Motion")[2] of North Star Health

Alliance, Inc. ("North Star"), Carthage Area Hospital, Inc. ("Carthage"), Claxton-Hepburn

Medical Center, Inc. ("Claxton"), and Meadowbrook Terrace, Inc. ("Meadowbrook"), the above-

captioned debtors and debtors-in-possession (collectively, the "Debtors"), for an order (this

"Order"), pursuant to section 501 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(7),

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2002(l), fixing a deadline (the "Bar Date") and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interests of the Debtors, their estates, and creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**

1.        The Motion is GRANTED as set forth herein.

2.        Except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtors which arose on or prior to the filing of the chapter 11 petitions on February 10, 2026 (the "Petition Date"), shall file a proof of claim according to the procedures described herein so that it is received on or before **September 30, 2026 at 5:00 p.m. (prevailing Eastern Standard Time)** (the "General Bar Date").

3.        Notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before **September 30, 2026 at 5:00 p.m. (prevailing Eastern Standard Time)** (the "Governmental Bar Date").

4.        The following procedures for the filing of proofs of claim shall apply:

a.        Proofs of claim, including Patient Claims,  should conform substantially to Official Bankruptcy Form No. 410, attached hereto as **Annex 2**;

b.        Proofs of claim, including Patient Claims,  should be submitted (i) electronically through the Omni Agent Solution's (the "Claims Agent") website at https://cases.omniagentsolutions.com/?clientId=3776 by following instructions for filing proofs of claim electronically; or (ii) by delivering the original proof of claim either by U.S. Postal Service mail, overnight delivery, or hand delivery to Omni Agent Solutions, 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367.

c.        Proofs of claim, including Patient Claims,  will be deemed filed only when received by the Claims Agent on or before the applicable Bar Date;

d. Proofs of claim, including Patient Claims, must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and, (iv) be denominated in United States currency; provided, that electronic signatures will be accepted as valid, either when a proof of claim is submitted via the Court's website or when signed through an electronic signature program including, but not limited to, Docusign, Hellosign, or Adobe Sign, and delivered to the Court via the instructions above in paragraph 7(c)(ii); and

e. Proofs of claim, including Patient Claims, sent by facsimile, telecopy or electronic mail transmission (except as permitted above) will not be accepted.

5. Proofs of Claim need not be filed as to the following types of claims:

a. Any claim as to which the holder has already filed a proof of claim against the Debtors in the above-captioned case in a form substantially similar to Official Bankruptcy Form No. 410;;

b. Any claim that is listed on the Schedules filed by the Debtors; provided that (i) the claim is not scheduled as "disputed," "contingent" or "unliquidated"; and (ii) the claimant does not disagree with the amount, nature, or priority of the claim as set forth in the Schedules;

c. Any claim that heretofore has been allowed by Order of this Court;

d. Any claim that has been paid in full by any of the Debtors;

e. Any claim for which different specific deadlines have previously been fixed by this Court;

f. Any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates, except as otherwise provided below; and

g. any officer, director, employee, or independent contractor of the Debtors who held such position as of the Petition Date and has a claim against the Debtors for indemnification, contribution, or reimbursement; provided, however, that any of the foregoing parties that wishes to assert a claim other than a claim arising from or relating to indemnification, contribution or reimbursement will be required to file a proof of claim by the General Bar Date, unless another exception identified in this paragraph 5 applies.

6. Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of claim by the later of: (a) the General Bar Date, (b) 5:00 p.m., prevailing Eastern Standard Time, on the date that is thirty (30) days after entry of an order confirming a Chapter 11 plan rejecting such executory contract or unexpired lease, and

3

(c) 5:00 p.m., prevailing Eastern Standard Time, on the date that is thirty (30) days after entry of the Rejection Order.  All pre-petition claims of any kind or nature relating to the rejection of executory contacts or unexpired leases must be filed by the Rejection Bar Date.

7.     If the Debtors amend or supplement the Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date of such notice to file proofs of claim in respect of their claims and shall be given notice of such deadline.

8.     Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules.

9.     Pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

10.    Parties asserting General Claims, including Patient Claims, against the Debtors that arose before the Petition Date should use the Proof of Claim Form substantially in the form attached hereto as **Annex 2**.

