**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| NORTH STAR HEALTH ALLIANCE, INC., *et al*,[1] | : | Case No. 26-60099-5-wak |
| | : | Main Case |
| Debtors. | : | Jointly Administered |
| | : | Case No. 26-30078 |
| | | Case No. 26-30079 |
| | | Case No. 26-60100 |

**SUMMARY COVER SHEET OF THE SUPPLEMENTAL FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF DENTONS AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD OF MARCH 5, 2026, THROUGH JUNE 30, 2026**

| | |
|---|---|
| Name of Applicant: | Dentons |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors of North Star Health Alliance, Inc., *et al.* (the "Committee") |
| Date of Retention: | Effective as of March 5, 2026, by order entered April 21, 2026 [Docket No. 238] |
| Period for Which Compensation and Reimbursement is Sought: | March 5, 2026, through June 30, 2026 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | **$771,950.75**[2] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | **$3,070.42** |
| Payment Requested in Connection with this Interim Application: | **$775,021.17** |

This is a supplement to Dentons' First Interim Fee Application.

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Carthage Area Hospital, Inc. (2079) ("Carthage"); North Star Health Alliance, Inc. (9491) ("North Star"); Claxton-Hepburn Medical Center, Inc. (9686) ("Claxton"); and Meadowbrook Terrace, Inc. (2458) ("Meadowbrook" and together with North Star, Carthage, and Claxton, the "Debtors").

[2] This total indicates the amount of fees requested after the application of voluntary discounts in the amount of $11,110.75 as reflected on the attached invoices and billing detail.

## SUMMARY OF HOURS BILLED AND COMPENSATION REQUESTED BY PROFESSIONALS AND PARAPROFESSIONALS

| NAME OF PROFESSIONAL | POSITION | DEPARTMENT | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Lauren Macksoud | Partner | Restructuring, Insolvency & Bankruptcy | $995.00 | 165.2 | $164,374.00 |
| Andrew C. Helman | Partner | Restructuring, Insolvency & Bankruptcy | $925.00 | 309.7 | $286,472.50 |
| Charles A. Luband | Partner | Healthcare | $1,625.00 | 0.6 | $975.00 |
| David Shim | Associate | Restructuring, Insolvency & Bankruptcy | $900.00 | 25.6 | $23,040.00 |
| Henry Thomas | Associate | Restructuring, Insolvency & Bankruptcy | $650.00 | 53.3 | $34,645.00 |
| Kyle D. Smith | Associate | Restructuring, Insolvency & Bankruptcy | $595.00 | 261.6 | $155,652.00 |
| David K. Boydstun, Jr. | Associate | Restructuring, Insolvency & Bankruptcy | $495.00 | 203.6 | $100,782.00 |
| Patrick Navin | Associate | Restructuring, Insolvency & Bankruptcy | $495.00 | 24.4 | $12,078.00 |
| George Medina | Paralegal | Restructuring, Insolvency & Bankruptcy | $450.00 | 10.7 | $4,815.00 |
| Janice Collins | Research Specialist | | $570.00 | 0.4 | $228.00 |
| **Totals:** | | | | **1055.1** | **$783,061.50** |
| Less Voluntary Discounts | | | | | ($11,110.75) |
| **Total Fees Requested:** | | | | | **$771,950.75** |

| GROSS BILLINGS | TOTAL FEES REQUESTED |
|---|---|
| Blended Hourly Rate | $779.55 |
| Total Attorney Billings | $778,018.50 |
| Total Paraprofessionals Billings | $5,043.00 |
| Less Voluntary Discounts | ($11,110.75) |
| **Total Fees Requested:** | **$771,950.75** |

