| | | |
|---|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**NORTHERN DISTRICT OF NEW YORK**<br>**SYRACUSE DIVISION** | | **Hearing Date/Time: October 21, 2026, 2:00 p.m.**<br>**Hearing Location: Syracuse, NY**<br>**Opposition Due: October 14, 2026** |
| In re | : | Chapter 11 |
| | : | |
| NORTH STAR HEALTH ALLIANCE, INC., *et al*,[1] | : | Case No. 26-60099-5-wak |
| | : | Main Case |
| Debtors. | : | Jointly Administered |
| | : | Case No. 26-30078 |
| | : | Case No. 26-30079 |
| | : | Case No. 26-60100 |

**DEBTORS' MOTION FOR AN ORDER EXTENDING THE GENERAL AND GOVERNMENTAL BAR DATES AND APPROVING NOTICE OF THE EXTENSION**

North Star Health Alliance, Inc. ("North Star"), Carthage Area Hospital, Inc. ("Carthage" or "CAH"), Claxton-Hepburn Medical Center, Inc. ("Claxton" or "CHMC"), and Meadowbrook Terrace, Inc. ("Meadowbrook"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), the above-captioned debtors and debtors in possession, move pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order extending the General and Governmental Bar Dates from September 30, 2026, at 5:00 p.m. (prevailing Eastern Time) through and including **November 30, 2026, at 5:00 p.m. (prevailing Eastern Time)** and approving notice of that extension. In support, the Debtors respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).

2. Venue in this proceeding is proper and this Motion is proper in this district pursuant to 28 U.S.C. §§1408 and 1408.

3. The statutory predicate for the relief requested herein is Bankruptcy Rule 3003(c)(3).

## BACKGROUND

### A. The Chapter 11 Cases

4. On February 10, 2026 (the "Petition Date"), the Debtors commenced these chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their properties and are operating and managing their health care businesses, as debtors-in-possession, pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

6. By Notice of Appointment dated March 4, 2026, the Office of the United States Trustee ("UST") appointed an official committee of unsecured creditors (the "Committee").

7. By Notice of Appointment dated March 12, 2026, the UST appointed Suzanne Koenig as the Patient Care Ombudsman.

### B. The Debtors' Corporate Structure and Operations

8. North Star Health Alliance, Inc. was established in September 1993 and incorporated in the State of New York as a not-for-profit corporation. North Star is the umbrella organization within which Carthage, Claxton, Meadowbrook and related affiliates coordinate governance, strategy, and shared services under what is referred to as the Transformation Plan.[2]

[2] Beginning in or about August 2022, North Star pursued a complex transition (the "Transformation Plan") designed

North Star is a passive parent entity that does not itself exercise financial control over each member organization; rather, it serves as a platform for alignment and operational integration, including shared leadership and centralized administrative functions (*e.g.*, finance, human resources, information technology, compliance, revenue cycle coordination, and cash planning) that are critical to sustaining rural healthcare delivery across multiple campuses. The North Star system as a whole employs approximately 1,100 employees.

9. Carthage was established in November 1921 and incorporated in the state of New York as a not-for-profit corporation. Carthage operates a 25-bed Critical Access Hospital in each of Carthage, New York and Ogdensburg, New York, serving a large, rural tri-county area. Carthage holds a New York State Department of Health operating certificate (No. 2238700C; Facility ID/PFI 379 and Facility ID/PFI 15684) for primary care -critical access hospital services located at 1001 West Street, Carthage, New York 13619 and 214 King Street, Suite A, Ogdensburg, New York 13669 (the "Claxton Campus"). The Claxton Campus is also the designated "9.39" hospital for the area. While the New York State Department of Health ("DOH") issued the operating certificate reflecting this configuration, Centers for Medicare & Medicaid Services ("CMS") processes to recognize and operationalize the Claxton Campus as a critical access hospital (including surveys, enrollment steps, and related notifications) have involved additional steps and timing considerations.

10. Claxton-Hepburn Medical Center, Inc. was established in December 1916 and incorporated in January 1917 in the state of New York as a not-for-profit corporation. Following

to preserve access to acute care and behavioral health services in the North Country while addressing Claxton's unsustainable legacy cost and reimbursement structure as a Sole Community Hospital. The Transformation Plan involved coordinated planning among North Star member organizations, engagement with DOH and OMH, and stepwise regulatory actions. On October 23, 2024, DOH and OMH issued operating certificates that reorganized Claxton into two distinct hospital entities: (i) a standalone inpatient psychiatric hospital (CHMC) and (ii) a separate acute-care campus operated by Carthage under a shared operating certificate (the Claxton Campus).

the implementation of the Transformation Plan, Claxton now operates exclusively as a standalone Article 31 Inpatient Psychiatric Hospital licensed by the New York State Office of Mental Health under Operating Certificate No. 8231002, located on the Claxton Campus. Claxton provides acute inpatient behavioral health services for adults (28 beds) and children/adolescents (12 beds), including the region's only acute inpatient unit dedicated to children and adolescents. Claxton also leads the Pathways to Recovery Peer Coaching program.