11.    The filing of a Patient Claim shall not constitute a waiver of the claimant's right to a jury trial, if any.

12.    Due to the sensitive nature of the information potentially contained in the Patient Claims, the following confidentiality protocol (the "Confidentiality Protocol") shall apply to all Proof of Claim Forms submitted by holders of Patient Claims (the "Patient Claimants"):

    a.     All claimants asserting a Patient Claim are directed to submit such claims directly to the Claims Agent.

    b.     Patient Claims received by the Claims Agent will be treated as confidential and will be made available only to Authorized Parties (as defined below) unless a Patient Claimant affirmatively elects to have their Patient Claim disclosed publicly.  The Confidentiality Protocol is for the benefit of the

Patient Claimants. Accordingly, Patient Claimants may elect to make information contained in their Patient Claim public, even if they do not elect to have their Patient Claim disclosed publicly.

c.  Patient Claims received by the Claims Agent shall be held and treated as confidential by Debtors' Counsel, and copies thereof shall be provided or made available only to the following parties (the "Authorized Parties"):

   i.  the officers, directors, and employees of the Debtors who assist the Debtors in reviewing and analyzing the Patient Claims;

   ii.  any counsel and advisors retained by the Debtors;

   iii.  counsel and advisors for any official committee appointed by this Court to represent holders of Patient Claims;

   iv.  the United States Trustee, including its assistants, agents, employees, and anyone else employed by the U.S. Trustee Program and Executive Office for U.S. Trustees pursuant to section 107(c)(3) of the Bankruptcy Code; provided, however, that the United States Trustee shall not be subject to the Confidentiality Protocol herein; provided, further, that nothing herein shall limit the applicability of section 107(c)(3) of the Bankruptcy Code;

   v.  any insurance company that provided insurance that may cover the claims described in any Patient Claim, together with their respective successors, employees, reinsurers, regulators, auditors, administrators, and counsel;

   vi.  any person appointed pursuant to an order of the Court to serve as a mediator or as a special arbitrator/claims reviewer appointed to review and resolve Patient Claims;

   vii.  any trustee, or functional equivalent thereof, appointed to administer payments to Patient Claims, including pursuant to a plan of reorganization;

   viii.  such other persons as the Court may, pursuant to subsequent order, authorize access to the Patient Claims; provided, however, that any such determination shall be made on no less than ten (10) business days' notice to the affected claimant(s) and their counsel of record.

d.  Notwithstanding the designation of Authorized Parties above, no person or entity (other than the United States Trustee) may obtain copies of any Patient Claims submitted by Patient Claims prior to the execution of a confidentiality agreement substantially in the form attached to the Bar Date Order as **Annex 4** (the "Confidentiality Agreement"). Access to the Patient Claims submitted by Patient Claimants for all other Authorized Parties shall be restricted to the natural person who executes a Confidentiality Agreement and a separate Confidentiality Agreement must be signed by each natural person seeking access to the Patient Claims submitted by Patient Claimants on behalf of an Authorized Party; provided that counsel

5

to the Debtors, counsel to any official committee appointed in these Chapter 11 Cases, and counsel to the Debtors' insurers for potential coverage of Patient Claims shall only be required to execute a single Confidentiality Agreement on behalf of those entities and their respective clients, which shall be deemed binding on their entire firm and their respective clients and, in the case of the Debtors' insurers, their reinsurers, regulators, or auditors as well.

e.   Authorized Parties in possession of any Patient Claims submitted by Patient Claimants shall keep the Patient Claims confidential and shall not use or disclose any information provided in any Patient Claims submitted by Patient Claims except in accordance with the terms of the Confidentiality Agreement or pursuant to an order of this Court, unless the Patient Claims has elected to make his, her, or their Patient Claims public.

f.   In addition, information in Patient Claims may be required to be disclosed to governmental authorities under mandatory reporting laws in many jurisdictions.  If any such disclosures to governmental authorities (other than the United States Trustee) are required to be made under this paragraph (f), Patient Claimants will be notified at the time of such disclosure; provided that if such information is already available in the public record through court filings by the respective Patient Claimant or its counsel, such information shall not be confidential under the Confidentiality Protocol set forth herein.