## COMPENSATION REQUESTED BY TASK CODE

| TASK CODE | PROJECT CATEGORY | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|
| B100 & B110[3] | Case Administration | 132.9 | $98,986.50 |
| B112 | Creditor Inquiry | 0.2 | $119.00 |
| B120 | Asset Analysis & Recovery | 8.7 | $7,952.00 |
| B130 | Asset Sales and Other Disposition of Assets | 8.3 | $4,186.00 |
| B140 | Adequate Protection/Relief from Stay | 2.4 | $1,543.50 |
| B145 | Utilities | 0.9 | $667.50 |
| B150 | Meetings & communications w/Debtor or Committee | 141.7 | $105,567.50 |
| B155 | Court Hearings | 25.3 | $21,017.50 |
| B160 | Employment Applications | 27.3 | $20,131.00 |
| B170 | Fee Applications | 17.3 | $9,190.50 |
| B180 | Avoidance Action Analysis | 6.1 | $5,490.00 |
| B185 | Assumption/Rejection of Leases and Contracts | 12.2 | $7,701.00 |
| B190 | Litigation and Contested Matters | 117 | $78,837.00 |
| B200 | Regulatory Matters and Corporate Matters | 13.4 | $6,633.00 |
| B210 | Business Operations/Strategic Planning | 6.1 | $3,959.50 |
| B211 | Financial Reports (Mo. Operating Reports & Schedules & Stm) | 12.2 | $7,846.00 |
| B230 | Financing/DIP/Cash Collateral Matters | 489.8 | $378,020.50 |
| B250 | Real Estate | 0.5 | $247.50 |
| B310 | Claims Administration and Objections | 9.4 | $5,733.50 |
| B320 | Plan and Disclosure Statement | 5 | $2,859.00 |
| B400 & B410[4] | General Bankruptcy Advice | 6.2 | $5,088.50 |
| **Totals:** | | **1055.1** | **$783,061.50** |
| Less Voluntary Discounts | | | ($11,110.75) |
| **Total Fees Requested:** | | | **$771,950.75** |

---

[3] Business units within Dentons (including DBG and DUS) utilize substantially similar, but slightly different, variants of task codes. Time billed to task codes B100 and B110, both cover general case administration.

[4] Business units within Dentons (including DBG and DUS) utilize substantially similar, but slightly different, variants of task codes. Time billed to task codes B400 and B410, both cover general bankruptcy advice.

## EXPENSE SUMMARY

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| Certificates of Good Standing | $77.75 |
| Pro Hac Vice Filing Fees | $300.00 |
| Litigation Support - Lien Searches | $2,204.79 |
| Travel – Hotel when attending DIP Hearing in Syracuse, NY | $487.88 |
| **Total Expenses:** | **$3,070.42** |

## SUMMARY OF PRIOR MONTHLY FEE STATEMENTS

| DATE FILED | PERIOD COVERED | REQUESTED | | UNOPPOSED | | PAID | |
|---|---|---|---|---|---|---|---|
| | | FEES | EXPENSES | FEES | EXPENSES | FEES | EXPENSES |
| 7/22/26 | 3/5/26 – 5/31/26 | $546,712.00 | $2,582.54 | -[5] | - | $0.00 | $0.00 |
| 7/22/26 | 6/1/26 – 6/30/26 | $225,238.75 | $487.88 | - | - | $0.00 | $0.00 |
| | **Totals:** | **$771,950.75** | **$3,070.42** | **$0.00** | **$0.00** | **$0.00** | **$0.00** |

[5] The deadlines to object to Dentons' Combined Monthly Fee Statement and Dentons' June Fee Statement has not yet passed.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| NORTH STAR HEALTH ALLIANCE, INC., *et al*,[1] | : | Case No. 26-60099-5-wak |
| | : | Main Case |
| Debtors. | : | Jointly Administered |
| | : | Case No. 26-30078 |
| | | Case No. 26-30079 |
| | | Case No. 26-60100 |

**SUPPLEMENTAL FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF DENTONS AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD OF MARCH 5, 2026, THROUGH JUNE 30, 2026**

Dentons,[2] in its capacity as counsel to the Official Committee of Unsecured Creditors (the "Committee") of North Star Health Alliance, Inc., *et al.*, hereby submits this supplemental first interim fee application (the "Application") seeking an order authorizing payment of compensation to Dentons on an interim basis for professional services rendered and expenses incurred during the period beginning on March 5, 2026, and ending on June 30, 2026 (the "Compensation Period"). In support of this Application, Dentons states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Carthage Area Hospital, Inc. (2079) ("Carthage"); North Star Health Alliance, Inc. (9491) ("North Star"); Claxton-Hepburn Medical Center, Inc. (9686) ("Claxton"); and Meadowbrook Terrace, Inc. (2458) ("Meadowbrook" and together with North Star, Carthage, and Claxton, the "Debtors").