11. Meadowbrook Terrace, Inc. was established in December 2011 and incorporated in the state of New York as a not-for-profit corporation. Meadowbrook is a 60-bed assisted living facility (58 ALP beds and 2 Adult Home) that provides assisted living services for seniors in the North Country region. Meadowbrook is a key part of the Debtors' care continuum for elderly and medically fragile patients, supporting safe discharge planning and community-based care.

12. Through these bankruptcy proceedings, the Debtors continue to fulfill their mission by operating their facilities to deliver quality health care in their communities, supported by a local workforce.

## <u>**RELIEF REQUESTED**</u>

13. By order dated July 31, 2026 [Dkt No. 446] (the "<u>Bar Date Order</u>") the Court established September 30, 2026, at 5:00 p.m., prevailing Eastern Time, as the general bar date for filing proofs of claim against the Debtors (the "<u>General Bar Date</u>"). The Bar Date Order also established September 30, 2026, at 5:00 p.m., prevailing Eastern Time, as the governmental bar date for filing proofs of claim against the Debtors (the "<u>Governmental Bar Date</u>" and together with the General Bar Date, the "<u>Bar Date</u>"). Notice of the Bar Date and the applicable filing requirements was provided pursuant to the Bar Date Order. *See, e.g.*, Notice of Deadline Requiring Filing of Proofs of Claim [Dkt No. 510, at 22–28].

14. As the Bar Date has approached, the Debtors have become concerned that some creditors, particularly current and former employees, may be uncertain whether they must file proofs of claim. For example, a creditor may be unsure of the significance of an amount shown on the Debtors' books, payroll records, payroll website, or Schedules, or of communications concerning amounts potentially owed to that creditor. The Debtors seek this extension to give creditors additional time to review the existing filing requirements and, if they choose to do so, to file timely claims.

15. The Debtors request an extension of the Bar Date by approximately sixty days, through November 30, 2026, at 5:00 p.m. prevailing Eastern Time (the "Extended Bar Date"). The requested relief does not alter which creditors are required to file proofs of claim under the Bar Date Order; it merely extends the deadline for those creditors who choose to file claims by the Bar Dat**e**.

16. The extension will give affected creditors a fuller opportunity to protect their rights and will assist the Debtors in identifying and reconciling claims. It may also reduce later disputes over whether a creditor received adequate notice or should be permitted to file a late claim. The Debtors do not seek a finding that the original notice was defective or that any particular creditor was confused.

17. The requested extension will not delay the Debtors' anticipated plan filing or other material case milestones. The Debtors submit that the additional time will benefit their estates and creditors without causing material prejudice.

18. Rule 3003(c)(3) authorizes the Court, "for cause," to extend the time to file proofs of claim. Cause exists here because the requested extension addresses a reasonable concern about

uncertainty over the filing requirements, promotes a more accurate claims process, and will not disrupt the progress of these cases.

19. Courts in this district have previously granted relief concerning an existing claims bar date to address claimant confusion and allow additional notice. *See, e.g.*, *In re The Roman Catholic Diocese of Albany, New York*, Case No. 23-10244 (Bankr. N.D.N.Y.), Motion to Vacate Claims Bar Date Order [Dkt No. 209], Order [Dkt No. 251]. The Debtors cite the *Albany Dioceses* docket history as an example of claims administration relief granted in this District, while recognizing that the precise procedural relief requested there differed and was more substantial than the limited extension sought here.

20. The Debtors propose to serve postcard notice with language substantially in the form attached as **Exhibit B** on the persons and entities that received the original Bar Date notice, using the service methods approved by the Bar Date Order, and to post it on the claims agent's case website. The notice will direct recipients to the original Bar Date Order and notice for the filing requirements and procedures.

21. Except for the extension of the Bar Date and any corresponding application of that date under the Bar Date Order to claims affected by amended Schedules, the Debtors request no change to the Bar Date Order.

## **NOTICE**

22. Notice of this Motion will have been provided to the (a) the Office of the United States Trustee for the Northern District of New York, (b) counsel for the Official Committee of Unsecured Creditors, Northern Credit Union, and the New York State Department of Health, including the Office of the Attorney General for the State of New York, (c) the Office of the U.S. Attorney for the Northern District of New York, (e) those person who have formally appeared and

requested service in these Chapter 11 Cases pursuant to Rule 2002, and (f) all creditors and interested parties included in the Debtor's consolidated mailing matrix (collectively, the "Notice Parties").

23. In light of the nature of the relief requested, the Debtors respectfully submit that such notice is adequate and sufficient and that no further notice is necessary.

## NO PRIOR REQUEST

24. No prior request for the relief sought in the Motion has been made to this or any other court.

**WHEREFORE**, the Debtors request entry of the proposed order attached as **Exhibit A**, extending the Bar Date through November 30, 2026, at 5:00 p.m. prevailing Eastern Time; approving notice substantially in the form of Exhibit B; and granting such other relief as the Court deems appropriate.