13.   A copy of the Bar Dates Notice Package, including a copy of the Bar Date Notice and the Proof of Claim Form,  substantially in the forms attached hereto as **Annex 1** and **Annex 2**,, is approved and shall be deemed adequate and sufficient. On or about five (5) business days after entry of this Order, the Debtors shall cause the Bar Date Packages to be mailed via first-class U.S. mail to the following entities:

a.   the Office of the United States Trustee for the Northern District of New York;

b.   all persons or entities that have requested notice of the proceedings in these Chapter 11 Cases;

c.   all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

d.   all parties to executory contracts and unexpired leases of the Debtors listed in the Schedules or their designated representatives (including all parties to rejected executory contracts and unexpired leases);

e.  all parties to pending litigation with the Debtors and their counsel, subject to the confidentiality restrictions ordered by the Court in these Chapter 11 Cases;

f.  the Attorney General for the State of New York;

g.  the United States Attorney's Office for the Northern District of New York;

h.  all other entities listed on the Debtors' joint matrix of creditors;

i.  all parties to pending litigation with the Debtors (and their counsel, to the extent applicable);

j.  all persons, entities, or parties that have filed proofs of claim in these Chapter 11 Cases as of the date of entry of the Bar Date Order; and

k.  such additional persons and entities as deemed appropriate by the Debtors.

14.  The Debtors shall cause the Bar Date Notice and the Proof of Claim Form to be posted on the Debtors' and Claims Agent's website.

15.  Service of the Bar Dates Notice Package in the manner set forth in this Order is and shall be deemed to be good and sufficient notice of the Bar Dates to all known claimants.

16.  After the initial mailing of the Bar Date Notice Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Notice Packages in these and similar circumstances at any time up to forty-five (45) days in advance of the Bar Date, with any such mailings being deemed timely and the appropriate Bar Date being applicable to the recipient creditors.

17.  In the event that any notices sent during these Chapter 11 Cases are returned by the United States Postal Service or other carrier as "undeliverable," "moved – left no forwarding

address," "forwarding order expired," or other similar designation, Debtors' Counsel shall work with the Debtors to use reasonable due diligence to determine a serviceable address.

18.  Pursuant to Bankruptcy Rule 2002(l), the Debtors shall publish notice of the Bar Dates in substantially the form hereto as **Annex 3** (the "Publication Notice") at least thirty five (35) days prior to the General Bar Date (a) once each in a (i) national and (ii) regional or local print and/or online publication, and (b) on the Claims Agent's website https://cases.omniagentsolutions.com/?clientID=3776, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Bar Dates.

19.  Any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules.

20.  The requirements set forth in Local Rule 9013-1(a) are satisfied.

21.  The Debtors and Debtors' Counsel are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

22.  Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file such proofs of claim or interest or be barred from doing so.

23.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

# # #

8

## ANNEX 1

**Bar Date Notice**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
**SYRACUSE DIVISION**

-------------------------------------------------------------------x
In re                                                      : Chapter 11
                                                           :
NORTH STAR HEALTH ALLIANCE, INC., *et al*,[1]  : Case No. 26-60099-5-wak
                                                           : Main Case
                       Debtors.                   : Jointly Administered
                                                           : Case No. 26-30078
                                                           : Case No. 26-30079
                                                           : Case No. 26-60100
-------------------------------------------------------------------x

### NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST NORTH STAR HEALTH ALLIANCE, INC., CARTHAGE AREA HOSPITAL, INC., CLAXTON-HEPBURN MEDICAL CENTER, INC., AND MEADOWBROOK TERRACE, INC. (THE "DEBTORS"):**

The General Bar Date.  The United States Bankruptcy Court for the Northern District of New York (the "Court") has entered an order (the "Bar Date Order") establishing **September 30, 2026, at 5:00 p.m. (prevailing Eastern Standard Time)**, as the last date and time for each person (excluding "Governmental Units," as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim, including for any entity asserting a claim under section 503(b)(9) of the Bankruptcy Code (such deadline, the "General Bar Date") against the Debtors.

The Governmental Bar Date.  The General Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before February 10, 2026 (the "Petition Date"), the date on which the Debtors commenced their cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), excluding claims held by those that are specifically excluded from the Bar Date filing requirement.  "Governmental Units" (as defined in section 101(27) of the Bankruptcy Code) have until **September 30, 2026, at 5:00 p.m. (prevailing Eastern Standard Time)** (the "Governmental Bar Date"), to file proofs of claim against the Debtors.