[2] The term "Dentons" includes attorneys from Dentons US LLP ("DUS") and Dentons Bingham Greenebaum LLP ("DBG," and together with DUS, "Dentons"), both of which are members of the Dentons Group, a Swiss verein.

3. The statutory predicates for the relief sought herein are sections 330 and 331 of chapter 11 of title of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Northern District of New York (the "LBR").

**BACKGROUND AND PROCEDURAL HISTORY**

4. On February 10, 2026 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of New York (the "Court"), commencing these chapter 11 cases (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

5. On March 4, 2026, the Office of the United States Trustee (the "UST") appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 111].

6. On March 20, 2026, the Committee filed the *Application of the Official Committee of Unsecured Creditors for an Order Authorizing the Employment of Dentons as Counsel to the Official Committee of Unsecured Creditors Effective as of March 5, 2026* [Docket No. 168] (the "Retention Application").

7. On April 21, 2026, the Court entered the *Order Granting Application of the Official Committee of the Unsecured Creditors for an Order Authorizing the Employment of Dentons as Counsel to the Committee of Unsecured Creditors Effective as of March 5, 2026* [Docket No. 238] (the "Retention Order").

8. On July 2, 2026, this Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Members of Official Committees* [Docket No. 438] (the "Interim Compensation Order").

9. As set forth in the Retention Application and Retention Order, Dentons is authorized to render the following non-exclusive list of services for the Committee:

A. Advise the Committee with respect to its rights, duties, and powers in this case;

B. Assist and advise the Committee in its consultations with the Debtors relating to the administration of this case;

C. Assist the Committee in analyzing the claims of the Debtors' creditors, the Debtors' capital structure, and in negotiating with the holders of claims and, if appropriate, equity interests;

D. Assist the Committee's investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors and other parties involved with the Debtors and of the operation of the Debtors' businesses;

E. Assist the Committee in its analysis of, and negotiations with the Debtors or any other third party concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and executory contracts, asset dispositions, financing transactions, and the terms of a plan of reorganization or liquidation for the Debtors;

F. Assist and advise the Committee as to its communications, if any, to the general creditor body regarding significant matters in this case;

G. Represent the Committee at all hearings and other proceedings;

H. Review, analyze, and advise the Committee with respect to applications, orders, statements of operations, and schedules filed with the Court;

I. Assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives; and

J. Perform such other services as may be required and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

10. Dentons did not file monthly fee statements for months covered by this Compensation Period. However, pursuant to the Interim Compensation Order and section 331 of the Bankruptcy Code, Dentons submits this Application in lieu of a combined monthly fee statement.

## STATEMENT REGARDING THE STATUS OF THE CASE (LBR 2016-1(b)(3)(B))

11. The Debtors are a small, rural healthcare system operating four entities providing essential medical services in Northern New York. At this time, the Debtors continue to operate as debtors-in-possession while exploring strategic alternatives, including a potential sale of substantially all of the Debtors' assets. The Committee will continue to work with the Debtors and other parties in interest to maximize value for the benefit of unsecured creditors. Dentons cannot assess what percentage of the work in the case is yet to be done, but it anticipates that the sale process will begin shortly.