Dated: September 29, 2026
New York, New York

**BARCLAY DAMON LLP**
*Counsel for Debtors and Debtors-In-Possession*

By: */s/Janice B. Grubin*
Ilan Markus (admitted *pro hac vice*)
Janice B. Grubin
1270 Avenue of the Americas, Suite 2310
New York, New York 10020
Janice B. Grubin:
(212) 784-5808; jgrubin@barclaydamon.com
Ilan Markus:
(203) 672-2661; imarkus@barclaydamon.com

# **EXHIBIT A**
**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
**SYRACUSE DIVISION**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| NORTH STAR HEALTH ALLIANCE, INC., *et al*,[3] | : | Case No. 26-60099-5-wak |
| | : | Main Case |
| Debtors. | : | Jointly Administered |
| | : | Case No. 26-30078 |
| | : | Case No. 26-30079 |
| | : | Case No. 26-60100 |

**ORDER EXTENDING THE GENERAL AND GOVERNMENTAL BAR DATES AND APPROVING NOTICE OF THE EXTENSION**

Upon the Debtors' *Motion for an Order Extending the General and Governmental Bar Dates and Approving Notice of the Extension* [Dkt No. __] (the "Motion"); the Court having jurisdiction; due and adequate notice of the Motion and the opportunity to be heard thereon having been provided; and the Court finding cause under Federal Rule of Bankruptcy Procedure 3003(c)(3) and that the relief granted herein is in the best interests of the Debtors, their estates, creditors, and other parties in interest; it is **ORDERED** that:

[3] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).

1. The Motion is **GRANTED** as set forth herein.

2. The Bar Date[4] established by the Bar Date Order [Dkt No. 510] is extended from September 30, 2026, at 5:00 p.m. prevailing Eastern Time, through and including **November 30, 2026, at 5:00 p.m. prevailing Eastern Time** (the "Extended Bar Date").

3. **This Order does not alter which creditors are required to file proofs of claim under the Bar Date Order. It only extends the deadline for creditors required to file by the Bar Date.** All filing requirements, exceptions, procedures, and consequences established by the Bar Date Order remain in effect, except as expressly modified by this Order.

4. Where the Bar Date Order makes a deadline for a claim affected by amended or supplemented Schedules the later of a specified period and the **Bar Date**, the Extended Bar Date shall be used for that comparison. This Order does not shorten any later deadline arising under the Bar Date Order.

5. The separate Governmental Bar Date is **also extended** by this Order.

6. The Debtors are authorized and directed to provide notice of the Extended Bar Date substantially in the form attached to the Motion as Exhibit B, using the service methods applicable under the Bar Date Order, and to post the notice on their claims agent's case website.

7. The Court retains jurisdiction to interpret and enforce this Order.

# # #

[4] Capitalized terms that are used but not defined herein shall have the meanings ascribed to such terms in the Motion.

**EXHIBIT B**
**Notice of Extended Bar Date**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
**SYRACUSE DIVISION**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| NORTH STAR HEALTH ALLIANCE, INC., *et al*,[5] | : | Case No. 26-60099-5-wak |
| | : | Main Case |
| Debtors. | : | Jointly Administered |
| | : | Case No. 26-30078 |
| | : | Case No. 26-30079 |
| | : | Case No. 26-60100 |

## NOTICE OF EXTENSION OF GENERAL AND GOVERNMENTAL CLAIMS BAR DATES TO NOVEMBER 30, 2026

**PLEASE TAKE NOTICE** that, by order dated [DATE] [Dkt No. ___] (the "Extension Order"), the Bankruptcy Court **extended** the **General and Governmental Bar Dates** for filing proofs of claim against the Debtors from September 30, 2026, to **November 30, 2026, at 5:00 p.m. prevailing Eastern Time.**

**The extension does not change who must file a proof of claim.** It gives additional time only to persons and entities required to file by the Bar Date under the existing bar date order [DATE] [Dkt No. ____] (the 'Bar Date Order") The Bar Date Order and attached Notice of Deadline Requiring Filing of Proofs of Claim continue to govern the filing requirements, exceptions, procedures, and consequences of failing to file, except for the extension stated here.

Creditors whose claim filing deadlines arise from amendments or supplements to the Debtors' Schedules should consult the Bar Date Order to determine their applicable deadline.

Copies of the Bar Date Order, the original notice or motion, the Extension Order, and information about filing a proof of claim are available at https://omniagentsolutions.com/NSHA-Claims or by contacting NSHA@OmniAgent.com.

Dated: October __, 2026 **BY ORDER OF THE COURT**

**BARCLAY DAMON LLP**
*Counsel to Debtors and Debtors-in-Possession*
Janice B. Grubin
Ilan Markus (admitted *pro hac vice*)
1270 Avenue of the Americas, Suite 2310
New York, New York 10020

[5] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Carthage Area Hospital, Inc. (2079); North Star Health Alliance, Inc. (9491); Claxton-Hepburn Medical Center, Inc. (9686); and Meadowbrook Terrace, Inc. (2458).