The Amended Schedules Bar Date.  With respect to amendments or supplements to the Debtors' schedules of assets and liabilities (the "Schedules"), claimants have until the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (prevailing Eastern Standard Time) on the date that is thirty (30) days from the date on which the Debtors amend or supplement the Schedules (the "Amended Schedules Bar Date" and together with the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).

1

General Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, the "Bar Dates"), to file proofs of claim against the Debtors.

## 1.    WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the Petition Date (including any claim arising under section 503(b)(9) of the Bankruptcy Code), and it is not a type of claim exempted under the Bar Date Order.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the Bar Dates, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means:  (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 2.    WHAT TO FILE FOR CLAIMS OTHER THAN PATIENT CLAIMS

The Debtors are enclosing a proof of claim form for use in these Chapter 11 Cases.  To the extent you disagree with the amount, nature, or priority of your claim as set forth in the Schedules, you need to file a proof of claim asserting the claim amount, nature or priority you believe to be correct.  Additional proof of claim forms and instructions may be obtained at the Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All proof of claim forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  It must be written in English and be denominated in U.S. currency (using the exchange rate, if applicable, as of the Petition Date).  You also should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or explanation as to why the documents are not available.

**Your proof of claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four (4) digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four (4) digits of such financial account number).**

## 3.    WHAT TO FILE FOR PATIENT CLAIMS

If you have Patient Claims, you should file a Proof of Claim Form, copies of which are enclosed and which also may be found at the Debtors' website https://northstarhealthalliance.org or the Claims Agent's website at https://cases.omniagentsolutions.com/?clientId=3776.

For the purposes of an Patient Proof of Claim Form, "Patient Claim" means any liquidated or unliquidated claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors resulting in whole or in part from or relating to treatment received at the Debtors' health care

facilities ; <u>provided</u> that a Patient Claim shall not include any liquidated or unliquidated claim for contribution, indemnity, reimbursement or subrogation, whether contractual or implied by law (as those terms are defined by the applicable non-bankruptcy law of the relevant jurisdiction), and any other derivative claim of any kind whatsoever, whether in the nature of or sounding in contract, tort, warranty or any other theory of law or equity whatsoever, including any indemnification, reimbursement, hold-harmless or other payment obligation provided for under any pre-petition settlement, insurance policy, or contract.

**4.      WHEN TO FILE ALL CLAIMS**

All proofs of claim and Patient Claims must be filed so as to be received on or before September 30, 2026, at 5:00 p.m. (prevailing Eastern Standard Time) (for all persons except Governmental Units) or September 30, 2026, at 5:00 p.m. (prevailing Eastern Standard Time) for all Governmental Units.

**5.      WHERE TO FILE PROOFS OF CLAIM, INCLUDING PATIENT CLAIMS:**

<u>IF BY U.S. POSTAL SERVICE MAIL, OVERNIGHT DELIVERY,
OR HAND DELIVERY</u>:

Omni Agent Solutions
Re: North Star Health Alliance, Inc., *et al.*
5955 De Soto Avenue, Suite 100
Woodland Hills, CA 91367

<u>IF ELECTRONICALLY</u>:

The website established by the Claim Agent, using the interface available on such website located at https://cases.omniagentsolutions.com/claim/index?clientid=3776 the "<u>Electronic Filing System</u>") and following the instructions provided.

Proofs of claim, including Patient Claims, will be deemed filed only when actually received at the address listed above or via the Electronic Filing System on or before the applicable Bar Date. Proofs of claim may not be delivered by facsimile, telecopy or email transmission.

**6.      CONFIDENTIALITY PROTOCOL GOVERNING PATIENT CLAIMS**

The Bar Date Order provides that a Confidentiality Protocol shall govern the submission of certain proofs of claim.  Patient Claims will not be available to the general public unless such claimant requests, solely in his, her, or their discretion, for such proof of claim to be made public or by order of the Court after an application has been made to the Court on notice to all parties in interest.