## STATEMENT REGARDING THE ESTATE'S ABILITY TO PAY FEES (LBR 2016-1(b)(7))

12. To the best of Dentons' knowledge, the Debtors are able to pay the fees and expenses requested in the Application. Professional fee allowances for Committee Professionals are allotted for in the Budget attached as Exhibit B (the "Approved Budget") to the *Final Order (I) Authorizing the Debtors to Obtain Post-Petition Financing, (II) Granting Liens and Super-Priority Claims, and (III) Modifying the Automatic Stay* [Docket No. 417]. The Debtors maintain a bankruptcy administrative reserve account at M&T Bank, with aggregate balances in excess of $4.0 million.

## COMPENSATION AND REIMBURSEMENT REQUEST

13. By this Application, Dentons seeks allowance, on an interim basis, of professional fees incurred during the Compensation Period in the amount of **$771,950.75**, and reimbursement of expenses incurred during the Compensation Period in the amount of **$3,070.42**, for a total of **$775,021.17** in requested compensation.

14. Pursuant LBR 2016-1(b)(3), a concise summary setting forth billing rates, total hours billed, and total amounts billed for each professional and paraprofessional at Dentons during

the Compensation Period is contained on pages 2 through 4 of the summary cover sheet to this Application. Further, pursuant to LBR 2016-1, a narrative description of services rendered by Dentons is set forth below. This narrative description is organized by billing task code with a summary of the hours worked and total fees sought in connection with each task code in compliance with the requirements of LBR 2016-1.

15. Dentons holds no retainer and was not provided a retainer as a condition of its employment.

16. No understanding exists between Dentons and any other person for the sharing of the compensation sought by this Application except within the firm. In addition, no payments have been made or promised to Dentons for services rendered or to be rendered in connection with the case, except as set forth in Dentons' Retention Application.

17. Dentons is a disinterested party and does not represent any entity holding an interest adverse to these chapter 11 cases.

18. Dentons has substantial experience in such areas as restructuring law and the other matters for which it was retained in this case. Dentons' team has counseled the Committee in these areas since the date of the firm's retention, and all services for which compensation is sought by this Application were performed on behalf of the Committee.

**SUMMARY OF SERVICES**

19. Dentons and its professionals have served as counsel to the Committee for the matters set forth in the Retention Application. The scope of work performed by Dentons focused on the specific needs of the Committee and its constituency at the time of Dentons' retention.

20. While it is not possible to summarize every task performed by Dentons since being engaged by the Committee, major tasks are described below, and each time entry in the Billing

Detail has a billing task code identified and each invoice contains a summary per billing task code. Please note that the hours and dollar amounts in the following charts reflect gross amounts and do not reflect any voluntary discounts.

**B100 & B110 – Case Administration**[3]
[132.9 Hours; Fees: $98,986.50]

21. Case Administration is a catch-all category designed to include various aspects of administering the case or providing general legal advice to the Committee. The majority of the time billed to this task code included consideration of ongoing work and strategy in the case, reviewing general motions and other pleadings, reviewing the docket, calendaring deadlines, and conducting general research and pleading drafting. Dentons believes that the services it provided benefited the Committee and its constituents and that the expense for such services is reasonable.

**B112 – Creditor Inquiries**
[0.2 Hours; Fees: $119.00]

22. Creditor Inquiries is a billing task code used to record communications with specific creditors who contacted the Committee. These communications were in fulfillment of the Committee's duties under section 1102(b)(3)(A) of the Bankruptcy Code, which required the Committee to provide information to creditors who are represented by the Committee. Dentons believes these communications provided value to the Committee, its constituents, and helped the Committee fulfill its obligations pursuant to the Bankruptcy Code.

[3] Business units within Dentons (including DBG and DUS) utilize substantially similar, but slightly different, variants of task codes. The following narrative description covers work performed and billed to task codes B100 and B110, which both cover general case administration.

**B120 – Asset Analysis & Recovery**
[8.7 Hours; Fees: $7,952.00][4]

23. Asset Analysis & Recovery is a category that is used to describe the Committee's review and investigation of assets of the Debtors and their estates, as well as any efforts to recover or monetize those assets. This is also the task code used by Dentons for review of the Debtors' assets and claims in connection with the Committee's lien challenge investigation and other asset investigations. Dentons engaged in the work recorded under this task code to assist the Committee in the fulfillment of its duties under section 1103(c)(2) of the Bankruptcy Code. More specifically, time billed to this task code included lien investigation and perfection research and analysis, research of various causes of action, and consideration of related strategy and planning. Dentons believes that the services it provided benefited the Committee and its constituents and that the expense for such services is reasonable.