**7.      CLAIMS FOR WHICH PROOFS OF CLAIM NEED NOT BE FILED**

The Bar Date Order further provides that the following entities, whose claims otherwise would be subject to the General Bar Date or the Governmental Bar Date, need not file proofs of claim:

(a)     Any claim as to which the holder has already filed a proof of claim against the Debtors in the above-captioned case in a form substantially similar to Official Bankruptcy Form No. 410;

(b)     Any claim that is listed on the Schedules filed by the Debtors; provided that (i) the claim is not scheduled as "disputed," "contingent" or "unliquidated"; and (ii) the claimant does not disagree with the amount, nature, or priority of the claim as set forth in the Schedules;

(c)     Any claim that heretofore has been allowed by Order of this Court;

(d)     Any claim that has been paid in full by any of the Debtors;

(e)     Any claim for which different specific deadlines have previously been fixed by this Court;

(f)     Any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates, except as otherwise provided below; and

(g)     any officer, director, employee, or independent contractor of the Debtors who held such position as of the Petition Date and has a claim against the Debtors for indemnification, contribution, or reimbursement; provided, however, that any of the foregoing parties that wishes to assert a claim other than a claim arising from or relating to indemnification, contribution or reimbursement will be required to file a proof of claim by the General Bar Date, unless another exception identified in this section 7 applies.

This notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

## 8.     CONSEQUENCES OF FAILURE TO FILE A CLAIM

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

## 9.     THE DEBTORS' SCHEDULES AND ACCESS THERETO

If you agree with the nature, amount, and status of your claim as listed in the Schedules, and if your claim is not described as "disputed," "contingent" or "unliquidated," you need not file a proof of claim.  Otherwise, if you decide to file a proof of claim, you must do so before the applicable Bar Date, in accordance with the procedures set forth in this notice.

Copies of the Schedules are available for inspection on (a) on the Court's website at http://www.nysb.uscourts.gov.  A login and password to the Court's Public Access to

Electronic Records ("PACER") are required to access this information on the Court's website and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules also may be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Court, located at James M. Hanley U.S. Courthouse and Federal Building, 100 South Clinton Street, Syracuse, New York 13261. Copies of the Schedules also may be obtained on the Claim Agent's website at: https://cases.omniagentsolutions.com/?clientId=3776.

10.     **ADDITIONAL INFORMATION**

If you have any questions regarding the claims process and/or you wish to obtain a copy of a proof of claim form, or related documents you may do so by: (i) visiting the Debtors' website at: https://northstarhealth alliance.org/, (ii) visiting the Claims Agent's website at https://cases.omniagentsolutions.com/?clientId=3776, and/or contacting Debtors' Counsel, at Barclay Damon LLP, Attn: Janice B. Grubin and Ilan Markus, 1270 Avenue of the Americas, Suite 2310, New York, New York 10020. Please note that the Debtors' Counsel cannot offer legal advice or advise whether you should file a proof of claim.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

**BY ORDER OF THE COURT**

Dated: _____, 2026
        New York, New York

**BARCLAY DAMON LLP**
*Counsel to Debtors and Debtors-in-Possession*
Janice B. Grubin
Ilan Markus (admitted *pro hac vice*)
1270 Avenue of the Americas, Suite 2310
New York, New York 10020
Janice B. Grubin:
(212) 784-5808; jgrubin@barclaydamon.com
Ilan Markus:
(203) 672-2661; imarkus@barclaydamon.com

5

**ANNEX 2**

**General Proof of Claim Form**

**UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF NEW YORK**

| In Re: | For Court Use Only |
|---|---|
| ☐ North Star Health Alliance, Inc. (Case No. 26-60099)<br>☐ Carthage Area Hospital, Inc. (Case No. 26-30078)<br>☐ Claxton-Hepburn Medical Center, Inc. (Case No. 26-20100)<br>☐ Meadowbrook Terrace, Inc. (Case No. 26-30079) | |

Official Form 410

# Proof of Claim

04/25

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor**

Name of the current creditor (the person or entity to be paid for this claim):

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes.  From Whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name: _____
Address: _____
_____
_____