**B130 – Asset Sales and Other Disposition of Assets**
[8.3 Hours; Fees: $4,186.00]

24. Time billed to this task code relates to time spent on matters pertaining to sales or dispositions of estate assets. Work performed under this task code during the Compensation Period included preliminary review and analysis of potential asset sales by the Debtors. Dentons believes that the services it provided benefited the Committee and its constituents and that the expense for such services is reasonable.

**B140 – Adequate Protection/Relief from Stay**
[2.4 Hours; Fees: $1,543.50]

25. Adequate Protection/Relief From Stay is the task code used by counsel to record time spent reviewing motions for relief from the automatic stay filed in the case and considering

---

[4] Task codes B112 and B120 have been revised from previous fee statements and Dentons' First Interim Fee Application to correct a scrivener's error, whereby $925.00 was included under task code B112 that should have been included under B120. This error did not affect total compensation or any other numbers.

issues arising from the same. Time billed to this task code during the Compensation Period includes a review and analysis of the stay relief motions filed Ovation Healthcare and Chart Risk Retention Group in these Chapter 11 Cases. Dentons submits that the fees incurred for this task were reasonable and necessary under the circumstances in order to apprise the Committee of potential issues involving the stay relief motions.

**B145 – Utilities**
[0.9 Hours; Fees: $667.50]

26. Utilities is the task code used by counsel for work related to utility-related matters arising during the Chapter 11 Cases. Time billed to this task code during the Compensation Period includes a review and analysis of the Debtors' various Utility Motions and the limited objections in response thereto. Dentons submits that the fees incurred for this task were reasonable and necessary under the circumstances.

**B150 – Meetings & Communications with Debtors or Committee**
[141.7 Hours; Fees: $105,567.50]

27. Meetings & Communications with Committee is the task code used by Dentons to record time spent communicating with the Committee. These meetings and communications included (A) informal e-mail with individual members of the Committee or all members together; (B) memoranda provided to the Committee regarding court filings or strategic and tactical matters; and (C) video or telephone conferences with the Committee or individual members of the Committee. These communications are an essential part of Dentons' work with the Committee and are necessary to keep the Committee informed of progress in the case and obtain authorization to proceed with a given course of action. Consequently, Dentons submits that fees incurred for meetings and communications were necessary and reasonable under the circumstances.

**B155 – Court Hearings**
[25.3 Hours; Fees: $21,017.50]

28. Court Hearings is the task code Dentons used to record time spent attending court. Court appearances are an essential part of the duties assumed by counsel to a committee. There are also some instances in which a court appearance may have been recorded in connection with another task code reflective of the substantive content of the dispute, such as task codes for case administration or contested matters. Dentons submits that the fees incurred for this task code were reasonable and necessary under the circumstances.

**B160 – Employment Applications**
[27.3 Hours; Fees: $20,131.00]

29. Employment Applications is the task code used by Dentons to capture all time related to the retention of professionals and any related disclosures. This includes, without limitation, preparation of Dentons' retention papers and related work (such as a supporting declaration and disclosures) as well as review and analysis of retention papers for other professionals. Work on matters pertaining to retention applications provided an important and valuable service to the Committee in that it ensured that the Committee would be represented by competent and qualified professionals.

**B170 – Fee Applications**
[17.3 Hours; Fees: $9,190.50]

30. Fee Applications is the task code for time related to preparation, review, and consideration of monthly fee statements and fee applications of professionals of the Committee. Preparation of monthly fee statements and fee applications is an expense of professionals that is unique to and mandated by the Bankruptcy Code. Time billed to this task code also includes a review and analysis of the *First and Final Application for Compensation and Reimbursement of*

*Expenses Incurred by Wintergreen Inc., as Financial Advisors to the Debtors and Debtors-In-Possession* [Docket No. 265].