Telephone: _____
Email _____

**Where should payments to the creditor be sent**? (If different):

Name: _____
Address: _____
_____
_____

Telephone: _____
Email _____

Uniform claim identified for electronic payments in Chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.  Claim number on court claims registry (if known) _____     Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes.  Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| 6. | **Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |
|---|---|---|
| 7. | **How much is the claim?** | $ _____   **Does this amount include interest or other charges:**<br>☐ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information. |
| 9. | **Is all or part of the claim secured?** | ☐ No<br>☐ Yes.   The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐   Real Estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410A) with this Proof of claim.<br>☐   Motor Vehicle.<br>☐   Other.  Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**   $_____<br>**Amount of the claim that is secured:**   $_____<br>**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed) _____%<br>☐   Fixed<br>☐   Variable |
| 10. | **Is this claim based on a lease?** | ☐ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |
| 11. | **Is this claim subject to a right of setoff?** | ☐ No<br>☐ Yes. Identify the property: _____ |

| 12. | **Is all of part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No |
|---|---|---|

☐ Yes. *Check all that apply.*

**Amount entitled to priority**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. §§ 507(a)(1)(A) or (a)(1)(B). — $_____

☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use.  11 U.S.C. § 507(a)(7). — $_____

☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition was filed or the debtor's business ends, whichever is earlier.  11 U.S.C. § 507(a)(4). — $_____

☐ Taxes or penalties owed to governmental units.  11. U.S.C. § 507(a)(8). — $_____

☐ Contributions to an employee benefit plan.  11 U.S.C. § 507(a)(5). — $_____

☐ Other – Specify applicable paragraph of 11 U.S.C. §§ 507(___) — $_____

*\* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.*

| 13. | **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No |
|---|---|---|

☐ Yes.  Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business.  Attach documentation supporting such claim. — $_____

| **Part 3:** | **Sign Below** |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who flies a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004..
☐ I am the guarantor, surety, endorser, or other codebtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor creditor for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date:  _____

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | | | |
| | Number   Street | | |
| | City | State | Zip Code |
| Contact phone | _____ | Email | _____ |

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court 12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
>
> 18 U.S.C. §§ 152, 157, and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to the court's PACER system (www.pacer.psc.uscourts.gov) to view the filed form.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

2

# ANNEX 3

## Publication Notice

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
**SYRACUSE DIVISION**

```
---------------------------------------------------------------------x
In re                                            :   Chapter 11
                                                 :
NORTH STAR HEALTH ALLIANCE, INC., et al,¹        :   Case No. 26-60099-5-wak
                                                 :   Main Case
                          Debtors.               :   Jointly Administered
                                                 :   Case No. 26-30078
                                                 :   Case No. 26-30079
                                                 :   Case No. 26-60100
---------------------------------------------------------------------x
```

## NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE NORTH STAR HEALTH ALLIANCE, INC., CARTHAGE AREA HOSPITAL, INC., CLAXTON-HEPBURN MEDICAL CENTER, INC., AND MEADOWBROOK TERRACE, INC. (THE "DEBTORS"):**

The General Bar Date.  The United States Bankruptcy Court for the Northern District of New York (the "Court") has entered an order (the "Bar Date Order") establishing **September 30, 2026, at 5:00 p.m. (prevailing Eastern Standard Time)**, as the last date and time for each person (excluding "Governmental Units," as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim, including for any entity asserting a claim under section 503(b)(9) of the Bankruptcy Code (such deadline, the "General Bar Date") against the Debtors.

The Governmental Bar Date.  The General Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before February 10, 2026 (the "Petition Date"), the date on which the Debtors commenced their cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), excluding claims that are specifically excluded from the Bar Date filing requirement.  "Governmental Units" (as defined in section 101(27) of the Bankruptcy Code) have until **September 30, 2026, at 5:00 p.m. (prevailing Eastern Standard Time)** the "Governmental Bar Date"), to file proofs of claim against the Debtors.

The Amended Schedules Bar Date.  With respect to amendments or supplements to the Debtors' schedules of assets and liabilities (the "Schedules"), claimants have until the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (prevailing Eastern Standard Time) on the date that is thirty (30) days from the date on which the Debtors amend or supplement the Schedules (the "Amended Schedules Bar Date" and together with the

---

¹ The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).

General Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, the "Bar Dates"), to file proofs of claim against the Debtors.