**<u>B180 – Avoidance Action Analysis</u>**
[6.1 Hours; Fees: $5,490.00]

31. Avoidance Action Analysis is the task code used for time related to analyzing potential claims and avoidance actions. Time entries billed under this task code include investigation and review of the Debtors' filings and financial statements in order to assess whether potential avoidance claims were possible, as well as internal discussions of any potential avoidance actions.

**<u>B185 – Assumption/Rejection of Leases and Contracts</u>**
[12.2 Hours; Fees: $7,701.00]

32. Executory Contracts and Leases is the task code used by Dentons for work related to assumption or rejection of executory contracts and leases. In these cases, time billed to this task code primarily related to review and analysis of various motions filed by the Debtors to assume or reject certain executory contracts. These tasks helped to ensure that the Committee was appropriately apprised of the costs associated with such contracts and the actions proposed by the Debtors. Dentons submits that the fees incurred for this task were reasonable and necessary under the circumstances.

**<u>B190 – Litigation and Contested Matters</u>**
[117 Hours; Fees: $78,837.00]

33. Litigation and Contested Matters is the billing task code used by Dentons for work related to litigation and contested matters. This task code included, among other things, the following services: (A) reviewing, considering, and responding to various motions and other documents, such as proposed orders or stipulations; (B) communications with parties regarding the same; (C) preparation for and attendance at some hearings (though some hearings also may

have been recorded under other applicable billing task codes); (D) certain aspects of lien and claim investigative work as it pertains to preparation of document requests, discovery, or related court documents and certain related communications. Dentons believes that the services it provided attributable to this task code benefited the Committee and its constituents, and that the expense for such services is reasonable.

**B200 – Regulatory Matters and Corporate Matters**
[13.4 Hours; Fees: $6,633.00]

34. Regulatory and Corporate Matters is the billing task code used by Dentons for time pertaining to review and analysis of various regulatory and corporate issues. In these cases, time billed to task code B200 primarily includes work researching and analyzing licensing and regulatory requirements imposed by the Federal government and the state of New York as related to a potential sale of the Debtors' businesses and assets. Given the proposed path of these cases, understanding the regulatory framework for a sale of the Debtors' assets is a crucial issue. Dentons submits that the services provided to the Committee are reasonable, necessary, and beneficial to the Committee and its constituents.

**B210 – Business Operations/Strategic Planning**
[6.1 Hours; Fees: $3,959.50]

35. Business Operations/Strategic Planning includes time pertaining to various operational matters, including consideration of the Debtors' operations, business organization, record keeping, and related issues. In this case, this primarily includes work related to the Debtors' cash management system and accounts. Dentons believes that the services it provided attributable to this task code benefited the Committee and its constituents, and that the expense for such services is reasonable.

**<u>B211 – Financial Reports (Monthly Operating Reports and Schedules and Statements)</u>**
[12.2 Hours; Fees: $7,846.00]

36. Financial Reports is the task code Dentons used for review of schedules and monthly operating reports. In this instance, the tasks performed in the time entries attributed to B211 are predominantly related to review of the Debtors' schedules and statements and the Debtors' monthly operating reports. Dentons submits that review of such information was necessary for Dentons to be able to properly and effectively advise the Committee.

**<u>B230 – Financing/DIP/Cash Collateral Matters</u>**
[489.8 Hours; Fees: $378,020.50]

37. Financing/DIP/Cash Collateral Matters is the billing task code used by Dentons for work performed related to DIP financing and cash collateral. This includes, without limitation: (A) review and consideration of the Final DIP Order; (B) meetings and negotiations with the Debtors and the Debtors' lenders regarding the terms of DIP financing; (C) review and analysis of loan documents; (D) preparation of objections, replies, and other responses to DIP financing motions; (E) preparation for hearings on DIP financing; and (F) communications with Committee members regarding DIP financing, though there are also such communications under billing task code B150. Given the important and central role that DIP financing and cash collateral usage has played in these Chapter 11 Cases, Dentons believes that the services it provided benefited the Committee and its constituents and that the expense for such services is reasonable.