## 1. WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the Petition Date (including any claim arising under section 503(b)(9) of the Bankruptcy Code), and it is not a type of claim exempted under the Bar Date Order. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the Bar Dates, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 2. WHAT TO FILE FOR CLAIMS, INCLUDING PATIENT CLAIMS

Proof of claim forms and instructions may be obtained at (a) the Debtors' website located at https://northstarhealthalliance.org, (b) the Claims Agent's website located at https://cases.omniagentsolutions.com/?clientId=3776, or (c) the Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All proof of claim forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in U.S. currency (using the exchange rate, if applicable, as of the Petition Date). You also should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or explanation as to why the documents are not available.

## 3. WHAT TO FILE FOR PATIENT CLAIMS

If you have Patient Claims, you should file a Proof of Claim Form as discussed above.

You may have Patient Claims if you experienced Abuse as a result of activities related to the Debtors before the Petition Date. For the purposes of an Patient Proof of Claim Form, "Patient Claims" means any liquidated or unliquidated claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors resulting or arising in whole or in part from or relating to treatment received at the Debtors' health care facilities; provided that a Patient Claims shall not include any liquidated or unliquidated claim for contribution, indemnity, reimbursement or subrogation, whether contractual or implied by law (as those terms are defined by the applicable non-bankruptcy law of the relevant jurisdiction), and any other derivative claim of any kind whatsoever, whether in the nature of or sounding in contract, tort, warranty or any other theory of law or equity whatsoever, including any indemnification, reimbursement, hold-harmless or other payment obligation provided for under any pre-petition settlement, insurance policy, or contract.

4.      **WHEN TO FILE ALL CLAIMS**

All proofs of claim, including Patient Claims, must be filed so as to be received on or before September 30, 2026, at 5:00 p.m. (prevailing Eastern Standard Time) (for all persons except Governmental Units) or September 30, 2026, at 5:00 p.m. (prevailing Eastern Standard Time) for all Governmental Units.

5.      **WHERE TO FILE PROOFS OF CLAIM, INCLUDING PATIENT CLAIMS:**

IF BY U.S. POSTAL SERVICE MAIL, OVERNIGHT DELIVERY, OR HAND DELIVERY:

Omni Agent Solutions
Re: North Star Health Alliance, Inc., *et al.*
5955 De Soto Avenue, Suite 100
Woodland Hills, CA 91367

IF ELECTRONICALLY:

The website established by the Claims Agent, using the interface available on such website located at https://cases.omniagentsolutions.com/?clientId=3776#0 (the "Electronic Filing System") and following the instructions provided.

Proofs of claim, including Patient Claims, will be deemed filed only when actually received at the address listed above or via the Electronic Filing System on or before the applicable Bar Date. Proofs of claim may not be delivered by facsimile, telecopy or email transmission.

6.      **CONFIDENTIALITY PROTOCOL GOVERNING PATIENT CLAIMS**

The Bar Date Order provides that a Confidentiality Protocol shall govern the submission of certain proofs of claim.  Patient Claims will not be available to the general public unless such claimant requests, solely in his, her, or their discretion, for such proof of claim to be made public by checking the applicable box on his, her, or their claim forms or by order of the Court after an application has been made to the Court on notice to all parties in interest.

7.      **CONSEQUENCES OF FAILURE TO FILE A CLAIM**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

8.      **ADDITIONAL INFORMATION**

If you have any questions regarding the claims process and/or you wish to obtain a copy of a proof of claim form, or related documents you may do so by:  (i) visiting the Debtors' website

at https://northstarhealthalliance.org, (ii) the Claims Agent's website at https://cases.omniagentsolutions.com/?clientId=3776, and/or (iii) contacting Debtors' Counsel, at the address and email addresses set forth below.  Please note that Debtors' Counsel cannot offer legal advice or advise whether you should file a proof of claim.

**BY ORDER OF THE COURT**

Dated: _____, 2026

**BARCLAY DAMON LLP**
*Counsel to Debtors and Debtors-in-Possession*
Janice B. Grubin
Ilan Markus (admitted *pro hac vice*)
1270 Avenue of the Americas, Suite 2310
New York, New York 10020
Janice B. Grubin:  (212) 784-5808; jgrubin@barclaydamon.com
Ilan Markus:  (203) 672-2661; imarkus@barclaydamon.com