**<u>B250 – Real Estate</u>**
[0.5 Hours; Fees: $247.50]

38. Real Estate is the billing task code used by Dentons for work related to the review and assessment of the Debtors' real property, as well as issues arising from the Debtors' use of real property. Dentons believes that the services it provided attributable to task code B250 benefited the Committee and its constituents and that the expense for such services is reasonable.

**B310 – Claims Administration and Objections**
[9.4 Hours; Fees: $5,733.50]

39. Claims Administration and Objections is used by Dentons for time related to claims against the Debtors' estates. This has included time spent reviewing and analyzing certain claims against the Debtors' estates, including certain administrative expense claims, as well as, beginning to identify and analyze claims that may be susceptible to objection in order to better understand the pool of unsecured claims asserted against the Debtors and estimate potential distributions to unsecured creditors. Dentons submits that this work was reasonable and necessary and provided value to the estates.

**B320 – Plan and Disclosure Statement**
[5 Hours; Fees: $2,859.00]

40. Plan/Disclosure Statement is the task code used for time entries pertaining to the plan and disclosure statement process. This has included, without limitation, preliminary review and development of plan strategies, legal analysis of the relevant issues involving the chapter 11 plan, and analysis related to the terms of proposed plan treatment. Dentons submits that this work was reasonable and necessary and provided value to the estates.

**B400 & B410 – General Bankruptcy Advice[5]**
[6.2 Hours; Fees: $5,088.50]

41. General Bankruptcy Advice is the task code used for time entries pertaining to general bankruptcy analysis, advice and/or opinions regarding potential bankruptcy related issues. This has included, without limitation, general legal analysis and strategic advice provided to the Committee regarding various bankruptcy-related matters. Dentons believes that the services it

[5] Business units within Dentons (including DBG and DUS) utilize substantially similar, but slightly different, variants of task codes. The following narrative description covers work performed and billed to task codes B400 and B410, which both cover general bankruptcy advice.

provided attributable to task codes B400 and B410 benefited the Committee and its constituents and that the expense for such services is reasonable.

**THE REQUESTED COMPENSATION SHOULD BE ALLOWED**

42. Section 331 of the Bankruptcy Code provides for the interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. *See* 11 U.S.C. § 331. Pursuant to section 330 of the Bankruptcy Code, this Court may award professionals "reasonable compensation for actual, necessary services." 11 U.S.C. § 330(a)(1)(A). Section 330 also sets forth the criteria for the award of such compensation and reimbursement. *See* 11 U.S.C. § 330(a)(3)(A)-(F).

43. In evaluating the amount of reasonable compensation to be awarded, this Court should consider the nature, the extent, and the value of such services, taking into account all relevant factors including:

> A. the time spent on such services;
>
> B. the rates charged for such services;
>
> C. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> D. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> E. with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> F. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §§ 330(a)(3)(A–F).

44. Dentons respectfully submits that the services for which it seeks compensation in this Application were necessary for, and beneficial to, the Committee and the Debtors' estates, and that such fees constitute reasonable compensation to Dentons at reasonable, market-appropriate rates. Moreover, as reflected by the time entries in **<u>Exhibit A</u>**, the services rendered by Dentons were performed economically, effectively, and efficiently, and the work conducted by Dentons was assigned to appropriate professionals according to the experience and level of expertise required for each particular task. Whenever possible and where appropriate, Dentons sought to minimize the costs of its services by utilizing professionals with lower billing rates.

45. In sum, the services rendered by Dentons were necessary and beneficial to the Committee and the Debtors' estates, and such services were consistently performed in a timely manner, commensurate with the complexity and the nature of the issues involved. Accordingly, approval of compensation sought herein is warranted.