## ANNEX 4

**Form of Confidentiality Agreement**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
**SYRACUSE DIVISION**

---------------------------------------------------------------------x
In re                             :   Chapter 11
                                 :
NORTH STAR HEALTH ALLIANCE, INC., *et al*,[1]  :   Case No. 26-60099-5-wak
                               :   Main Case
                 Debtors.     :   Jointly Administered
                               :   Case No. 26-30078
                               :   Case No. 26-30079
                               :   Case No. 26-60100
---------------------------------------------------------------------x

<u>**AUTHORIZED PARTY CONFIDENTIALITY AGREEMENT**</u>

      This Confidentiality Agreement (this "<u>Agreement</u>") is entered into as of _____, by _____ (the "<u>Recipient</u>"), an Authorized Party pursuant to paragraph 13(c) of the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "<u>Bar Date Order</u>")[2] [Docket No. ___] entered by the United States Bankruptcy Court for the Northern District of New York (the "<u>Court</u>") in the above-captioned Chapter 11 bankruptcy cases on _____, 2026.

      **WHEREAS**, the Recipient will be granted access to Patient Claims filed by Patient Claimants in these Chapter 11 Cases after execution of this Agreement pursuant to and in accordance with the terms of the Bar Date Order;

      **WHEREAS**, Recipient acknowledges that the Patient Claims filed by Patient Claimants contain sensitive, non-public information, which is to remain confidential pursuant to the Bar Date Order and the terms of this Agreement; and

      **WHEREAS**, with the exception of the parties identified in paragraph 13(c) of the Bar Date Order, access to the Patient Claims extends only to the natural person who executes this Agreement and a separate copy of this Agreement must be signed by each natural person who seeks access to the Patient Claims on behalf of an Authorized or Permitted Party.

      **NOW THEREFORE, IT IS AGREED AS FOLLOWS:**

      1.      Recipient agrees that the Patient Claims and any Confidential Information (as such term is defined below) contained therein shall be kept confidential pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Bar Date Order.

2.      For purposes of this Agreement, the term "Confidential Information" means each Patient Claim itself, and any information contained in an Patient Claim, except to the extent such information (i) was known to the Recipient prior to being disclosed in an Patient Claim, (ii) is or becomes generally available to the public through no act or failure on the part of the Recipient, (iii) is obtained from a third party under no obligation to maintain its confidentiality or (iv) is developed by the Recipient independently without reference to any Patient Claim;

3.      Recipient agrees to not use or distribute any Patient Claims or Confidential Information in violation of this Agreement;

4.      Recipient may use Patient Claims, and any Confidential Information contained therein, only in connection with the evaluation, prosecution or defense of the claims asserted in such Patient Claims in the Debtors' Chapter 11 Cases, any related adversary proceedings or contested matters in these Chapter 11 Cases, any related insurance or reinsurance coverage demands, claims, disputes, or litigation, and settlement negotiations or mediations regarding all of the foregoing, and as otherwise required by applicable federal or state laws or regulations (each, a "Permitted Use");

5.      Recipient shall not disclose any Confidential Information to any other person or entity except that Recipient may disclose Confidential Information (i) to any person or entity that is an Authorized Party who may receive such information pursuant to the Bar Date Order and has executed a copy of this Agreement (or who is bound, under the Bar Date Order, by another's execution of this Agreement),, (ii) to the Court or any other tribunal of competent jurisdiction so long as such disclosure is made pursuant to a Permitted Use and under seal or (iii) pursuant to an order of the Court following notice and a hearing;

6.      Recipient consents to the exclusive jurisdiction of the Court to adjudicate any disputes with respect to any terms, condition or alleged violations of this Agreement or the Bar Date Order;

7.      Recipient shall promptly report any disclosure of Confidential Information in violation or breach of this Agreement to the Debtors and the Patient Claims and shall cooperate with efforts to recover and secure any such Confidential Information and/or to mitigate the effects of any such disclosure;

8.      Nothing in this Agreement precludes Recipient from petitioning the Court in these Chapter 11 Cases seeking a modification of the Bar Date Order or the terms of this Agreement with respect to any proposed disclosure of Confidential Information contained in the Patient Claims; provided, however, that Recipient shall not disclose any Confidential Information in connection with any such petition unless such disclosure is restricted to the Court and any other necessary parties and made under seal; and

9.      This Agreement shall become effective as of the date it is delivered to counsel for the Debtors.

Dated: _____

_____
Signature

_____
Print Name

2