## <u>ACTUAL AND NECESSARY DISBURSEMENTS</u>

46. All of the expenses for which reimbursement is requested are expenses which: (i) Dentons customarily recoups from all of its clients; (ii) were incurred or billed during the Compensation Period; (iii) were necessarily incurred in connection with this case; and (iv) were incurred after disclosure of Dentons' intention to do so in its Retention Application (without objection). Dentons will not profit from the reimbursement of any expense.

47. Pursuant to LBR 2016-1(c), the types of costs and expenses for which reimbursement is sought are set forth in detail on **<u>Exhibit A</u>**. A chart summarizing the expenses is included on page four of the summary sheet to this Application.

## <u>NOTICE</u>

48. Notice of this Application and all related papers will be served on the following

parties on the date and manner set forth in the certificate of service related to this Application: (a) the UST; (b) the Notice Parties (as defined in the Interim Compensation Order); and (c) all parties in this case receiving service through the Court's CM/ECF electronic filing system.

**CONCLUSION**

Based on the foregoing, Dentons respectfully requests that the Court enter an order approving this Application on an interim basis (A) in the total amount of **$775,021.17** for compensation for reasonable and necessary services and expenses incurred that were beneficial to the Debtors' estates during the Compensation Period; and (B) such other and further relief as the Court deems just and proper.

Dated: July 30, 2026

Respectfully submitted,

*/s/ Andrew C. Helman*

Andrew C. Helman
Kyle D. Smith
**DENTONS BINGHAM GREENEBAUM, LLP**
One City Center
Suite 11100
Portland, ME 04101-6420
Telephone: (207) 810-4955
Email: andrew.helman@dentons.com
kyle.d.smith@dentons.com

David K. (D.K.) Boydstun, Jr.
**DENTONS BINGHAM GREENEBAUM, LLP**
3500 PNC Tower
101 South Fifth Street
Louisville, KY 40202
Telephone: (502) 589-4200
Email: david.boydstun@dentons.com

Lauren M. Macksoud
Henry Thomas
**DENTONS US LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768-5347
Facsimile: (212) 768-6800

E-mail: lauren.macksoud@dentons.com
henry.thomas@dentons.com

*Counsel to The Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| NORTH STAR HEALTH ALLIANCE, INC., *et al*,[1] | : | Case No. 26-60099-5-wak |
| | : | Main Case |
| Debtors. | : | Jointly Administered |
| | : | Case No. 26-30078 |
| | | Case No. 26-30079 |
| | | Case No. 26-60100 |

## CERTIFICATION PURSUANT TO LOCAL RULE 2016-1

I, Andrew C. Helman, certify (this "Certification"), pursuant to section 1746 of title 28 of the United States Code, as follows:

1. I am a partner with the law firm Dentons Bingham Greenebaum LLP ("DBG").[2] In Maine, Dentons' address is One City Center, Suite 11100, Portland, ME 04101, with a phone number of (207) 810-4955, and my personal telephone number is (207) 619-0919. My email address is andrew.helman@dentons.com.

2. I am familiar with the work performed on behalf of the Committee by the lawyers and paraprofessionals of Dentons.

3. I certify pursuant to LR 2016-1(c)(2) that all expenses for which reimbursement is sought by the Application were incurred on behalf of the Committee and no other person and that the reimbursement, if allowed in full, will not exceed the amount Dentons paid for the items.

4. I have reviewed the Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Local Rule 2016-

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Carthage Area Hospital, Inc. (2079) ("Carthage"); North Star Health Alliance, Inc. (9491) ("North Star"); Claxton-Hepburn Medical Center, Inc. (9686) ("Claxton"); and Meadowbrook Terrace, Inc. (2458) ("Meadowbrook" and together with North Star, Carthage, and Claxton, the "Debtors").

[2] Capitalized terms not defined herein but defined in the Application shall have the meanings ascribed to them in the Application.



27168164.v1

1, the Interim Compensation Order entered July 2, 2026, and believe that this Application substantially complies with such Rule and Order.

*/s/ Andrew C. Helman*
Andrew C. Helman